**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 2:10-CV-00029 |
| CANON INC., et al., | § § § § | |
| Defendants. | § § | JURY TRIAL DEMAND |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF FUJIFILM NORTH AMERICA CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant FUJIFILM North America Corporation ("FNAC"), by and through its undersigned attorneys, hereby responds to the First Amended Complaint (hereafter "Complaint") of Plaintiff Princeton Digital Image Corporation, (hereafter "PDIC") with the following Answer, Affirmative Defenses, Counterclaims, and jury demand:

## GENERAL DENIAL

Unless specifically admitted below, FNAC denies each and every allegation in the Complaint.

## RESPONSE TO SPECIFIC ALLEGATIONS

FNAC hereby answers the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

1

**I. PARTIES**[1]

1.      FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and on that basis denies those allegations.

2.      FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and on that basis denies those allegations.

3.      FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and on that basis denies those allegations.

4.      FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and on that basis denies those allegations.

5.      FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies those allegations.

6.      FNAC denies the allegations contained in paragraph 6 of the Complaint and affirmatively avers that it is a New York corporation.  FNAC admits that paragraph 8 accurately identifies the address of FNAC's principal place of business.

7.      FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and on that basis denies those allegations.

---

[1] The headings in the Complaint are reproduced in this Answer for convenience.   FNAC does not admit, and instead expressly denies, any allegations contained or implied by the headings.

## II. JURISDICTION AND VENUE

8.     This paragraph seeks to characterize and assert legal conclusions regarding PDIC's claims and, therefore, no response is required.  To the extent a response is nonetheless deemed to be required, FNAC admits that the Complaint purports to assert claims arising under 35 U.S.C. § 271, et seq.

9.     FNAC admits that this Court has subject matter jurisdiction over this action.

10.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

11.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

12.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

13.     FNAC admits that this Court has personal jurisdiction over FNAC.  FNAC denies that it has committed any act of infringement in this judicial district.  Further, to the extent the allegations in this paragraph purport to assert legal conclusions, FNAC also denies those allegations on that basis.

14.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be

required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

15.     FNAC admits that venue in this district over FNAC is permissible under 28 U.S.C. § 1391(c) and (d) and § 1400(b), although this district is not the most convenient or most appropriate forum for this action.

### III. BACKGROUND

16.     FNAC admits that Exhibit "A" to the Complaint appears to be a copy of U.S. Patent No. 4,860,103 (hereafter "the '103 patent"), entitled "Video Level Control."  FNAC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies these allegations.  Further, to the extent the allegations in this paragraph purport to assert legal conclusions, FNAC also denies these allegations on that basis.

17.     FNAC admits that Exhibit "B" to the Complaint appears to be a copy of U.S. Patent No. 4,813,056 (hereafter "the '056 patent"), entitled "Modified Statistical Coding of Digital Signals."  FNAC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies these allegations.  Further, to the extent the allegations in this paragraph purport to assert legal conclusions, FNAC also denies these allegations on that basis.

18.     FNAC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies these allegations.  Further, to the extent the allegations in this paragraph purport to assert legal conclusions, FNAC also denies these allegations on that basis.

19.     FNAC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies these allegations.  Further,

to the extent the allegations in this paragraph purport to assert legal conclusions, FNAC also denies these allegations on that basis.

## IV. INFRINGEMENT OF THE '103 PATENT

## A. CANON DEFENDANTS

20.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

21.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

22.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

23.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

## B.  EASTMAN KODAK

24.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the

5

allegations in this paragraph, and on that basis denies these allegations.

25.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

26.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

27.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

## C.  HEWLETT-PACKARD

28.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

29.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

30.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be

required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

31.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

## D.  FUJIFILM NORTH AMERICA CORPORATION

32.    FNAC denies the allegations of paragraph 32 of the Complaint.

33.    FNAC denies the allegations of paragraph 33 of the Complaint.

34.    FNAC denies the allegations of paragraph 34 of the Complaint.

35.    FNAC denies the allegations of paragraph 35 of the Complaint.

## V. INFRINGEMENT OF THE '056 PATENT

## A. CANON DEFENDANTS

36.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

37.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

38.    The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the

7

allegations in this paragraph, and on that basis denies these allegations.

