# DuaneMorris[*]

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

WESLEY W. YUAN
DIRECT DIAL: +1 713 402 3911
PERSONAL FAX: +1 713 402 39001
E-MAIL: WWYuan@DuaneMorris.com

www.duanemorris.com

March 8, 2012

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-12-12
```

**VIA EMAIL**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007
Email: sullivannysdchambers@nysd.uscourts.gov

**MEMO ENDORSED**

Re: *Princeton Digital Image Corporation v. Hewlett-Packard Company, et al*
Case No. 1:12-CIV-00779 (RJS)

Dear Judge Sullivan:

We represent Princeton Digital Image Corporation ("PDIC") in this lawsuit. PDIC submits this pre-motion letter setting forth the basis for PDIC's Motion for Issuance of Letter Rogatory. Hewlett-Packard Company ("HP") has represented that they are not opposed to such a motion. Therefore, PDIC respectfully request that the issue presented in this letter be added to the Court's docket for discussion at the hearing before the court on March 15, 2012.

By way of background, PDIC commenced this action against Hewlett-Packard Company ("HP"), among other defendants, alleging patent infringement. Specifically, PDIC accuses HP of infringing U.S. Patent No. 4,813,056 ("the '056 patent"), which teaches a method of encoding image data into a JPEG file, and U.S. Patent No. 4,860,103 ("the '103 patent"), which teaches a method and apparatus for automatic gain control and/or exposure control for digital image processing.

PDIC alleges that HP makes and sells, *inter alia*, digital still cameras that either encode image data into a JPEG file in a manner that infringes the asserted claims of the '056 patent or implement automatic exposure control and/or automatic gain control for digital image processing in a manner that infringes the asserted claims of the '103 patent.

DUANE MORRIS LLP
1330 POST OAK BOULEVARD, SUITE 800   HOUSTON, TX 77056-3166          PHONE: +1 713 402 3900  FAX: +1 713 402 3901

Honorable Richard J. Sullivan
March 8, 2012
Page 2

DuaneMorris

PDIC served HP with interrogatories, Interrogatory No. 3 of which requested that HP identify, for certain products made, used, sold or offered for sale in the United States by HP, the documents which show the manner in which those products "implement[] automatic exposure control of an image, including for the purpose of scene analysis and/or based on illumination of the image, including different amounts of illumination, changes in illumination, variance in illumination, similar amounts of illumination, and localized areas of high or low illumination."

Moreover, Interrogatory No. 6 requested that HP identify those documents which "correctly illustrate or describe its operation as to the manner in which the JPEG Product encodes image data into JPEG image files, including documents that illustrate, describe or identify codewords that are used to encode image data into JPEG image files, algorithms that are used to encode image data into JPEG image files, and each entity or source that developed or provided the codewords and algorithms."

In response to Interrogatory No. 3, HP stated in part with respect to accused Original Equipment Manufacturers' ("OEM") cameras: "For the accused M527 camera and other cameras . . . whose product model names start with "m", those cameras are OEM products, i.e., are products designed and manufactured by Original Equipment Manufacturers and not HP. HP was not provided with source code or detailed information for these cameras. Thus, HP cannot answer this interrogatory...."

Similarly, in response to Interrogatory No. 6, HP stated in part: "For accused OEM cameras, such as the M527, HP does not have the relevant code. For example, for the M527 camera, **Altek** wrote the firmware. The M527 used an ASIC designed by **Altek** called Sunny version 6.2. HP did not have a block diagram for Sunny version 6.2, but had a block diagram for Sunny 2/Sunny3-2 (HP0000376-HP0000377) . . . ." (emphasis added).

It is undisputed by HP that the information PDIC seeks is likely to lead to the discovery of admissible evidence. Indeed, the information retained by Altek is essential to PDIC's claims because the information is essential to demonstrating both the process of automatic exposure control and the process of encoding digital image data into a JPEG file format. Based on HP's interrogatory response, HP cannot respond to the interrogatories because it does not have the information, and the information may only be obtained from Altek.

PDIC filed a motion for issuance of Letter Rogatory while the case was pending in the United States District Court, Eastern District of Texas. HP was opposed to the motion for issuance of Letter Rogatory because, *inter alia*, HP believed that the proper court to issue the Letter Rogatory was the Southern District of New York. HP represented to PDIC and this Court in the Joint Letter to the Court, dated February 17, 2012, that HP is not opposed to a motion for issuance of Letter Rogatory as long as the Letter Rogatory is issued from the Southern District of New York instead of the Eastern District of Texas. PDIC has revised is Motion for Letter Rogatory to reflect this change.

DuaneMorris

Honorable Richard J. Sullivan
March 8, 2012
Page 3

Pursuant to Federal Rule of Civil Procedure 28(b)(1), PDIC seeks an issuance of Letter Rogatory from this court to the Appropriate Judicial Authority of Taiwan to obtain information from the Taiwanese entity Altek Corporation, located at No. 12, Li Hsing Road, Science Based Industrial Park, 30078 Hsinchu City, Hsinchu County, Taiwan. The court rules and federal statutes fundamentally support the issuance of Letters Rogatory by a federal court. Federal Rule of Civil Procedure 28(b)(1) provides that a deposition may be taken in a foreign country pursuant to the issuance of a Letter Rogatory, and 28 U.S.C. § 1781(b)(2) provides that a tribunal in the United States may directly transmit a Letter Rogatory or request to a foreign or international tribunal.

Accordingly, PDIC respectfully seeks leave to file its Unopposed Motion for Issuance of Letter Rogatory.

Respectfully submitted,

By:   /s/ Wesley W. Yuan
      Wesley W. Yuan (*pro hac vice*)
      **Duane Morris, LLP**
      1330 Post Oak Blvd, Suite 800
      Houston, Texas 77056
      Telephone: (713) 402-3900
      Facsimile:  (713) 583-9623

Pursuant to my Individual Practices, Defendants shall respond to
Plaintiff's pre-motion letter no later than March 14, 2012. The Court
will address Plaintiff's contemplated motion at the pre-motion conference
scheduled for Friday, March 16, 2012 at 10:00 a.m.

cc:   all counsel of record (*via e-mail*)

SO ORDERED
Dated: 3/9/12
RICHARD J. SULLIVAN
U.S.D.J.