```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-27-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCETON DIGITAL IMAGE
CORPORATION,

                Plaintiff,

-v-

HEWLETT-PACKARD, *et al.*,

                Defendants.

No. 12 Civ. 779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

By motion dated March 23, 2012, Defendants Hewlett-Packard Company, Fujifilm North America Corporation, and Xerox International Partners ("Defendants") requested that certain portions of their motion to dismiss for lack of standing be filed under seal. Specifically, Defendants assert that their memorandum of law and certain exhibits attached to the declaration of Sean C. Cunningham "contain information that was designated by Princeton Digital Image Corporation as 'Attorney's Eyes Only'" and that accordingly, "such documents should be filed under seal pursuant to Paragraph 9 of the Protective Order entered in this case."

Although the Court is generally mindful of the nature of this action and the potential privacy interests of the parties, the fact that the parties have designated certain documents as confidential among themselves does not mean that they have rebutted the "strong presumption of public access to court records" that exists in federal courts. *Video Software Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) (citing *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597-98 (1978)). Indeed, existence of a confidentiality agreement between the parties does not absolve the Court of its obligation to conduct its own review of the documents in question and the reasons advanced for their sealing. This presumption of public access applies to

all judicial documents, meaning documents "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Accordingly, Defendants' request to place certain portions of the motion to dismiss under seal is denied without prejudice to renewal. Of course, the parties are invited to make an additional submission stating the reasons under *Lugosch* that justify such treatment for the documents in question. *See Lugosch*, 435 F.3d at 120 (noting that "countervailing factors" to the presumption of open records "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure") (internal quotation marks omitted)).

SO ORDERED.

Dated:   March 26, 2012
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2