IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
PRINCETON DIGITAL IMAGE CORPORATION, )
                                                   )
    PLAINTIFF, )
                                                   )
V. )
                                                   )CASE NO.: 1:12-CV-00779-RJS
HEWLETT-PACKARD COMPANY, )
FUJIFILM NORTH AMERICA )
CORPORATION F/K/A FUJIFILM U.S.A., )
INC. AND XEROX INTERNATIONAL )
PARTNERS, )
                                                   )
    DEFENDANTS. )
------------------------------------------------------------

## ADDITIONAL SUBMISSION STATING JUSTIFICATIONS FOR FILING A REDACTED PUBLIC VERSION OF DOCUMENTS

      Plaintiff Princeton Digital Image Corporation ("PDIC"), by and through the undersigned counsel, Duane Morris LLP, hereby submits this additional submission in support of defendants Hewlett-Packard Company, Fujifilm North America Corporation, and Xerox International Partners' ("Defendants) Motion to File Under Seal Certain Portions of Motion to Dismiss for Lack of Standing Pursuant to Federal Rule of Civil Procedure 12(b)(1) and stating the reasons under *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119 (2d Cir. 2006), that justify Defendants' request.  In addition, PDIC respectfully requests that it be permitted to file under seal certain portions of its papers in opposition to Defendants' motion to dismiss.

## FACTUAL BACKGROUND

      In their motion to file documents under seal, Defendants sought to preserve the confidentiality of three chain-of-title documents, specifically, Exhibits A, D, and F attached to the declaration of Sean Cunning in Support of Defendants' Motion to Dismiss for Lack of Standing (the "Protected Documents").  The Protected Documents concern highly confidential

transactions that involve persons who are not parties to this litigation. Indeed, the agreements attached as Exhibits A and D include clauses whereby the parties to those agreements expressly stated that confidentiality was a term of those agreements. *See* Ex. A at ¶ 7; Ex. D at ¶ 5.7. Accordingly, the Protected Documents were designated as "Confidential – Outside Attorneys Eyes Only" by PDIC pursuant to the Protective Order that was entered by this Court on March 22, 2012.

Although the Protective Order allows for the parties to challenge the designation of confidential material, thus shifting the burden to the designating party to object to the disclosure and, if the parties are unable to resolve the issue, to file a motion to preclude such disclosure, *see* Dkt. # 213 at ¶ 10, 11, Defendants never challenged PDIC's designation of Protected Documents. Instead, Defendants filed their motion to file certain portions of their motion to dismiss under seal. *See* Dkt. # 217. This Court denied Defendants' motion to file under seal on the grounds that there was a presumption of public access that applied to judicial documents, citing *Lugosch*, 435 F.3d at 119-20 (2d Cir. 2006). *See* Dkt. # 225. The Court then ordered Defendants to re-file an un-redacted version of their memorandum of law in support Defendants' motion to dismiss by April 12, 2012. *See* Dkt. # 226. However, it is PDIC, not Defendants, who are harmed by the disclosure of the Protected Documents. Accordingly, PDIC respectfully submits this additional submission in support of Defendants' motion to file certain portions of their motion to dismiss under seal. In addition, the justifications for filing the Protected Documents under seal with respect to Defendants' motion to dismiss apply equally to PDIC's opposition to Defendants' motion to dismiss. The filing of un-redacted briefs regarding the ownership of the patents at issue will cause commercial and competitive harm not only to PDIC but also to other parties referenced in the chain-of-title documents.

## ARGUMENT

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*; *U.S. v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) ("Although there is a presumption favoring access to judicial records, the fact that a document is a judicial record does not mean that access to it cannot be restricted.").

The presumption of access to any particular document must be measured by reference to "'the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts,'" and, moreover, must be balanced against "countervailing factors" favoring confidential treatment, including "'the privacy interests of those resisting disclosure.'" *Lugosch,* 435 F.3d at 119-20 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049-50 (2d Cir. 1995). The factors underlying this analysis weigh decidedly in favor of preserving the confidentiality of the Protected Documents.

First, the Protected Documents have no value to those monitoring federal courts. Indeed, PDIC's designation of the documents at issue is not being challenged, not by Defendants and not by anyone else. The concerns in *Lugosch* are simply not present here. In *Lugosch,* certain news organizations, Herald Company and Capital Newspapers Division of the Hearst Corporation, sought public access to information concerning various financial improprieties in the business operations of defendants who were lobbying the state legislature and the governor to obtain preferred treatment. *Lugosch*, 435 F.3d at 123. The newspaper organizations in *Lugosch*, as institutions that monitor the courts' exercise of its Article III powers, argued that withholding judicial documents from the press posed serious First Amendment concerns. The Second Circuit agreed. In contrast, in the instant case the press has shown no interest in the Protected

Documents at issue in Defendants' motion. Accordingly, unlike in *Lugosch*, there are no First Amendment concerns in the instant case.

