IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | ) CASE NO.: 1:12-CV-00779-RJS |
| HEWLETT-PACKARD COMPANY, | ) |
| FUJIFILM NORTH AMERICA | ) |
| CORPORATION F/K/A FUJIFILM U.S.A., | ) |
| INC. AND XEROX INTERNATIONAL | ) |
| PARTNERS, | ) |
| | ) |
|     DEFENDANTS. | ) |

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ISSUANCE OF LETTER ROGATORY

Plaintiff Princeton Digital Image Corporation ("PDIC"), by and through the undersigned counsel, Duane Morris LLP, moves this Honorable Court pursuant to Rule 28(b)(1)(B) of the Federal Rules of Civil Procedure for the issuance of a Letter Rogatory directed to the Appropriate Judicial Authority of Taiwan, requesting the assistance in the issuance of a subpoena to compel Altek Corporation ("Altek"), located at No. 12, Li Hsing Road, Science Based Industrial Park, 30078 Hsinchu City, Hsinchu County, Taiwan, to produce documents and appear for a deposition for use as evidence in this case. The issuance of a Letter Rogatory is proper under the circumstances because the production of documents by Altek concerning certain digital cameras and digital camera components involved in this patent infringement litigation and deposition testimony of an Altek representative are necessary to PDIC's claims. A subpoena duly issued under the laws of Taiwan is appropriate under the circumstances.

**FACTUAL BACKGROUND**

PDIC commenced this action against Hewlett-Packard Company ("HP"), among other defendants, alleging patent infringement. Specifically, PDIC accuses HP of infringing U.S. Patent No. 4,813,056 ("the '056 patent"), which teaches a method of encoding image data into a JPEG file, and U.S. Patent No. 4,860,103 ("the '103 patent"), which teaches a method and apparatus for automatic gain control and/or exposure control for digital image processing.

PDIC alleges that HP makes and sella digital still cameras, digital scanning products, photo editor products or computer products that either encode image data into a JPEG file in a manner that infringes the Asserted Claims of the '056 patent or implement automatic exposure control and/or automatic gain control for digital image processing in a manner that infringes the Asserted Claims of the '103 patent.

PDIC served HP with interrogatories which requested that HP identify, for certain products made, used, sold or offered for sale in the United States by HP, the documents which show the manner in which those products "*implement[] automatic exposure control of an image*, including for the purpose of scene analysis and/or based on illumination of the image, including different amounts of illumination, changes in illumination, variance in illumination, similar amounts of illumination, and localized areas of high or low illumination." (*See* Declaration of R. Terry Parker ("Parker Decl."), **Exhibit A**, HP's Second Supplemental Responses to First Set of Interrogatories (Nos. 1-6, 8, 13) (emphasis added).

The interrogatories also requested that HP identify those documents which "correctly illustrate or describe its operation as to the manner in which the JPEG Product encodes image data into JPEG image files, *including documents that illustrate, describe or identify codewords that are used to encode image data into JPEG image files, algorithms that are used to encode*

image data into JPEG image files, *and each entity or source that developed or provided the codewords and algorithms."* (*See* Parker Decl., Ex. A, Interrogatory No. 6) (emphasis added). HP does not dispute that the information requested by Interrogatory No. 6 is relevant to PDIC's claims in this litigation or likely to lead to the discovery of admissible evidence. (*See* Yuan Decl., Ex. A).

In response to Interrogatory 3, HP stated in part with respect to accused Original Equipment Manufacturers' ("OEM") cameras:

> For the accused M527 camera and other cameras . . . whose product model names start with "m", those cameras are OEM products, i.e., are products designed and manufactured by Original Equipment Manufacturers and not HP. HP was not provided with source code or detailed information for these cameras. Thus, HP cannot answer this interrogatory. . . .

(*See* Ex. A, First Supplemental Response to Interrogatory No. 3) (emphasis added).

Similarly, in response to Interrogatory 6, HP stated in part:

> For accused OEM cameras, such as the M527, HP does not have the relevant code. For example, for the M527 camera, **Altek wrote the firmware. The M527 used an ASIC designed by Altek called Sunny version 6.2**. HP did not have a block diagram for Sunny version 6.2, but had a block diagram for Sunny 2/Sunny3-2 (HP0000376-HP0000377).

(*See* Parker Decl., Ex. A, Second Supplemental Response to Interrogatory No. 6) (emphasis added).

It is undisputed by HP that the information PDIC seeks is likely to lead to the discovery of admissible evidence. Indeed, the information retained by Altek is essential to PDIC's claims because the information is essential to demonstrating both the process of automatic exposure control and the process of encoding digital image data into a JPEG file format. Based on HP's interrogatory response, HP cannot respond to the interrogatories because it does not have the

3

information, and the information may only be obtained from Altek and is unavailable from any other source.

