UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-12-12
```

PRINCETON DIGITAL IMAGE
CORPORATION,

      Plaintiff,

-v-

HEWLETT-PACKARD, *et al.*,

      Defendants.

No. 12 Civ. 779 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, District Judge:

  The Court is in receipt of a submission from Plaintiff, purporting to state justifications for filing a redacted public version of documents in the above-captioned matter. (Doc. No. 229.) Plaintiff argues that "[d]isclosure of the Protected Documents would cause competitive harm to the persons involved in the transactions memorialized in the Protected Documents" and points to a "long history of courts routinely protecting confidential business information." Moreover, Plaintiff argues that "the disclosure of the documents at issue would undermine the protective order [between the parties]" and would allow "the parties to shed their obligations under it."

  With these conclusory and inapposite assertions, Plaintiff has not overcome the "strong presumption of public access" to judicial documents. *Video Software Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) (citing *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597-98 (1978)). As stated in the Court's March 27, 2012 Order (Doc. No. 225), the existence of a confidentiality agreement between the parties does not absolve the Court of its obligation to conduct its own review of the reasons advanced for sealing documents. Indeed, the Second Circuit does not direct courts to blindly defer to the parties, who may be disposed to conduct their litigation outside the public view, even when there is no justification for it. *See id.*

at 27 ("In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need."). Without explanation as to why or how "[d]isclosure of the Protected Documents would cause competitive harm to the persons involved in the transactions," the Court will not grant Plaintiff's request to file redacted public versions of the documents at issue.

Accordingly, IT IS HEREBY ORDERED THAT, if it chooses to, Plaintiff shall file an updated submission stating the reasons to file a redacted public version of the documents at issue no later than Friday, April 23, 2012.

SO ORDERED.

Dated:   April 12, 2012
         New York, New York

                                                 _____
                                                 RICHARD J. SULLIVAN
                                                 UNITED STATES DISTRICT JUDGE