**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | ) |
| | )CASE NO.: 1:12-CV-00779-RJS |
| HEWLETT-PACKARD COMPANY, | ) |
| FUJIFILM NORTH AMERICA | ) |
| CORPORATION F/K/A FUJIFILM U.S.A., | ) |
| INC. AND XEROX INTERNATIONAL | ) |
| PARTNERS, | ) |
| | ) |
| DEFENDANTS. | ) |

-------------------------------------------------------------

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING REEXAMINATION OF THE ASSERTED PATENTS

Plaintiff Princeton Digital Image Corporation ("PDIC") by and through its undersigned counsel hereby files this Opposition to Defendants' Motion to Stay Pending Reexamination of the Asserted Patents ("Motion to Stay").

Defendants fail to identify any new facts and make no additional arguments beyond those set forth in their original letter brief. Significantly, Defendants fail to address the judicial inclination (including that recently demonstrated in the Southern District of New York)[1] to decline to enter a stay in instances of an *ex parte* reexamination in general, and specifically where, as here (1) several claims have already been confirmed; and (2) the patents-in-suit have expired, thus strongly raising the prospect of a loss of evidence.

Defendants would have the Court believe that time and resources should not be "wasted," because whether or not this case will even go forward is questionable. In this connection,

---

[1] *See e.g., Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, et al.*, No. 11-cv-2930 (S.D.N.Y. 2011).

Defendants allude to the imminent dismissal of this case by emphasizing cancelled claims, the inability to amend claims, and issues which "potentially" could be narrowed by waiting for the USPTO's decision. These arguments are disingenuous and purely speculative. Defendants' plea in the alternative for the relief of a six month stay "after which the Court may reassess the progress of the reexaminations" tellingly demonstrates that this motion is <u>not</u> about a genuine desire to facilitate the conduct of the litigation, but rather to continue to postpone the progress of this case toward trial.

Even if the Court is to take Defendants' request for a stay at face value, the possible benefits recited by Defendants do not warrant the delay. Defendants' duplicitous argument rests on far-reaching speculation, while blatantly ignoring at least the established facts:

1.    Several of the asserted claims of the '056 patent have already been affirmed by the USPTO and thus, at a minimum, this case will have to be tried regardless of how the PTO will treat the remaining claims;

2.    PDIC will suffer severe prejudice in a delay because the likelihood of lost evidence is particularly high in this case;

3.    This case has been pending over <u>two years</u> and significant time and resources have already been spent.

When comparing what is procedurally certain to what Defendants hypothesize "might be," the factors mandate Defendants' Motion to Stay be denied.

## I.    <u>FACTS</u>

The lawsuit was filed over 26 months ago in January 2010 in the Eastern District of Texas. (Dkt.No. 1)  PDIC and all Defendants served initial disclosures on May 10, 2011. PDIC served initial infringement contentions on April 1, 2011 The Defendants' served initial invalidity contentions on June 2, 2011. The parties exchanged over *three million* pages of documents between July 2011 and September 2011. PDIC propounded interrogatories in April 2011. Defendants' proffered their own written discovery in July and August 2011. PDIC has served

document subpoenas on third parties Microsoft, LEAD Technologies, Texas Instruments and Altek Corporation resulting in the production of several thousand pages of documents. *See Princeton Digital Image Corporation v. Microsoft Corporation;* No. 2:11-mc-00202-MJP (W.D.Wash 2011); *Princeton Digital Image Corporation v. LEAD Technologies, Inc.*, No. 3:12-mc-00026 (W.D.N.C 2012). Third-party actions are now pending against Microsoft and LEAD to compel the production of documents responsive to these outstanding subpoenas. Thus, substantial time and resources have been invested in this case to date.

In August 2011, 18 months after this case was filed, HP filed for an *ex parte* reexamination of the '056 Patent. One month later, in September 2011, HP filed for an *ex parte* reexamination of the '103 Patent.

While this case was pending transfer to the Southern District of New York, the parties entered into an Agreed Motion to Suspend Current Deadlines.  Though this stipulation was clearly limited to *court-ordered* deadlines, Defendants used this stipulation to also unilaterally refuse to participate in all other forms of discovery, erroneously arguing that the suspension of deadlines acted as a general stay of the case. (Dkt No. 154, Def. Hewlett-Packard's Opp. to Pl.'s Mot. for Letter Rogatory).

This case involves various products which practice one or more of the patents-in-suit. Discovery on these products has already proved to be arduous, and PDIC has been forced to file several motions to address Defendants' unwillingness to provide evidence critical to PDIC's case. (*See* Dkt Nos. 90, 97 and 105.)

