IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
PRINCETON DIGITAL IMAGE CORPORATION,  )
                                      )
    PLAINTIFF,                       )
                                      )
V.                                    )
                                      ) CASE NO.: 1:12-CV-00779-RJS
HEWLETT-PACKARD COMPANY,              )
FUJIFILM NORTH AMERICA                )
CORPORATION F/K/A FUJIFILM U.S.A.,    )
INC. AND XEROX INTERNATIONAL          )
PARTNERS,                             )
                                      )
    DEFENDANTS.                      )
-------------------------------------------------------------

## UPDATED SUBMISSION STATING JUSTIFICATIONS FOR FILING REDACTED PUBLIC VERSIONS OF DOCUMENTS

Pursuant to the Court's order dated April 12, 2012, plaintiff Princeton Digital Image Corporation ("PDIC"), by and through the undersigned counsel, Duane Morris LLP, hereby submits this updated submission stating further reasons to file redacted public versions of documents cited in defendants Hewlett-Packard Company, Fujifilm North America Corporation, and Xerox International Partners' ("Defendants") Motion to Dismiss for Lack of Standing Pursuant to Federal Rule of Civil Procedure 12(b)(1) and PDIC's opposition thereto.

### INTRODUCTION

In their motion to file documents under seal, Defendants sought to preserve the confidentiality of Protected Documents[1] which contain commercial information concerning the prices paid for the assignment of the patents-in-suit, the terms of those assignments, as well as the terms of the license that governs certain limited rights in those patents ("Protected

---

[1] Capitalized terms maintain the definitions used in PDIC's Additional Submission Stating Justifications for Filing a Redacted Version of Documents unless otherwise identified.

Information"). Dkt. # 223 (Exs. A, D, F). PDIC has argued in its prior submission on this issue that the presumption of access to judicial documents must be balanced against countervailing factors favoring confidential treatment and that the countervailing factor in the instant case is the commercial harm to the parties to the chain-of-title agreements at issue, namely, PDIC, General Electric Company, G. E. Technology Development Inc. (General Electric Company and G. E. Technology Development Inc. are referred to collectively as "GE"), and British Telecommunications ("British Telecom"), should the Protected Information not be placed under seal.  Dkt. # 229 (*citing Lugosch v. Pyramid Co. of Onandaga*, 435 F3d 110, 119 (2d Cir. 2006).[2] Here PDIC provides further explanation of how and why public disclosure of the Protected Information would cause commercial harm not only to PDIC, the owner of the patents in suit, but also to GE and British Telecom, the previous owners of the patents-in-suit, who are not even parties to this litigation.

## ARGUMENT

"Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Disclosure of the Protected information would harm PDIC's competitive standing.  More specifically, if the Protected Information remains publicly available, future licensees and competitors will have unfair advantages in future negotiations or fee arrangements with PDIC.

---

[2]  PDIC has also argued in its prior filing that the First Amendment presumption at issue in *Lugosch*, which gives rise to a higher burden on the party seeking to prevent disclosure than does the common law presumption of access, is not applicable here.  *See id.*

The consumer electronics industry is a highly competitive industry and a company's patent portfolio is crucial to surviving in this competitive arena. *See* Declaration of Thomas Meagher ("Meagher Decl.") at ¶¶ 2, 3. Accordingly, PDIC invests considerable time and money in purchasing, licensing and enforcing its rights in numerous patents. *See id*. at ¶ 3. The transaction concerning PDIC's purchase of the patents-in-suit is but one example. *See id*. at ¶ 4. To date, PDIC has negotiated and executed numerous licensing agreements and assignments with a wide variety of companies and is involved in ongoing negotiations with different companies with respect to the licensing and/or the assignment of rights in its patent portfolio. *See id*. These negotiations are conducted in confidence. *See id*. at ¶¶ 4, 5. Indeed, in order to negotiate fair prices, fair terms and/or fair royalty rates for its patents, it is imperative that prospective licensees not know the prices, terms, or conditions that were previously negotiated with prior licensees or parties. *See id*. at ¶ 6. If prospective licensees know the terms and conditions of prior negotiations, those prospective licensees will expect the same or more favorable prices, terms and conditions and will thus be able to unfairly leverage this information to obtain positions harmful to PDIC's commercial interests. *See id*. at ¶¶ 6, 7. Accordingly, if the Protected Information is widely disseminated, it would put PDIC at a competitive disadvantage in future negotiations concerning patents it wishes to obtain rights in or patents in its portfolio that it wishes to sell or license. *See id*. at ¶ 7.

