IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRINCETON DIGITAL IMAGE CORPORATION, )
)
    PLAINTIFF, )
)
V. )
) CASE NO.: 1:12-CV-00779-RJS
HEWLETT-PACKARD COMPANY, )
FUJIFILM NORTH AMERICA )
CORPORATION F/K/A FUJIFILM U.S.A., )
INC. AND XEROX INTERNATIONAL )
PARTNERS, )
)
    DEFENDANTS. )

---

## DECLARATION OF THOMAS F. MEAGHER

I, Thomas F. Meagher, hereby declare:

1. I am President of Plaintiff, Princeton Digital Image Corporation ("PDIC"). I submit this declaration in support of PDIC's Updated Submission in Support of Defendants Hewlett-Packard Company, Fujifilm North America Corporation, and Xerox International Partners' ("Defendants") Motion to File Under Seal Certain Portions of its Motion to Dismiss for Lack of Standing Pursuant to Federal Rule of Civil Procedure 12(b)(1).

2. PDIC is in the business of acquiring and licensing technology and patent rights. PDIC has a diversified portfolio of patents including, but not limited to, those patents asserted in this action relating to image/video coding and processing technologies.

3. PDIC invests considerable time and money in purchasing, licensing and enforcing its patent rights. Since PDIC's business model is directed to acquiring and licensing technology and patent rights, the development and maintenance of its patent portfolio is essential. Equally

important is the protection of that confidentiality associated with both potential patent sellers, licensees and licensors, and the terms of any licenses and/or sales of PDIC's patents.

4. PDIC has negotiated and executed numerous agreements and assignments with different companies and is involved in ongoing negotiations with respect to the licensing and/or assignment of patent rights. PDIC is likewise involved in negotiations for the purchase of other patents.

5. PDIC's negotiations to either acquire, sell or license its portfolio are conducted in confidence. In this connection, it is important to and expected by parties to these negotiations that their identity and the terms of such negotiations be maintained in highest confidence.

6. It is important to PDIC that those terms negotiated in prior agreements not be known to prospective sellers, licensors, or licensees since such knowledge would predictably impede PDIC's ability to negotiate different terms in future transactions. In this connection, if prospective sellers, licensors, or licensees knew the terms or conditions that were previously negotiated with prior sellers, licensors, or licensees, PDIC will suffer a specific commercial harm in that prospective sellers, licensors, or licensees who know the terms and conditions of prior negotiations will expect the same or more favorable terms and condition and will thus be able to unfairly leverage this information to obtain positions adverse to PDIC's commercial interests.

7. Accordingly, if the terms and conditions agreed to in prior patent acquisition and licensing negotiations is widely disclosed, absent that protection requested under the Protective Order, it would put PDIC at a competitive disadvantage in future negotiations.

8. PDIC indirectly acquired the Fedele and Azam patents from GE. The terms of the agreements by which PDIC acquired these patents reflect the unique bargaining positions of both parties to the negotiation for this sale. The dissemination of those terms under which PDIC

purchased these patents, if known in future negotiations with other parties for other patent rights, would also compromise PDIC's ability to negotiate and structure a different arrangement. This would detrimentally impact PDIC's ability to conduct future business.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on the 19th day of April, 2012.

_____
Thomas F. Meagher