IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:12-cv-779 (RJS) ) |
| HEWLETT-PACKARD, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY
PENDING REEXAMINATION OF THE ASSERTED PATENTS**

**I.   INTRODUCTION**

If not dismissed in its entirety for the reasons set forth in Defendants' Motion to Dismiss for Lack of Standing (Dkt. No. 232), this case should be stayed pending the reexamination of the Asserted Patents by the United States Patent and Trademark Office. All of the relevant factors support a stay, and Plaintiff Princeton Digital Image Corporation's ("PDIC") arguments to the contrary fall short on the law and the facts.

On the law, PDIC entirely ignores the cases cited by Defendants, which establish that stays pending reexamination are favored under circumstances like those presented here. *See, e.g., Nelson Seating PTY, Ltd. v. Selle Royal S.P.A.*, 2005 U.S. Dist. LEXIS 32028, at *3-6 (S.D.N.Y. Dec. 7, 2005); *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011). Instead, it erroneously asserts there is a "judicial inclination" to deny stays in instances of *ex parte* examinations. The only case PDIC cites, however, involves *ex parte* reexamination of a jewelry design patent, not a utility patent. A court determining

1

validity of a design patent applies a very different legal test than the Court must apply in this case and cannot benefit from the Patent Office's expertise on invalidity. This makes simplification of issues through *ex parte* reexamination of a design patent unlikely. In contrast, stays in utility patent reexaminations are liberally granted, regardless of the type of reexamination, because a stay will simplify the issues and promote judicial economy. Any canceled claims drop out of the lawsuit, and for claims that are affirmed, the patentee inevitably makes reexamination arguments about claim scope that impact the district court's claim construction and infringement analysis. In addition, PDIC is incorrect that Defendants must demonstrate they will suffer hardship without a stay. That is not a factor courts in this district consider in determining whether to grant a stay and, tellingly, PDIC cites to no cases in this district to support its erroneous position. (Opp. at 8-9, citing only one case from the District of Delaware.) Nevertheless, the hardship to Defendants is the expense required to litigate rejected patent claims that will not survive to trial.

On the facts, PDIC's main argument against a stay—prejudice to PDIC because of the potential of lost evidence—is unfounded. Any potential for lost evidence is attributable to PDIC's own delay in bringing this lawsuit several years after the patents expired. As a result, the accused products were sold between 2004 and 2007 and developed many years before that. PDIC's own years of delay in filing suit actually favors staying this case while the Patent Office sorts out whether any of PDIC's patent claims are even patentable. PDIC's insinuation that Defendant Hewlett-Packard Company ("HP") delayed seeking *ex parte* reexamination for a tactical advantage is refuted by the procedural history of the case. HP prepared its reexamination petitions after preparing invalidity contentions for the lawsuit and finding prior art references not previously considered by the Patent Office. HP filed its reexamination petitions soon after

serving the invalidity contentions.  Thus, there was no delay, especially given the fact that the Patent Office has already rejected so many claims.

This case is uniquely postured for a stay.  A stay will prevent the waste of time and resources involved in litigating rejected claims that should soon be formally canceled and will allow the Court to consider the patentee's arguments regarding the proper scope of any claims that are affirmed.  Because all factors weigh in favor a stay, this Court should grant Defendants' motion to stay this litigation if it denies Defendants' motion to dismiss.

II.     ARGUMENT

    A.     **There Exists No "Judicial Inclination" To Deny Stays For *Ex Parte* Reexaminations of Utility Patents, Especially Where Canceled Claims Will Drop Out of the Lawsuit.**

Stays in utility patent reexaminations are liberally granted because a stay simplifies the issues remaining for trial and promotes judicial economy.  *Nelson Seating*, 2005 U.S. Dist. LEXIS 32028, at *3-6.  Notwithstanding this established precedent, PDIC wrongly claims that the Southern District of New York has a "judicial inclination...to decline to enter a stay in instances of an *ex parte* reexamination in general."  (Opp. at 1.)  In doing so, PDIC misconstrues the only case it cites to support this position, *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK, et al.*, No. 11-cv-2930 (S.D.N.Y. 2011).  *Prestige* involved a jewelry design patent.  After filing a complaint for declaratory relief, the accused infringer asked to stay the case until reexamination of the design patent was complete, arguing that the Patent Office's decisions in the reexamination could be considered by the court in its invalidity analysis.  2012 WL 1066798 at *1 (S.D.N.Y. March 24, 2012).  The Court disagreed because validity of a design patent is based on the "ordinary observer" standard; that is, whether another person had created that same design before.  *Id.*  Under this standard, the Patent Office could not contribute any expertise to the court's analysis.  *Id.*  Thus, *Prestige* involved a different type of patent, a different procedural

3

posture, and a very different legal standard for determining validity.  Accordingly, the court's reasoning in *Prestige* does not apply to stays pending reexamination for utility patents.

