**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**


PRINCETON DIGITAL IMAGE     §
CORPORATION,                §
                            §
          Plaintiff,        §
                            §
v.                          §          Civil Action No.  1:12-cv-00779-RJS
                            §
CANON INC., *et al.*,       §
                            §
          Defendants.       §


**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF STANDING
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

I.      INTRODUCTION

In its Opposition to Defendants' Motion to Dismiss, PDIC turns the prudential standing

analysis on its head.  The proper question before this Court is not whether GE has "all substantial

rights," but rather whether PDIC has "all substantial rights."  As its Opposition makes clear,

PDIC does not.  Accordingly, it lacks standing to pursue this action.

Not only does PDIC lack all substantial rights in the Asserted Patents, but GE also may

have more rights than PDIC under the Agreement.  The Agreement divides the rights to the

Asserted Patents between two technologies—MPEG technology to GE and JPEG technology to

PDIC.  Based on that allocation, it would appear GE and PDIC have equal rights in the Asserted

Patents.  However, the Agreement also gives GE all substantial rights to bring infringement

claims against 17 identified companies without any restriction as to technology.  Thus, GE

effectively possesses broader rights under the Agreement than does PDIC.  By focusing its

Opposition on whether PDIC has constitutional standing—which is not the basis for Defendants'

motion—PDIC fails to address head-on the Federal Circuit's test for prudential standing

established in *International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273, 1276 (Fed.

Cir. 2007).  Instead, PDIC incorrectly focuses on whether GE has exclusive rights to bring suit,

rather than on whether PDIC possesses all substantial rights to bring suit.  Contrary to PDIC's

reasoning, GE unquestionably has Article III standing, because it possesses the necessary

exclusive rights regardless whether GE has prudential standing to sue without joining PDIC.[1]

---

[1]  PDIC ignores that the Agreement requires PDIC to join any suit brought by GE.  Thus, the

parties ensured that GE would have prudential standing.  (Ex. A, Section 4.)  All exhibits

referenced herein are attached to the Declaration of Sean Cunningham.  (Doc. 232.)

Because PDIC and GE have divided the scope of the patents based on fields of use, accused infringers face multiple suits for a single act of infringement.  Presumably aware that this fact is fatal to prudential standing, PDIC constructs two inconsistent interpretations of the Agreement.  Under one reading, PDIC contends the language in the Agreement granting GE exclusive rights is illusory, because an expired patent includes only the right to sue for past infringement.  PDIC then urges an alternative reading pursuant to which an expired patent "includes more than merely the right to recover damages for past infringement" and, consequently, the grant of a right to sue for past infringement on an expired patent does not confer standing.  (Opp. at 14.)  Under the first reading, PDIC asks the Court to disregard PDIC's selected definition of rights in an expired patent, only to turn around in the second reading and ask the Court to disregard the language of the Agreement.  PDIC cannot have it both ways.  And either way, PDIC's proposed alternative interpretations highlight PDIC's attempt to redraft the Agreement to salvage its standing to maintain this suit.

Under *International Gamco*, and even the cases cited by PDIC, both GE and PDIC lack standing to sue without joining the other.  *Int'l Gamco, Inc.*, 504 F.3d at 1276; *Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459, 466 (1926); *Alfred E. Mann Foundation v. Cochlear Corp.*, 604 F.3d 1354, 1361 (Fed. Cir. 2010); *Aspex Eyewear, Inc. v. Manhattan Design Sudio, Inc.*, 434 F.3d 1336, 1343 (Fed. Cir. 2006).  And although the Federal Circuit's prudential standing requirements are reflected in Federal Rule 19, Federal Rule 12(b)(1) is the proper vehicle to dismiss for lack of standing.  *Rite-Hite Corp. v. Kelly Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995).  In any event, PDIC admits that GE would be "adversely affected by a determination…that either the '056 patent or the '103 patent were invalid."  (Opp. at 17.)  The Court should grant Defendants' motion to dismiss PDIC's complaint.

