# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

GREGORY M. LUCK
DIRECT DIAL: +1 713 402 3937
PERSONAL FAX: +1 713 583 3796
E-MAIL: GMLuck@DuaneMorris.com

www.duanemorris.com

October 23, 2012

BY ELECTRONIC MAIL

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:   *Princeton Digital Image Corp. v. Hewlett-Packard Co., et al.*
      Civil Action No. 1:12-cv-00779-RJS

Dear Judge Sullivan:

      We represent plaintiff Princeton Digital Image Corp. ("PDIC") in the above-referenced action (the "Hewlett-Packard matter") and write in response to the letter submitted by counsel for Ricoh Company Ltd. ("Ricoh") requesting that the action styled *Princeton Digital Image Corporation v. Ricoh* (Case No. 1:12-cv-06974) ("the Ricoh matter") be consolidated with the above-captioned case "for pre-trial matters." Ricoh has also suggested that another action, *Princeton Digital Image Corporation v Facebook, Inc. et. al* (Case No. 1:12 –cv-06973-RJS) (the "Facebook matter"), be joined as well, though it admits no authority for advancing this argument.

      Ricoh's request for consolidation should be denied for a number of reasons.

      A.   **The Status of the Respective Matters Militates against Consolidation**

      Preliminarily, Ricoh's request should be denied pending further developments in both this case and the Ricoh matter. This action has been stayed since March 23, 2012, pending disposition on a motion to dismiss. Accordingly, it is premature to consolidate any action with this action before a ruling on this motion is issued by this Court.

      Undisclosed by Ricoh in its letter to this Court, a petition for a writ of mandamus has been filed in the Ricoh matter, the disposition of which is currently before the Federal Circuit

DUANE MORRIS LLP
1330 POST OAK BOULEVARD, SUITE 800   HOUSTON, TX 77056-3166          PHONE: +1 713 402 3900   FAX: +1 713 402 3901
DM2\3853274.5 F4371/00005

The Honorable Richard J. Sullivan
October 23, 2012
Page 2

DuaneMorris

(Case No. 12-136). In this petition, PDIC has sought an order vacating transfer of the Ricoh matter to this Court. If the petition is granted, the Ricoh matter will be returned to the Eastern District of Texas for further proceedings, thus rendering Ricoh's instant request moot.

### B. Consolidation Would Present a Conflict to PDIC Counsel and Could Prejudice PDIC

Status of the respective actions aside, Duane Morris, which represents PDIC in the instant case, also currently represents Ricoh in other matters. Consolidation would compel Duane Morris to be aligned on opposite sides of the litigation from Ricoh, a fact surely known to Ricoh's current counsel which is provoking this issue. This potential conflict could result in prejudice to PDIC, notwithstanding the suggestion of Ricoh's counsel to the contrary. Such a situation also militates against consolidation of this matter with at least the Ricoh matter. *Cf. Illinois v. Borg, Inc.*, 564 F. Supp. 102, 104-105 (N.D. Ill. 1983) (denying motion for consolidation in part because it would deprive a party of representation of its own choosing).

### C. The Accused Instrumentalities are Dissimilar

A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions, and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation. *In re: Repetitive Stress Injury Litigation*, 11 F.3d 368, 373 (2d Cir. 1993) (internal citations omitted). As a discretionary decision, consolidation requires the court to balance the time that might be saved against the possible delay or prejudice introduced by consolidation. *See, e.g., Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971); *Stein, Hall & Co. v. Scindia Steam Navigation Co.*, 264 F. Supp. 499, 501 (S.D.N.Y.1967). Although Rule 42 permits the court to enter orders "to avoid unnecessary cost or delay," Fed. R. Civ. P. 42(a)(3), if consolidation would increase costs or delay, it should not be ordered.

Ricoh suggests the presence of undefined, "common discovery issues." Aside from involving one of the same patents, the accused instrumentalities are quite distinct in each of the Hewlett Packard, Ricoh and Facebook matters. The majority of the products at issue in the Hewlett Packard matter are digital cameras having internal firmware that is specially configured to function in an infringing manner. Digital cameras are not at issue in either of the Ricoh or Facebook cases. The Ricoh accused products are primarily scanning type devices, while the Facebook accused products are Internet-based. Analysis of these products differs substantially from the analysis that will be performed on the accused digital camera products.

In addition to the different types of physical analyses required by the different products, claim construction issues also may be impacted as it is likely that the different defendants will be focused on issues that would have more of an effect on their particular type of product. Thus, rather than narrowing the issues in this lawsuit, consolidation likely would create more

DuaneMorris

The Honorable Richard J. Sullivan
October 23, 2012
Page 3

complexity in view of the disparate issues that would be raised by the vastly different type of accused instrumentalities.

Hence, Ricoh's conclusion that the "issues of infringement will overlap significantly" is simply false. Where, as here, patent infringement cases against different defendants involve different products, even if the claims arise under the same patent, consolidation of the cases is often deemed inappropriate. *See, e.g., Aerotel, Ltd. v. Verizon Communications, Inc.*, 234 F.R.D. 64, 66 (S.D.N.Y. 2005) (denying consolidation, noting that "[w]hile it is true that the same patent is at issue in the two cases, these actions involve entirely different defendants and, for the most part, different products.").

### D.   Consolidation will Complicate, not Streamline, Discovery

This matter was originally filed on January 25, 2010, and has now been pending for better than 2 ½ years. Consolidation should only be ordered if it will expedite, not protract, the conduct of proceedings. Here, as in other cases involving different products, judicial economy is likely to suffer from consolidation as each defendant must participate in discovery that has no bearing on its own product(s). *See, e.g., Kinberg v. Colorforms*, 1989 U.S. Dist. LEXIS 8360 (S.D.N.Y. July 21, 1989).

Moreover, PDIC disagrees that with the suggestion that it will only benefit from consolidation. Using history of discovery issues in this case as a guide, PDIC is concerned that, with consolidation of two (or all three matters), discovery will only be further delayed. Additional defendants will render it even more difficult to gain agreement for purposes of discovery and motion practice.

In the event that this Court does take up the issue of consolidation, PDIC requests that a scheduling order be entered to render discovery more manageable. In such an order, PDIC requests that one representative defendant be identified to speak on behalf of each of the consolidated "defendant groups", thus avoiding unwieldy "round robin" scenarios that could protract, not expedite, the conduct of proceedings.

DuaneMorris

The Honorable Richard J. Sullivan
October 23, 2012
Page 4

### E. Any Consolidation Should Not Extend to Trial

PDIC finally argues that consolidation, if it were found appropriate (and the above plainly illustrates that consolidation should be denied since it is both not ripe and presents potential conflict issues), would only be appropriate for claim construction and discovery, and would not extend to trial. PDIC objects to and opposes any consolidation of this matter for purposes of trial.

*     *     *     *

PDIC welcomes the opportunity to submit further briefing on this issue.

Sincerely,

Gregory M. Luck

GML:fs

cc:   All Counsel of Record for Civil Action No. 1:12-cv-00779-RJS

DuaneMorris