39.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

## B. EASTMAN KODAK

40.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

41.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

42.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

43.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

## C. HEWLETT-PACKARD

44.     The allegations in this paragraph relate to a defendant other than FNAC and,

therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

45.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

46.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

47.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

### D. FUJIFILM NORTH AMERICA CORPORATION

48.     FNAC denies the allegations of paragraph 48 of the Complaint.

49.     FNAC denies the allegations of paragraph 49 of the Complaint.

50.     FNAC denies the allegations of paragraph 50 of the Complaint.

51.     FNAC denies the allegations of paragraph 51 of the Complaint.

### E. XEROX INTERNATIONAL PARTNERS

52.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in this paragraph, and on that basis denies these allegations.

53.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

54.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

55.     The allegations in this paragraph relate to a defendant other than FNAC and, therefore, no response is required. To the extent a response is nonetheless deemed to be required, FNAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies these allegations.

## PRAYER FOR RELIEF

FNAC denies that PDIC is entitled to any relief whatsoever against FNAC in this action, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

### First Defense: Non-Infringement

FNAC has not and does not willfully or otherwise infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the '103 patent or the '056 patent (collectively, the "patents-in-suit").

### Second Defense: Invalidity

Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or

more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention.

### Third Defense: Estoppel and Waiver

As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit, specifically the admissions, representations, and amendments made on behalf of the applicants for the patents, PDIC is estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by FNAC.

### Fourth Defense: Failure to State a Claim

The Complaint fails to state any claim against FNAC upon which relief may be granted.

### Fifth Defense: Lack of Standing

On information and belief, PDIC lacks standing to bring a patent infringement action based on the patents-in-suit and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

### Sixth Affirmative Defense:  Lack of Standing to Sue for Past Damages

On information and belief, PDIC lacks standing to sue for past damages based on the terms of its agreement with General Electric Company, the prior owner of the patents-in-suit.

### Seventh Defense: Costs Barred

PDIC is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### Eighth Affirmative Defense: Laches and Waiver

PDIC's claims under the patents-in-suit are barred by the doctrine of laches due to Princeton's (and any of predecessors'-in-interest) knowledge of FNAC's allegedly infringing

actions, and its unjustified failure to pursue their infringement claims diligently and timely from the time they became aware they had claims against FNAC. FNAC has been both economically and materially prejudiced and/or injured from Princeton's (and any of its predecessors'-in-interest) inexcusable lack of diligence, including (without limitation) through the loss of records of third parties pertaining to the prior art, and the unreliability of the memories of witnesses who otherwise possess knowledge of the technology at issue.

## COUNTERCLAIMS

FNAC, for its counterclaims against PDIC, alleges as follows:

## GENERAL ALLEGATIONS

1.      Paragraphs 1 through 51 of this answer, FNAC's response to prayer for relief, and the affirmative defenses raised by FNAC, are incorporated by reference as though fully pleaded herein.

2.      Counterclaimant FUJIFILM North America Corporation is a corporation organized and existing under the laws of New York, with a principal place of business located in Valhalla, New York.

3.      Plaintiff and counterclaim defendant PDIC alleges in its complaint that it is a corporation organized and doing business under the laws of Texas, having its offices in Longview, Texas.

4.      PDIC alleges that it is the sole owner of U.S. Patents Nos. 4,860,103 and 4,813,056 (collectively, the "patents-in-suit").

## JURISDICTION AND VENUE

5.      In its counterclaims, FNAC seeks to obtain a judgment declaring that the patents-in-suit are invalid and not infringed by FNAC. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, Title 28

of the United States Code, §§ 2201 and 2202, and Title 35 of the United States Code.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue in this district is permissible under 28 U.S.C. § 1391(c) and (d) and § 1400(b).

## FIRST COUNTERCLAIM

(Declaratory Judgment of Non-Infringement)

8.     Paragraphs 1 through 9 are incorporated by reference as though fully pleaded herein.

9.     FNAC's products do not infringe, either directly or indirectly, any claim of the patents-in-suit, either literally or under the doctrine of equivalents, and FNAC is not liable for infringement thereof, and FNAC's actions do not infringe, contribute to the infringement of, or actively induce others to infringe, any claim of the patents-in-suit.