Second, countervailing factors favor confidential treatment of the Protected Documents. The privacy interests of the parties' whose confidential business interests are the subject of the Protected Documents greatly outweigh the presumption of access. Disclosure of the Protected Documents would cause competitive harm to the persons involved in the transactions memorialized in the Protected Documents. Indeed, there is a long history of courts routinely protecting confidential business information, with the Federal Rules of Civil Procedure providing protection for "confidential commercial information" in order to "secure the just, speedy, and inexpensive determination" of civil disputes. *See United States v. Davis*, 702 F.2d 418, 420 (2d Cir. 1983) (quoting *Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291, 295 (2d Cir. 1979)); *see also Maritime Cinema Serv. Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587 (S.D.N.Y. 1973) (protecting contracts designated as confidential); *ABC Rug & Carpet Cleaners, Inc.*, 2009 U.S. Dist. Lexis 2314, at *6-10 (S.D.N.Y. Jan. 14, 2009) (protecting customer lists from disclosure); *Vesta Corset Co., Inc. v. Carmen Foundations, Inc.*, 1999 U.S. Dist. Lexis 124, at *4-9 (S.D.N.Y. Jan. 12, 1999); *Tavoulareas v. Washington Post Co.*, 111 F.R.D. 653, 661 (D.D.C. 1986) (protecting noncurrent business information as its disclosure would impair ability to competitively do business in the future); *Magnavox Co. v. Mattel, Inc.*, No. 80-4124 (N.D.Ill. March 24, 1981) (protecting agreements between patentee and licensees and royalty reports). Similarly, the Protected Documents concern the rights and obligations of persons who would be commercially and competitively harmed should this information be disclosed to the public. It is important to note that such disclosure would cause competitive

harm not only to PDIC but also to the third parties that are the subject of the Protective Documents.

Furthermore, the disclosure of the documents at issue would undermine the protective order and thus the parties' ability to conduct meaningful discovery.  *See* 8 Charles Alan Wright et al., Federal Practice & Procedure § 2044.1 ("changing the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery").  Indeed, as the Second Circuit has held, "[i]t is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."  *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001).  The parties have justifiably relied on the protective order and to now undermine it would be presumptively unfair.  Indeed, numerous third parties, whose confidential information will be relied upon in litigating this case, must rely on the protective order in disclosing vast amounts of sensitive business information to actual or would-be competitors.  Allowing the parties to shed their obligations once they are no longer convenient would pose concerns that greatly outweigh any concern for the public disclosure of the three confidential documents at issue.

## CONCLUSION

To conclude, this Court has ordered Defendants to file an un-redacted version of their brief in support of their motion to dismiss.  Defendants' brief discloses commercial information with respect to the Protected Documents, the public disclosure of which will cause commercial and competitive harm not only to PDIC but also to other parties referenced in the Protected Documents.  For the above stated reasons, PDIC requests that the Court grant Defendants' motion to file under seal certain portions of their motion to dismiss and to permit PDIC to also file under seal certain portions of its papers in opposition to Defendants' motion to dismiss.

5

Dated:  April 12, 2012     Respectfully submitted,

By:  /s/_____
R. Terry Parker
**DUANE MORRIS, LLP**
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1089
Facsimile:  (212) 214-0725

Gregory M. Luck, P.C.(*admitted pro hac vice*)
Thomas W. Sankey, P.C. (*admitted pro hac vice*)
Diana M. Sangalli (*admitted pro hac vice*)
Wesley W. Yuan (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
1330 Post Oak Blvd, Suite 800
Houston, Texas 77056
Telephone: (713) 402-3900
Facsimile:  (713) 583-9623

Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1299
Facsimile: (215) 689-4942

Kristina Caggiano (*pro hac vice*)
**Duane Morris, LLP**
Suite 1000
505 9th Street, N.W.
Washington, DC 20004-2166
Telephone: (202) 776-5284
Facsimile:  (202) 2478-2965

**ATTORNEYS FOR PLAINTIFF,
PRINCETON DIGITAL IMAGE
CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that pursuant to Fed. R. Civ. P. 5(d) all counsel of record were served with a correct copy of the foregoing by CM/ECF Electronic Service on this the 12th day of April 2012.

William H. Mandir ( wmandir@sughrue.com)
Yoshinari Kishimoto (ykishimoto@sughrue.com)
Brian K. Shelton (bshelton@sughrue.com)
Kelly G Hyndman(kghyndman@sughrue.com)
John F Rabena (jrabena@sughrue.com)
Mark J. Deboy (mdeby@sughrue.com)
**Sughrue Mion PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037

J. Thad Heartfield (thad@jth-law.com)
M. Dru Montgomery    (dru@jth-law.com)
**The Heartfield Law Firm**

Richard A.Williamson (rwilliamson@fzwz.com)
Craig S. Kesch (ckesch@fzwz.com)
**Flemming Zulack Williamson Zauderer, LLP**
One Liberty Plaza
New York, NY 10006

**Attorneys for Defendant**
**Xerox International Partners**

Steven J. Routh (srouth@orrick.com)
Sten A. Jensen (sjensen@orrick.com)
**Orrick, Herrington & Sutcliffe LLP**
1152 15th Street, NW
Washington DC  20005

Clifford R. Michel (cmichel@orrick.com)

**Attorneys for Defendant**
**Fujifilm North America Corporation**

Brian K. Erickson (brian.erickson@dlapiper.com)
**DLA Piper US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799

Erin P. Gibson (erin.gibson@dlapiper.com)

Sean C. Cunningham (scunningham@graycary.com)
Gray Cary Ware & Freidenrich, LLP
4365 Executive Dr., Suite 1100
San Diego, CA 92101

**Attorneys for Defendant**
**Hewlett-Packard Company**

/s/_____
R. Terry Parker

DM2\3496110.2

8