## II.
## ARGUMENT

Courts are inherently vested with the authority to issue Letters Rogatory to foreign nations. *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Indeed, courts may request that the foreign nation order that a witness provide testimony that will aid in the resolution of a matter pending in the United States. *See United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993). A Letter Rogatory can also include requests for the production of documents. *Reagan*, 453 F.2d at 168 (affirming district court's issuance of Letters Rogatory seeking documents from investigation conducted by German authorities). The court rules and federal statutes fundamentally support the issuance of Letters Rogatory by a federal court. Federal Rule of Civil Procedure 28(b)(1) provides that a deposition may be taken in a foreign country pursuant to the issuance of a Letter Rogatory, and 28 U.S.C. § 1781(b)(2) provides that a tribunal in the United States may directly transmit a Letter Rogatory or request to a foreign or international tribunal.

In determining whether to issue a Letter Rogatory for a deposition in a foreign country, the Courts will not ordinarily weigh the evidence to be elicited by the deposition and will not determine whether the witness will be able to give the anticipated testimony. *B&L Drilling Electronics v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978). Some good reason must be shown by the opposing party for a court to deny an application for a Letter Rogatory. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); Wright & Miller, 8 Federal Practice & Procedure, § 2083, text and noted cases at n.22 (1990 Supp.).

Under this standard, PDIC submits that issuance of the attached Letter Rogatory is wholly appropriate. Altek possesses documents and knowledge regarding the hardware, software and firmware for certain accused OEM products that is unavailable from any other source. HP does not dispute that the information sought is relevant and likely to lead to the discovery of admissible evidence. Since Altek is a Taiwan-based company, it is beyond the reach of routine pretrial discovery procedures of this Court. Accordingly, PDIC respectfully requests that a Letter Rogatory be issued to assist in the production of documents by Altek and deposition testimony of an Altek representative as the material and testimony can be compelled by a subpoena duly issued under the laws of Taiwan.

## **CONCLUSION**

For the above stated reasons, the Plaintiff requests that the Court issue the attached Letter Rogatory (**Exhibit 1**) and corresponding certified Mandarin translation (**Exhibit 2**). A proposed Order granting the same is attached hereto.

Respectfully submitted,

By:   */s/*  
Robert Terry Parker  
**DUANE MORRIS, LLP**  
1540 Broadway  
New York, New York 10036  
Telephone: (212) 692-1089  
Facsimile: (212) 214-0725  

Gregory M. Luck, P.C.(*admitted pro hac vice*)  
Thomas W. Sankey, P.C. (*admitted pro hac vice*)  
Diana M. Sangalli (*admitted pro hac vice*)  
Wesley W. Yuan (*admitted pro hac vice*)  
**DUANE MORRIS, LLP**  
1330 Post Oak Blvd, Suite 800  
Houston, Texas 77056  
Telephone: (713) 402-3900  
Facsimile: (713) 583-9623

Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1299
Facsimile: (215) 689-4942

**ATTORNEYS FOR PLAINTIFF,
PRINCETON DIGITAL IMAGE
CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that pursuant to Fed. R. Civ. P. 5(d) all counsel of record were served with a true and correct copy of the foregoing by CM/ECF Electronic Service on this the 12th day of April 2012.

William H. Mandir ( wmandir@sughrue.com)
Yoshinari Kishimoto (ykishimoto@sughrue.com)
Brian K. Shelton (bshelton@sughrue.com)
Kelly G Hyndman(kghyndman@sughrue.com)
John F Rabena (jrabena@sughrue.com)
Mark J. Deboy (mdeby@sughrue.com)
**Sughrue Mion PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037

J. Thad Heartfield (thad@jth-law.com)
M. Dru Montgomery    (dru@jth-law.com)
**The Heartfield Law Firm**

Richard A.Williamson (rwilliamson@fzwz.com)
Craig S. Kesch (ckesch@fzwz.com)
**Flemming Zulack Williamson Zauderer, LLP**
One Liberty Plaza
New York, NY 10006

**Attorneys for Defendant
Xerox International Partners**

Steven J. Routh (srouth@orrick.com)
Sten A. Jensen (sjensen@orrick.com)
**Orrick, Herrington & Sutcliffe LLP**
1152 15th Street, NW
Washington DC  20005

Clifford R. Michel (cmichel@orrick.com)

**Attorneys for Defendant
Fujifilm North America Corporation**

Brian K. Erickson (brian.erickson@dlapiper.com)
**DLA Piper US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799

Erin P. Gibson (erin.gibson@dlapiper.com)

Sean C. Cunningham (scunningham@graycary.com)
Gray Cary Ware & Freidenrich, LLP
4365 Executive Dr., Suite 1100
San Diego, CA 92101

**Attorneys for Defendant
Hewlett-Packard Company**

                                                                     */s/* R. Terry Parker           
                                                                     R. Terry Parker