## II.   ALL FACTORS MILITATE AGAINST A STAY

PDIC agrees with the standard identified by Defendants in determining whether to grant a stay.  When considering staying a case pending the outcome of a reexamination, courts look to: (1) whether a stay will simplify the issues in question; (2) whether it will prejudice or give a

tactical disadvantage to the non-moving party; and (3) whether discovery is complete and a trial date has been set. *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009).

PDIC takes issue, however, with the conclusions reached by Defendants when purportedly applying this standard. On the factual record, it is plain that several of these factors, even when reviewed singularly, give reason for a denial of a stay – namely the significant prejudicial effect of lost evidence or the length of pendency – and that collectively, the analysis overwhelmingly dictates the denial of Defendants' motion.

### A.    In Light of the Already Confirmed Claims, this Case Will Proceed and Will Not Be Simplified by Waiting for the USPTO.

Defendants main argument for a stay is that because the Patent Office has issued preliminary rejections (some final, some non-final and all appealable) of many of the claims at issue, the Court would benefit from waiting for the PTO's outcome, as its job might be made "simpler" as a result of the reexamination determination.[2]

Notwithstanding the notation by PDIC in its supplemental letter brief, Defendants still fail to acknowledge that this case is ready to proceed on at least three already confirmed claims of the '056 patent. Defendants identify no argument why PDIC should have to suspend a resolution as to these claims simply because of the mere *possibility* that other tangentially-related issues may be further simplified for the Court 18-24 months from now.

---

[2] This argument preliminarily ignores Defendants long delay in first seeking reexamination and then a stay of this action. This long (and unexplained) delay strongly suggests that Defendants' motion to stay is motivated by an improper purpose. *See Starlight Assocs. V. Berky-Colortran, Inc.*, No. 77-cv-4525, 1978 U.S. Dist. LEXIS 15540 at *2-3 (S.D.N.Y. Sept. 14, 1978) (denying motion to stay after 15-month delay in filing reexam request); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404,407 (W.D.N.Y. 1999) (finding tactical advantage in delay); *Avago Techs Fiber IP v. Iptronics Inc.*, No. 10-cv-2863, 2011 U.S. Dist. LEXIS 82665, at * 12-13 (N.D. Cal. July 28, 2011) ("the later in the litigation the reexamination request is made, the more likely it is to represent a tactical move for delay")

*Ex parte* reexamination proceedings are pending for 20 months on average. United States Patent and Trademark Office, *Reexamination Operational Statistics* (April 13, 2012 11:06 AM), http://www.uspto.gov/patents/stats/reexamination_operational_statistic_quarter_ending_12_31_2 011.pdf. Thus, Defendants are proposing this case be stayed until May of 2013. At that time, the case would have been pending for more than *three-and-a-half years* and would be not even half-way through the litigation process.[3]

Like they did before the confirmation of claims from the '056 patent, Defendants again speak in absolutes when arguing that this wait will ensure an easier and more efficient process – i.e. "...the case <u>will be</u> simplified through reexamination." In fact, it is statistically *highly unlikely* that the outcome Defendants are proposing will occur. Ninety-two percent (92%) of requests for reexamination are granted. United States Patent and Trademark Office, *Ex Parte Reexamination Historical Statistics* (April 13, 2012 11:06 AM), http://www.uspto.gov/ patents/EP_quarterly_report_ Sept_2011.pdf. However, only <u>12%</u> of those granted result in all of the claims being cancelled. (*Id.*) Moreover, it is already established that complete cancellation will <u>not</u> be the case here, as three of the claims of the '056 patent have already been confirmed. Therefore, it is more likely that claims will remain in the '103 patent than that they will not. *Id.* Defendants' hypotheses are, quite simply, not supported by the numbers.

As alluded to by the Court at the March 16, 2012 hearing, other courts have seen through the quasi-altruistic arguments of movants seemingly trying to preserve judicial economy and viewed a motion for stay as the litigation tactic that it is. They have held that granting a stay because of the <u>possibility</u> the asserted claims could be cancelled during reexamination does "not

---

[3] This timeline does not even account for an appeal to the Federal Circuit of any decision of the Board of Patent Appeals and Interferences, which would potentially add additional years to the stay.

promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Soverain Software LLC v. Amazon. com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); see also *EMG Tech., Inc. v Apple Inc.*, 09-cv-367, Dkt. No. 270, at 5 (E.D. Tex. Nov. 15, 2010). As stated in *Soverain Software* and *EMG*, "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *Soverain Software*, 356 F. Supp. 2d at 663; *EMG Tech.*, 09-cv-367, Dkt. No. 270, at 5.