The commercial disadvantage posed to PDIC applies equally if not more so to the other parties to the subject agreements, GE and British Telecom. The Court may take judicial notice of both GE's and British Telecom's diversified technology businesses which extend throughout the world. Many of these diversified businesses extend, or are subject, to licensing arrangements

the terms of which, for the same reasons expressed above with respect to PDIC, should remain confidential.

Indeed, the Second Circuit has denied public access where similar commercial harm was present.  *See Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994) (affirming finding that disclosure of "licensing agreement and other relevant material . . . renders very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotion agreements.").  Other courts have agreed that where the disclosure of commercial information will give competitors advantages in future negotiations, such commercial harm justifies filing under seal.  *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D., P.C.,* 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal when documents contained information about costs and budgeting); *D'Amour v. Ohrenstein & Brown*, 17 Misc. 3d 1130A (N.Y. Sup. Ct. 2007) (granting motion to seal financial documents, agreements and memoranda, particularly because some pertain to persons who "are not parties to this litigation"); *Warren Distrib. Co. v. InBev USA, LLC*, 2010 U.S. Dist. LEXIS 36141, at *5 (D.N.J. Apr. 13, 2010) (granting motion to file under seal where competitors could have "unfair advantages in future negotiations or fee arrangements"); *TriQuint Semiconductor v. Avago Techs., Ltd.,* 2011 U.S. Dist. LEXIS 143942, at *10 (D. Ariz. Dec. 12, 2011) (granting motion to seal licensing agreements on grounds of competitive harm).

## **CONCLUSION**

To conclude, PDIC respectfully requests that the Court grant Defendants' motion to file under seal certain portions of their motion to dismiss and to permit PDIC to also file under seal certain portions of its papers in opposition to Defendants' motion to dismiss.

Dated:  April 20, 2012

Respectfully submitted,

By: /s/_____
Gregory M. Luck, P.C.(*admitted pro hac vice*)
Thomas W. Sankey, P.C. (*admitted pro hac vice*)
Diana M. Sangalli (*admitted pro hac vice*)
Wesley W. Yuan (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
1330 Post Oak Blvd, Suite 800
Houston, Texas 77056
Telephone: (713) 402-3900
Facsimile:  (713) 583-9623

R. Terry Parker
**DUANE MORRIS, LLP**
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1089
Facsimile:  (212) 214-0725


Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1299
Facsimile: (215) 689-4942

Kristina Caggiano (*admitted pro hac vice*)
**Duane Morris, LLP**
Suite 1000
505 9th Street, N.W.
Washington, DC 20004-2166
Telephone: (202) 776-5284
Facsimile:  (202) 2478-2965

**ATTORNEYS FOR PLAINTIFF,
PRINCETON DIGITAL IMAGE
CORPORATION**

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that pursuant to Fed. R. Civ. P. 5(d) all counsel of record were served with a correct copy of the foregoing by CM/ECF Electronic Service on this the 20th day of April 2012.

William H. Mandir ( wmandir@sughrue.com)
Yoshinari Kishimoto (ykishimoto@sughrue.com)
Brian K. Shelton (bshelton@sughrue.com)
Kelly G Hyndman(kghyndman@sughrue.com)
John F Rabena (jrabena@sughrue.com)
Mark J. Deboy (mdeby@sughrue.com)
**Sughrue Mion PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037

J. Thad Heartfield (thad@jth-law.com)
M. Dru Montgomery    (dru@jth-law.com)
**The Heartfield Law Firm**

Richard A.Williamson (rwilliamson@fzwz.com)
Craig S. Kesch (ckesch@fzwz.com)
**Flemming Zulack Williamson Zauderer, LLP**
One Liberty Plaza
New York, NY 10006

**Attorneys for Defendant**
**Xerox International Partners**

Steven J. Routh (srouth@orrick.com)
Sten A. Jensen (sjensen@orrick.com)
**Orrick, Herrington & Sutcliffe LLP**
1152 15th Street, NW
Washington DC  20005

Clifford R. Michel (cmichel@orrick.com)

**Attorneys for Defendant**
**Fujifilm North America Corporation**

Brian K. Erickson (brian.erickson@dlapiper.com)
**DLA Piper US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799

Erin P. Gibson (erin.gibson@dlapiper.com)

Sean C. Cunningham (scunningham@graycary.com)
Gray Cary Ware & Freidenrich, LLP
4365 Executive Dr., Suite 1100
San Diego, CA 92101

**Attorneys for Defendant**
**Hewlett-Packard Company**

/s/_____
R. Terry Parker