### B. All Factors Favor a Stay Under The Unique Circumstances Here.

All factors the Court should consider—simplification of the issues, prejudice to the nonmoving party, and stage of the proceedings—favor a stay here, given the unique facts of this case that PDIC ignores.

#### 1. PDIC Cannot Legitimately Dispute That The Results of The Reexaminations Will Eliminate Significant Work in this Case.

Because the Patent Office has rejected many asserted claims, results of the reexaminations will eliminate significant work in this case and simplify the issues for trial.  The Patent Office has issued a final rejection of each of the asserted means-plus-function claims of the '056 patent (claims 13 and 14) and one asserted method claim (claim 21), has confirmed three other asserted method claims of the '056 patent (claims 18, 20 and 23), and has preliminarily rejected both asserted claims of the '103 patent that are subject to reexamination (claims 1 and 11).  Because the asserted patents expired years ago, the claims cannot be amended and will be canceled when the Patent Office likely upholds its rejections.  37 C.F.R. §1.530(j); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C 09-1360 MMC, 2009 WL 4981164, at *1 (N.D. Cal. Dec. 15, 2009); *Abbott Labs., Inc. v. Medtronic, Inc.*, No. 08-CV-4962 DLJ, 2009 WL 799404, at *3 (N.D. Cal. Mar. 24, 2009).  Any claims that are canceled during reexamination will be treated as if they had never issued and cannot thereafter be asserted in litigation.  35 U.S.C. § 307; *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Sorensen v. Black and Decker Corp.*, No. 06-cv-1572 BTM (CAB), 2007 WL 2696590, at *6 (S.D. Cal. Sept. 10, 2007).

PDIC wrongly asks the Court and Defendants to expend significant resources to construe and litigate rejected claims. PDIC ignores that this Court has found it appropriate to stay litigation until reexamination prosecution has closed on any rejected claims. *See, e.g., Nelson Seating*, 2005 WL 3358598 at *1-2 (denying request for reconsideration of a stay pending reexamination when some claims were confirmed because other claims still remained rejected). As in *Nelson Seating*, the remaining record of the reexamination here will "reduce the complexity and length of the litigation, more easily define issues, defenses, and evidence before trial, and reduce litigation costs and discovery problems." *Id.* at *2; *see Snyder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701, at *2 (W.D.N.Y. 1999) ("One purpose of the reexamination procedure is to eliminate trial of the issue of patent claim validity (when the claim is canceled by the [PTO]), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).").

Even for claims that are confirmed, the reexamination record will aid the Court in every aspect of this case. For example, the Examiner's and patentee's arguments about the scope of the claims during reexamination must be considered in claim construction, infringement and validity analyses. *Snyder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701, at *2 (W.D.N.Y. 1999) ("One purpose of the reexamination procedure is to eliminate trial of the issue of patent claim validity (when the claim is canceled by the [PTO]), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)."). Thus, the first factor favors a stay.

### 2. PDIC Cannot Claim Prejudice From A Stay When The Patents Expired Five Years Ago.

PDIC's only argument with respect to prejudice is that evidence could be lost during a stay. But PDIC ignores that the accused products were sold between 2004 and 2007 and were

discontinued long before PDIC filed suit in January 2010. Moreover, the '056 patent expired in 2006 and the '103 patent expired in 2007. The owners of the asserted patents delayed filing suit for years while Defendants were selling their products. PDIC cannot complain about aging evidence when it did not file suit for infringement until the accused products were discontinued.

Furthermore, the two reexaminations here are moving quickly, in contrast to the slow reexaminations cited by PDIC in *Robbins v. HH Brown Shoe Co*. In *Robbins,* the defendant moved for a stay immediately after filing a petition for reexamination and before the Patent Office issued any decision rejecting claims. 2009 WL 2170174 at *1 (S.D.N.Y. June 30, 2009). The defendant argued that the Patent Office would issue its first Office Action "in the next several weeks," but then nothing happened. The *Robbins* court found that the lack of action by the Patent Office had the potential for creating "an indefinite period of delay" and therefore found prejudice to the patentee. *Id.* In contrast, here the Patent Office has already issued Non-Final and Final Office actions in the '056 patent reexamination and a Non-Final Office Action in the '103 patent reexamination. Given that the two reexamination petitions were granted in October and November 2011, both reexamination proceedings are moving quickly. A stay pending these proceedings does not risk a lengthy or indefinite delay of this lawsuit. In any event, such minimal prejudice does not weigh against a stay. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y 2011); *Bausch & Lomb Inc. v. Alcon Labs, Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996).