II.     ARGUMENT

Regardless of the label PDIC chooses for itself—patentee, licensee, assignee, or co-owner—it lacks all substantial rights to bring suit under the Asserted Patents.  PDIC thus lacks standing to pursue this action, when its rights to the Asserted Patents are considered under the proper test for prudential standing in patent cases.  PDIC and GE purposefully chose to divide the rights to the Asserted Patents by subject matter, and by doing so guaranteed that an infringement suit can be maintained only where both PDIC and GE join the suit.

A.      **PDIC Fails Every Factor Of The Federal Circuit's Prudential Standing Test.**

Where one party does not hold the exclusive right to sue accused infringers, it usually lacks standing without joining the party who holds the remaining exclusive rights.  *Alfred E. Mann*, 604 F.3d at 1360; *Int'l Gamco, Inc.*, 504 F.3d at 1278-79.  To have standing to maintain this suit without joining GE, PDIC must hold the exclusive rights to: (1) initiate or participate in infringement suits related to the patent; (2) exclude others from making, using, or selling the patented invention; and (3) grant licenses to the patent.  *Int'l Gamco, Inc.*, 504 F.3d at 1278-79; *Sicom Sys.*, 427 F.3d at 977-78; *Prima Tek II*, 222 F.3d at 1380.  The Federal Circuit established these factors because the Supreme Court has held that parties sharing any of the exclusive rights under a patent are each a "necessary party" in an infringement suit.  *Independent Wireless Telegraph Co.*, 269 U.S. at 466; *Pope Mf'g Co. v. Gormully & Jeffery Mf'g Co.*, 144 U.S. 248 (1892).  Thus, when an agreement "does not transfer enough rights to make the licensee the patent owner, either the licensee or the licensor may sue, but both of them generally must be joined as parties to the litigation."  *Alfred E. Mann*, 604 F.3d at 1360.

The mere fact that PDIC calls itself the "patentee" is irrelevant, because the Court must look to the respective rights held by each party to the agreement.  *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001) ("The title of the

agreement…is not determinative of the nature of the rights transferred under the agreement….").

Under the Agreement, PDIC does not hold any of the exclusive rights necessary to have

prudential standing to sue for patent infringement.

Regardless of the labels GE and PDIC apply to the rights granted under the Agreement,

the effect was that GE continued to hold all substantial rights in the Asserted Patents with respect

to 17 entities and with respect to MPEG technology.  PDIC never had any of these rights and

therefore never had all right, title and interest in the Asserted Patents.  Said another way, GE

never relinquished all of its substantial rights in the Asserted Patents, and therefore, PDIC

received nothing more than a field-of-use license.  (Ex. B, Moller Depo., at 221:18-25 ["Q And it

reflects it by retaining the exclusive right for GE to enforce that field of use of the '056 patent?"

"A It is my understanding, as you suggested, that that is what that does…I think that's what it is

intended to do, yes."].)  Because field-of-use licenses do not confer independent standing, PDIC

cannot maintain this suit without joining GE.  *Int'l Gamco, Inc.*, 504 F.3d at 1278-79.

> **B.**      **PDIC Fails to Address the Federal Circuit's Prudential Standing Requirements.**

Under the Agreement, PDIC lacks the exclusive rights required for prudential standing.

Rather than attempt to satisfy the test for prudential standing, PDIC argues that because it

allegedly became the "patentee" when GE granted it limited rights in the Asserted Patents, the

specific rights that PDIC holds are irrelevant.  (Opp. at 1.)  This conclusion not only is illogical,

but also directly contrary to the Federal Circuit's standing analysis, which disregards the labels

applied by the parties and instead examines the rights held by the party claiming standing.  *Int'l

Gamco, Inc.*, 504 F.3d at 1279; *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir.

2010).

Besides labeling itself as the "patentee," PDIC rests its prudential standing argument on the erroneous claim that GE purportedly lacks Article III standing to bring suit because GE supposedly received only the right to sue for past infringement. (Opp. at 17-18.)  According to PDIC, because GE lacks Article III standing, accused infringers are not subject to multiple suits for a single act of infringement. (*Id.*)  Not only is PDIC's analysis wrong as a matter of law, it disregards the plain language of the Agreement.