10.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between FNAC and PDIC concerning whether FNAC infringes or contributes to the infringement of, the patents-in-suit. Absent a declaration of non-infringement, PDIC will continue to wrongfully assert the patents-in-suit against FNAC and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause FNAC irreparable injury and damage.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity)

11.    Paragraphs 1 through 12 are incorporated by reference as though fully pleaded herein.

12.    The patents-in-suit, and each claim thereof are invalid for failure to comply with

the requirements of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

13.    An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between FNAC and PDIC concerning the validity of the patents-in-suit. Absent a declaration of invalidity, PDIC will continue to assert the patents-in-suit against FNAC and others, including its customers, in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause FNAC irreparable injury and damage.

## PRAYER FOR RELIEF

WHEREFORE as to its Counterclaims, FNAC prays for judgment:

### On Plaintiff's Claims

A.    Enter judgment in FNAC's favor, and against PDIC, thereby dismissing PDIC's Complaint in its entirety, with prejudice, with PDIC taking nothing by way of its claims;

B.    Find that each of the claims of the patents-in-suit is not infringed, either willfully or otherwise, by any actions of FNAC or its customers, suppliers, users, licensees, vendors or vendees, or others using its products either alone or in combination with any other product;

C.    Find that each of the claims of the patents-in-suit is invalid and/or unenforceable;

D.    Deny all of PDIC's requests for injunctive relief;

E.    Enjoin PDIC, its assigns, licensees, and all those in privity therewith from asserting any of the patents-in-suit against FNAC or its customers, affiliates, and all others in privity with FNAC;

F.    Declare that this case is an exceptional case under 35 U.S.C. § 285 and award FNAC its costs, attorneys' fees, and expenses; and

G.    Grant FNAC such other and further relief as this Court deems just and proper under the circumstances.

On Defendant's Counterclaims

H.      Enter judgment against PDIC and in favor of FNAC with respect to FNAC's

counterclaims;

I.      Declare that FNAC and its customers, affiliates, and all others in privity with

FNAC do not infringe and have not infringed any of the claims of the patents-in-suit;

J.      Declare that the patents-in-suit asserted by PDIC are invalid;

K.      Declare that PDIC, its assigns, licensees, and all those in privity therewith are,

collectively and individually, barred from asserting infringement of the patents-in-suit against or

collecting damages from FNAC or its customers, affiliates, and all others in privity with FNAC;

L.      Declare that this case is an exceptional case under 35 U.S.C. § 285 and award

FNAC its costs, attorneys' fees, and expenses; and

M.      Grant FNAC such other and further relief as this Court deems just and proper

under the circumstances.

## JURY DEMAND

FNAC demands a trial by jury as to all issues so triable.

Dated: May 28, 2010                                       Respectfully submitted,

                                                           _/s/ Steven J. Routh_
                                                          Steven J. Routh (D.C. Bar # 376068)
                                                          srouth@orrick.com
                                                          LEAD ATTORNEY

                                                          Sten A. Jensen (D.C. Bar # 443300)
                                                          sjensen@orrick.com
                                                          Trevor C. Hill (D.C. Bar #  980777)
                                                          thill@orrick.com
                                                          ORRICK, HERRINGTON &
                                                          SUTCLIFFE LLP
                                                          1152 15th Street, NW
                                                          Washington DC  20005

Telephone:      +1-202-339-8400
Facsimile:      +1-202-339-8500

John R. Inge (State Bar # 236515)
jinge@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo 106-6028 Japan
Telephone:      +81-3-3224-2900
Facsimile:      +81-3-3224-2901

*Attorneys for Defendant Fujifilm
North America Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on May 28, 2010, a copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF FUJIFILM NORTH AMERICA CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND was filed electronically via ECF.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Trevor C. Hill*
Trevor C. Hill
ORRICK, HERRINGTON, &
SUTCLIFFE LLP
1152 15th Street, NW
Washington DC 20005