Likewise, the Court should see Defendants' motion for a stay pending reexam or *in the alternative* a six month stay, as the stall ploy that it is. PDIC has a case on at least three confirmed claims that it should be entitled to proceed on before May 2013. This factor weighs heavily against a stay.

### B.    PDIC Will Suffer Great Prejudice as Evidence is Lost

Management of the court's docket requires "the exercise of judgment, which must weight competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936). This is perhaps the most persuasive prong, as the prejudice that PDIC will suffer as a result of the proposed stay delay is egregious and outweighs any interest Defendant has in "possibly" narrowing the issues for trial.

PDIC highlighted the prejudice a stay would impart as a result of lost evidence in its letter brief to the Court on this matter. Revealingly, Defendants' Motion to Stay did not even address this serious concern, much less attempt to explain why this should not be the most persuasive issue in the Court's analysis. Instead, Defendants, in their Motion – which adds no new analysis, but simply parrots their letter brief to the Court – allege that PDIC will only suffer minimal prejudice as a result of delaying the case, and that as a matter of law, this prejudice alone is not a reason to deny the stay.

- 6 -

This proposition is wrong on both counts. First, PDIC will suffer enormous prejudice – both in the hindrance of its ability to litigate the case effectively due to the loss of evidence and the delay in resolution as to at least the already confirmed claims of the '056 patent. Secondly, courts in this district have found prejudice in the delay itself. *See Robbins v. HH Brown Shoe Co., Inc.*, No. 08-cv-6885, 2009 U.S. Dist. LEXIS 61910, at* 1 (S.D.N.Y. June 30, 2009) (noting that reexaminations can take "years" and finding prejudice therefrom).

As evidenced by the pending motions to compel discovery, Defendants have resisted the discovery process. To this end, Defendants have obdurately refused to produce information relating to the function and operation of the accused products. (*See* Dkt. Nos. 90, 97 and 105). Defendants already wrongfully imposed a unilateral stay in this action as to all discovery prior to transfer. The entry of a stay by the Court will only further hinder the discovery of information or documents regarding the operation of the accused products, which PDIC has already had trouble obtaining. This issue is exacerbated because many of the accused products have been discontinued. In this case, a further delay of this action presents the very real portent that individuals with knowledge of the function and operation of the accused products will become unavailable. The loss of evidence presents tangible prejudice to PDIC in any further delay. *See Gladish v. Tyco Toys, Inc.*, No. 92-cv-1666, 1993 U.S. Dist. LEXIS 20211, at *5-6 (E.D. Cal. Sept. 15, 1993) ("witnesses may become unavailable, their memories may fade, and evidence may be lost while the PTO proceeding takes place."); *see also Affinity Labs*, 2011 U.S. Dist. LEXIS 51668 at *6-7 (denying stay because the movant's delay in seeking reexamination could result in a loss of evidence).

While denying a motion for stay in a similar case where the accused products had been discontinued, the Court rightly concluded:

The possibility of witnesses and evidence loss is heightened in this case because [defendant] admits that it has discontinued at least some of the accused products. When a product is discontinued, it is likely that some of the responsible engineers and other related employees may leave [defendant], rendering obtaining testimony and evidence from them much more difficult.

*Ambato Media, LLC v. Clarion Co.,* 2012 U.S. Dist. LEXIS 7558, at *3 (E.D. Tex. Jan. 23, 2012). The prejudice resultant from the loss of evidence presents a tangible prejudice to PDIC that strongly militates against the entry of a stay.

### C.   The Case Has Been Pending for Over Two Years

This case has been pending for 26 months. As set forth above, the parties have invested considerable resources in discovery, to date. The parties have exchanged initial disclosures, have propounded written discovery and have taken third party discovery. The parties have exchanged almost three million pages of documents. Three motions are currently pending before the Court regarding Defendants' refusal to participate fully in the discovery process. Whereas here the parties have invested substantial resources in the litigation, a stay should be denied. "[C]ourts commonly deny motions to stay pending patent reexamination in cases where substantial proceedings, including discovery, have occurred." *TouchTunes Music Corp. v Rowe Intern. Corp.,* 676 F. Supp. 2d at 177.

The lengthy pendency of this case, the volume of discovery taken, the time and money spent, coupled with the extreme proposition that PDIC not be permitted to proceed on claims that have been *confirmed as valid* for at least another 14 months, weigh strongly against a stay.