PDIC's insinuation that HP delayed seeking reexamination to gain a tactical advantage is without merit. Defendants timely filed their invalidity contentions in June 2011, and while preparing them, reviewed prior art not previously considered by the patent examiner. (Dkt. No. 78.) Defendant HP then prepared its *ex parte* reexamination petitions based on this invalidating prior art and filed them in August and September 2011. (See Dkt. No. 222, Exs. A-B.) HP did

6

not delay, and PDIC has not shown that the timing of the reexamination petitions caused it prejudice.

### 3. The Procedural Posture Of This Case Favors A Stay.

This case is ideally situated for a stay because discovery is far from complete, no trial date has been set, and no significant litigation events such as a *Markman* hearing or dispositive motion briefing have occurred. *Spread Spectrum*, 277 F.R.D. at 87. Because it has no argument to contradict these facts, PDIC wrongly argues that the procedural posture of this case weighs against a stay because some discovery has occurred. (Opp. at 8.) PDIC, however, ignores that many courts have granted stays pending reexamination at this stage of the case and in much more advanced cases, because a stay would conserve resources. *See, e.g., Gioello Enters.*, 2001 WL 125340 at *1 (granting stay after 18 months of litigation and four months before trial); *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, at *1 (S.D. Iowa Aug. 24, 2004) (granting stay after eight years of litigation and two months before trial); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 1987 WL 6314, 3 U.S.P.Q.2d 1889, 1892 (N.D. Ill. 1987) (granting stay after eighteen months and significant discovery). As in those cases, a stay of this lawsuit will conserve significant unexpended litigation resources because the court and parties can avoid time-consuming and expensive claim construction and dispositive motion practice on claims that have already been rejected by the Patent Office and will likely be canceled before trial. The third factor therefore favors a stay.

## III. CONCLUSION

Staying this case pending reexamination of the asserted patents will promote judicial economy, will simplify the issues in this case, and will not prejudice PDIC. Accordingly, if not dismissed in its entirety for the reasons set forth in their Motion to Dismiss, Defendants respectfully request that the Court stay the litigation until reexamination of the Asserted Patents

is complete.  At a minimum, Defendants request a stay of this litigation for six months, after which the Court may reassess the progress of the reexaminations to consider whether to continue the stay.

Dated:  April 23, 2012

*s/ Sean C. Cunningham*
Sean C. Cunningham (*pro hac vice*)
sean.cunningham@dlapiper.com
Erin P. Gibson (*pro hac vice*)
erin.gibson@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:     619-699-2700
Facsimile:      619-699-2701

Brian K. Erickson (*pro hac vice*)
brian.erickson@dlapiper.com
**DLA PIPER US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799
Telephone:     512-457-7059
Facsimile:      512-457-7001

**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY**


*s/ Steven J. Routh (with permission)*
Steven J. Routh (*pro hac vice*)
srouth@orrick.com
LEAD ATTORNEY
Sten A. Jensen (*pro hac vice*)
sjensen@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1152 15th Street, NW
Washington DC  20005
Telephone:     202-339-8400
Facsimile:      202-339-8500

Clifford R. Michel
cmichel@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019

8

Telephone: 212-506-5000
Facsimile: 212-506-5151

**ATTORNEYS FOR DEFENDANT FUJIFILM NORTH AMERICA CORPORATION**


*s/ Richard A. Williamson (with permission)*
Richard A. Williamson
rwilliamson@fzwz.com
Craig S. Kesch
ckesch@fzwz.com
**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
One Liberty Plaza
New York, New York 10006-1404
Tel: (212) 412-9500
Fax: (212) 964-9200

William H. Mandir (*pro hac vice*)
wmandir@sughrue.com
John F. Rabena (*pro hac vice*)
jrabena@sughrue.com
Yoshinari Kishimoto (*pro hac vice*)
ykishimoto@sughrue.com
Kelly G. Hyndman (*pro hac vice*)
kghyndman@sughrue.com
Brian K. Shelton (*pro hac vice*)
bshelton@sughrue.com
**SUGHRUE MION, PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037
Telephone: 202-775-7515
Facsimile: 202-293-7860

**ATTORNEYS FOR DEFENDANT XEROX INTERNATIONAL PARTNERS**