### 1. The Plain Language of the Agreement Contradicts PDIC's Position.

PDIC incorrectly asserts that Defendants are not subject to multiple suits because GE has no rights to exclude others from practicing the '056 patent, including through licensing, and that GE therefore lacks standing to sue on its own. (Opp. at 17-18.)  Not only is PDIC wrong, but PDIC's argument does nothing to demonstrate that <u>PDIC</u> holds all substantial rights in any of the three areas needed for standing: (1) the right to bring suit; (2) the right to exclude; and (3) the right to license. *Int'l Gamco, Inc.*, 504 F.3d at 1278-79; *Sicom Sys.*, 427 F.3d at 977-78; *Prima Tek II LLC v. A-Roo Co.*, 222 F.3d 1372, 1380 (Fed. Cir. 2000).  Indeed, PDIC holds the exclusive rights in none of these areas.  Under the Agreement, GE received "all rights and interest to all past, present, and future claims of <u>infringement</u> and the <u>exclusive right to enforce</u> (e.g., <u>license</u>, bring suit, etc.) the Patents against" 17 listed companies and anyone practicing the MPEG standard. (Ex. A, Section 4 at PDIC0023026, emphasis added.)  Thus, PDIC lacks substantial rights for each factor considered in the Federal Circuit's analysis.

### 2. If GE Lacks Standing, Then PDIC Also Lacks Standing.

Ignoring the plain language of the Agreement, PDIC argues that because the Asserted Patents were expired when PDIC allegedly assigned to GE certain rights, GE could not have received the right to exclude or license anyone. (Opp. at 19.)  PDIC incorrectly concludes that because GE could not have received the right to license or exclude others, GE only received the

right to sue, which does not confer standing.  (*Id.*)  However, under this faulty logic, PDIC also

lacks standing because PDIC could have received from GE only the right to sue for past

infringement under the Asserted Patents, which were expired at the time of the Agreement.

Aside from this inconsistency, PDIC's argument that GE has no ability to sue also fails because

the Agreement specifically carves out several exclusive rights for GE, including: (1) the

exclusive right to all past, present, and future claims of infringement; (2) the exclusive right to

enforce the Asserted Patents; and (3) the exclusive right to license the Asserted Patents in a

specific field of use.  In addition, GE kept the exclusive rights against 17 identified entities for

all fields of use.  (Ex. A, Section 4.)  Thus, under the Agreement, GE was granted "all substantial

rights" to bring suit, license and exclude others from practicing both Asserted Patents.  The fact

that some of these rights were limited to a particular field of use is a matter of prudential

standing, not constitutional standing.  Constitutional standing, though, is irrelevant because the

Agreement requires PDIC to join GE in any infringement suit.  *Int'l Gamco, Inc.*, 504 F.3d at

1278-79.  Accordingly, GE has exclusive rights with respect to the Asserted Patents and

therefore has standing to file an infringement suit.  *Textile Productions, Inc. v. Mead Corp.*, 134

F.3d 1481, 1484 (Fed. Cir. 1998).

Furthermore, even if GE received only the right to sue for past infringement because the

Asserted Patents are expired (an argument that would require the Court to ignore that the

Agreement plainly gives GE exclusive rights to enforce the patents), courts have squarely

rejected PDIC's argument and found standing even where an assignee holds "all substantial

rights" to an expired patent.  *See Keranos, LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS

102618, at *15-16 (E.D. Tex. Sept. 12, 2011) (assignment of the entire right to sue for past

infringements of an expired patent provided Article III standing ); *Valmet Paper Machinery, Inc.*

*v. Beloit Corp.*, 868 F. Supp. 1085, 1088 (W.D. Wisc. 1994) (holding that *Crown Die* does not

apply to an assignment of the right to sue for an expired patent and that the "assignee of such a

right can maintain an infringement suit in its own name."); *New Medium Techs. LLC v. Barco*

*N.V.*, 644 F. Supp. 2d 1049, 1060 (N.D. Ill. 2007) (finding grant of the right to sue on an expired

patent is a grant of all substantial rights in the patent); *Tompkins v. St. Regis Paper Co.*, 226 F.