### D.   Defendants Did Not and Can Not Demonstrate Any Hardship

In addition to the three factors, courts also look to whether the movant has identified undue prejudice or hardship it would suffer as a result of proceeding when considering a motion to stay. *Mission Abstract Data L.L.C. v. Beasley Broad. Group, Inc.,* 2011 U.S. Dist. LEXIS 130934, at *5-6 (D. Del. Nov. 14, 2011) (citing *Cooper Notification, Inc. v. Twitter, Inc.,* 2010

U.S. Dist. LEXIS 131385, 2010 WL 5149351, at *2 n.2 (D. Del. Dec. 13, 2010) (explaining that failure to articulate clear hardship or inequity weighs against granting stay)).

Sharply contrasted against the hardship and prejudice identified by PDIC, Defendants do not identify *any* hardship that they would suffer if the litigation proceeds. The absence of any prejudice may fully explain Defendants' long (and unexplained) delay in first seeking reexamination and then seeking a stay. Irrespective of Defendants' dubious motives in seeking this relief, because PDIC already has a case against Defendants on the three confirmed claims of the '056 patent, Defendants' participation in this litigation is inevitable. Thus, no possible hardship exists in going forward now. This fourth consideration also weighs against the grant of a stay.

## III.   **CONCLUSION**

PDIC has shown that all factors strongly weigh against a stay. PDIC has three confirmed claims already and its ability to proceed on those and the others that are statistically likely to be confirmed should not be hindered by the mere speculation of a narrowing of the issues. Most importantly, the risk of prejudice to PDIC is extremely great in this instance, for another two years of delay will no doubt seriously impede PDIC's ability to marshal the evidence it needs for trial

For the reasons set forth above, PDIC respectfully requests the Court deny Defendants' Motion to Stay Pending Reexamination of the Asserted Patents.

Dated: April 13, 2012          By:     /s/  R. Terry Parker
                                       Robert Terry Parker
                                       **DUANE MORRIS, LLP**
                                       1540 Broadway
                                       New York, New York 10036
                                       Telephone: (212) 692-1089
                                       Facsimile:  (212) 214-0725

Gregory M. Luck, P.C.(*admitted pro hac vice*)
Thomas W. Sankey, P.C. (*admitted pro hac vice*)
Diana M. Sangalli (*admitted pro hac vice*)
Wesley W. Yuan (*admitted pro hac vice*)
Jennifer Trillsch (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
1330 Post Oak Blvd, Suite 800
Houston, Texas 77056
Telephone: (713) 402-3900
Facsimile:  (713) 583-9623


Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1299
Facsimile: (215) 689-4942

**ATTORNEYS FOR PLAINTIFF,
PRINCETON DIGITAL IMAGE
CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that pursuant to Fed. R. Civ. P. 5(d) all counsel of

record were served with a true and correct copy of the foregoing by CM/ECF Electronic Service

on this the 13th day of April, 2012.


William H. Mandir ( wmandir@sughrue.com)
Yoshinari Kishimoto (ykishimoto@sughrue.com)
Brian K. Shelton (bshelton@sughrue.com)
Kelly G Hyndman(kghyndman@sughrue.com)
John F Rabena (jrabena@sughrue.com)
Mark J. Deboy (mdeby@sughrue.com)
**Sughrue Mion PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037

J. Thad Heartfield (thad@jth-law.com)
M. Dru Montgomery    (dru@jth-law.com)
**The Heartfield Law Firm**

Richard A.Williamson (rwilliamson@fzwz.com)
Craig S. Kesch (ckesch@fzwz.com)
**Flemming Zulack Williamson Zauderer, LLP**
One Liberty Plaza
New York, NY 10006

**Attorneys for Defendant**
**Xerox International Partners**

Steven J. Routh (srouth@orrick.com)
Sten A. Jensen (sjensen@orrick.com)
**Orrick, Herrington & Sutcliffe LLP**
1152 15th Street, NW
Washington DC  20005

Clifford R. Michel (cmichel@orrick.com)

**Attorneys for Defendant**
**Fujifilm North America Corporation**

Brian K. Erickson (brian.erickson@dlapiper.com)
**DLA Piper US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799

Erin P. Gibson (erin.gibson@dlapiper.com)

Sean C. Cunningham (scunningham@graycary.com)
Gray Cary Ware & Freidenrich, LLP
4365 Executive Dr., Suite 1100
San Diego, CA 92101

**Attorneys for Defendant**
**Hewlett-Packard Company**


/s/ R. Terry Parker
R. Terry Parker