744, 747 (N.D.N.Y. 1914) *aff'd* 236 F. 221 (2d Cir. 1916) (grant of right to sue for past

infringement of an expired patent may allow an assignee to maintain suit in its own name).

Thus, GE would have standing even under PDIC's strained interpretation of the Agreement.

> To support its argument that an assignment of the right to sue on an expired patent fails to

confer standing, PDIC relies on dicta in *Mars, Inc. v. Coin Acceptors, Inc.* (Opp. at 14.) PDIC's

reliance is misplaced because *Mars* is directed to the unique situation where a party-plaintiff had

title to the asserted patent at the onset of the suit, but during the litigation transferred title to a

non-plaintiff. *Mars*, 527 F.3d 1359, 1367 (Fed. Cir. 2008). To cure this jurisdictional defect, the

plaintiff needed to reacquire its original stake in the litigation. *Id.* at 1369 (citing *Schreiber*

*Foods, Inc., v. Beatrice Cheese, Inc.* 402 F.3d 1198, 1204 (Fed. Cir. 2005)). The plaintiff in

*Mars* attempted to cure it standing by problem by alleging that it held an implied right to sue for

past infringement, which the court found was insufficient to regain title. *Id.* And as the Federal

Circuit later clarified in limiting the *Mars* decision, "the *Mars* court…merely explained that

courts will not imply an exclusive license when there is no indication that the licensor granted its

licensee any of the exclusionary rights in a patent." *WiAV Solutions LLC v. Motorola, Inc.*, 631

F.3d 1257, 1266 (Fed. Cir. 2010). Accordingly, *Mars* is not controlling because PDIC has not

lost standing during this case (because it never had standing to begin with), and because an

implied right to sue for past infringement is not at issue.

To the extent *Mars* is applicable, its holding contradicts PDIC's argument that its grant to GE was nothing more than the grant of the right to sue since the patent was expired.  (Opp. at 15, 17-18.)  As PDIC notes, *Mars* states that "[t]itle to a patent – even an expired patent – includes more than merely the right to recover damages for past infringement."  (Opp. at 14, citing *Mars*, 527 F.3d at 1372.)  Here, PDIC transferred all of those additional rights to GE.  GE obtained certain exclusive rights to all past, present and future claims of infringement, to enforce, and to license.  PDIC's attempt to construe the Patent Agreement and Federal Circuit law in one way to support its constitutional standing arguments, and then in a completely different way to support its prudential standing arguments highlights the critical flaws in PDIC's position.  Under any interpretation, PDIC lacks standing to maintain this suit in its own name.

**C.     Accused Infringers Are Subject to Multiple Suits on Both Patents.**

It is PDIC's burden to show that it has standing with respect to both patents.  *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995).  PDIC contends that Section 4(ii) of the Patent Agreement "pertain[s] only to the '056 patent" based on PDIC's assertion that the '103 patent is not directed to MPEG technology.  (Opp. at 4.)  This cursory statement does not satisfy PDIC's burden to prove by a preponderance of the evidence that it has standing with respect to the '103 patent.  *Ortho Pharm.*, 52 F.3d at 1030.  Indeed, Section 4(ii) of the Agreement refers to "the Patents" plural, and thus divides the substantial rights in both the '056 and '103 patents between PDIC and GE.  (Ex. A, Section 4(ii).)  As a result, GE holds exclusive rights and may bring suit with respect to both Asserted Patents.  PDIC has confirmed that plain reading of the Agreement, admitting that "GE could be adversely affected by a determination…that either the '056 patent or the '103 patent were invalid."  (Opp. at 17.)

For several reasons, PDIC's argument that Defendants do not face the threat of multiple suits because they at one point may have been licensed under the '056 patent is likewise

8

misplaced.  First, the fact that a defendant has a license provides a defense to a claim of patent

infringement; it does not cure a standing defect that would prevent a plaintiff from bringing suit

in the first place.  *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995) (license

is an affirmative defense to infringement).  Second, as a matter of fact, HP was never a licensee

in the MPEG-4 patent pool and Fujifilm was never a licensee in the MPEG-2 patent pool;

therefore, both are subject to suit on MPEG technologies despite having paid for a limited

license.  (Ex. H, MPEG LA Web pages at p. 7 of 17.)  Third, as a matter of law, a court must

look beyond the effect on the parties in suit to evaluate prudential standing.  *Sicom*, 427 F.3d at

979.  If any potential accused infringer faces multiple suits for a single act of infringement,

standing does not exist.  *Id.*

      **D.**      **Joinder of GE Is Not Viable.**

      PDIC asserts that it can somehow cure its standing defect by joining GE in this suit,

either voluntarily or involuntarily.  (Opp. at 17).  For several reasons, this does not appear to be

possible.  First, the Agreement evidences GE's unwillingness to join any suit filed by PDIC.  The

Agreement requires PDIC to join in GE-filed suits, but is silent with respect to GE joining a suit

filed by PDIC.  (Ex. A, Section 4).  This indicates that GE refused to get involved in any lawsuit

PDIC might file.  Second, if GE were able to be joined, it would have happened already.  PDIC

has had multiple opportunities to join GE, including in the two months since Defendants filed

their pre-motion letter with the Court.  In fact, PDIC's predecessor filed the first suit against

Fujifilm in November 2009 and filed this lawsuit in the Eastern District of Texas in January

2010.  At no time has there been any indication that GE can be joined, voluntarily or

involuntarily.  Third, involuntary joinder may not be possible.  GE co-owns the Asserted Patents

with a small subsidiary holding company, General Electric Technology Development, Inc.

("GETD"), which is a separate company incorporated in Delaware.  (Ex. A.)  If GE were joined,

it appears GETD would need to be joined too.  There is no evidence that GETD has any

minimum contacts with New York, or that this Court has personal jurisdiction over GETD.

Thus, there is no indication that GE or GETD could be joined voluntarily or involuntarily.

Dismissal is the appropriate remedy.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss PDIC's

complaint for lack of standing under Rule 12(b)(1).

Dated:  April 23, 2012

*s/ Sean C. Cunningham*
Sean C. Cunningham (*pro hac vice)*
sean.cunningham@dlapiper.com
Erin P. Gibson (*pro hac vice*)
erin.gibson@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:      619-699-2700
Facsimile:      619-699-2701

Brian K. Erickson (*pro hac vice)*
brian.erickson@dlapiper.com
**DLA PIPER US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799
Telephone:      512-457-7059
Facsimile:      512-457-7001

**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY**

*s/ Steven J. Routh (with permission)*
Steven J. Routh (*pro hac vice*)
srouth@orrick.com
LEAD ATTORNEY
Sten A. Jensen (*pro hac vice*)
sjensen@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1152 15th Street, NW
Washington DC  20005

10

Telephone:     202-339-8400
Facsimile:     202-339-8500

Clifford R. Michel
cmichel@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone:     212-506-5000
Facsimile:     212-506-5151

**ATTORNEYS FOR DEFENDANT FUJIFILM
NORTH AMERICA CORPORATION**

_s/ Brian K. Shelton (with permission)_
William H. Mandir (*pro hac vice*)
wmandir@sughrue.com
John F. Rabena (*pro hac vice*)
jrabena@sughrue.com
Yoshinari Kishimoto (*pro hac vice*)
ykishimoto@sughrue.com
Kelly G. Hyndman (*pro hac vice*)
kghyndman@sughrue.com
Brian K. Shelton (*pro hac vice*)
bshelton@sughrue.com
**SUGHRUE MION, PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037
Telephone:     202-775-7515
Facsimile:     202-293-7860

Richard A. Williamson
rwilliamson@fzwz.com
Craig S. Kesch
ckesch@fzwz.com
**FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP**
One Liberty Plaza
New York, New York 10006-1404
Tel: (212) 412-9500
Fax: (212) 964-9200

**ATTORNEYS FOR DEFENDANT
XEROX INTERNATIONAL PARTNERS**

11