UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>      Plaintiff,<br><br>-v-<br><br>HEWLETT-PACKARD, *et al.*,<br><br>      Defendants. | No. 12 Civ. 779 (RJS)<br>MEMORANDUM AND ORDER |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>      Plaintiff,<br><br>-v-<br><br>FACEBOOK, INC., *et al.*,<br><br>      Defendants. | No. 12 Civ. 6973 (RJS)<br>MEMORANDUM AND ORDER |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>      Plaintiff,<br><br>-v-<br><br>RICOH COMPANY, LTD.,<br><br>      Defendant. | No. 12 Civ. 6974 (RJS)<br>MEMORANDUM AND ORDER |

RICHARD J. SULLIVAN, District Judge:

  Princeton Digital Image Corporation ("PDIC" or "Plaintiff") brings three actions for patent infringement, pursuant to 35 U.S.C. § 271, *et seq.*, against Hewlett-Packard Company, Fujifilm

North America Corporation, and Xerox International Partners (the "HP Defendants"); Facebook, Inc., Corbis Corporation, and Getty Images (US), Inc. (the "Facebook Defendants"); and Ricoh Company, Ltd. ("Ricoh") (collectively, "Defendants"). Now before the Court is Defendants' motion to dismiss PDIC's complaints pursuant to Federal Rule of Civil Procedure 12(b)(1) for PDIC's alleged lack of standing. For the reasons set forth below, Defendants' motion is denied.

## I. BACKGROUND[1]

Plaintiff's suits center on two patents for digital image processing technology in cameras, computers, and other devices (the "Patents"). Patent number 4,813,056 (the "'056 Patent") concerns technology for compressing information into a digital image file, including the MPEG and JPEG standards. (HP FAC Ex. B.) The Patent issued in 1989 and expired in 2007, and the Patent's named inventor assigned it to General Electric Company ("GE"). (*Id.* ¶¶ 17, 19.) Patent number 4,860,103 (the "'103 Patent") concerns a feedback loop for converting video signals into a digital format. (*Id.* Ex. A.) The Patent issued in 1989 and expired in 2006, and the Patent's named inventors assigned it to British Telecom, which in turn assigned it to GE.[2] (*Id.* ¶¶ 16, 18.)

In May 2009 – after both Patents had expired – a predecessor to PDIC called Princeton Digital Image Compression, LLC ("PDIC LLC") purchased the '056 and '103 Patents from GE. (*See* Cunningham Decl. Ex. A at 1.) According to the "Patent Purchase and License Agreement" between GE and PDIC LLC (the "Agreement"), "GE wish[ed] to sell ownership and all rights in the Patents to [PDIC LLC]" and "[PDIC LLC] wishe[d] to purchase from [GE] ownership and

---

[1] The facts are taken from PDIC's First Amended Complaint, filed against the HP Defendants on May 11, 2010 ("HP FAC"); PDIC's Second Amended Complaint, filed against the Facebook Defendants on September 5, 2012 ("Facebook SAC"); and PDIC's Complaint, filed against Ricoh on January 26, 2011 ("Ricoh Compl."). In ruling on Defendants' motion, the Court also considered HP's Memorandum of Law ("Mem."); PDIC's Opposition ("Opp'n"); and HP's Reply ("Reply"); as well as Facebook and Ricoh's Supplemental Memorandum ("Supp. Mem."); PDIC's Supplemental Opposition ("Supp. Opp'n"); and the declarations and exhibits attached thereto.

[2] GE granted certain exclusive rights in the Patents to its wholly owned subsidiary, General Electric Technology Development, Inc. (Decl. of Sean Cunningham, dated Mar. 23, 2012, HP Doc. No. 220 ("Cunningham Decl."), Ex. A at 1.) However, for simplicity's sake, GE and GETD are referred to collectively as "GE."

all rights in the Patents and to license and/or grant back to [GE] certain rights." (*Id.*) Consequently, GE "s[o]l[d], transfer[red], and assign[ed] to [PDIC LLC] all of [GE]'s right, title and interest in the Patents and all of [GE]'s rights and interest to all past, present and future claims of infringement of any of the Patents," and PDIC LLC agreed to grant GE and its affiliates "an irrevocable, non-exclusive, fully paid up, worldwide license under the Patents, for the lives thereof, to make, have made, use, sell, offer for sale and import products." (*Id.* Ex. A ¶¶ 2, 3.) PDIC LLC further agreed to grant GE "all rights and interest to all past, present, and future claims of infringement and the exclusive right to enforce (*e.g.*, license, bring suit, etc.) the Patents against [sixteen companies]." (*Id.* Ex. A ¶ 4.) PDIC LLC finally agreed to join any infringement suit brought by GE and to indemnify GE if litigation PDIC LLC initiated required GE's involvement. (*Id.* Ex. A ¶¶ 4, 6.) In June 2009, GE and PDIC amended the Agreement to grant GE the right to enforce the '056 and '103 Patents against "any entity that is alleged to have infringed a Patent owing to its having previously engaged in making, using, offering for sale or importing articles that comply with the MPEG-2 or MPEG-4 video compression standards, and that may be liable to [GE] arising out of that infringement; but only to the extent of that infringement." (*Id.* Ex. A at 2, ¶ 4.) In January 2010, GE and PDIC again amended the Agreement to add another company to the original list of sixteen.[3] (*Id.*)

Thus, under the Agreement, GE ostensibly holds: (1) a non-exclusive, worldwide license to make, use, and sell products under the Patents; (2) the exclusive right to enforce the Patents – that is, "license, bring suit, etc." – against seventeen enumerated companies for their past, present, or future infringement; and (3) the exclusive right to enforce the Patents against "any entity" for past infringement involving the MPEG-2 or MPEG-4 standards (but not, for instance, the JPEG standard). PDIC LLC, accordingly, retained all other rights.

---

[3] Defendants in this action are not among the seventeen companies enumerated in the Agreement.

On January 16, 2010, PDIC LLC transferred "all of its rights, title, and interest" in the Patents to PDIC. (Opp'n 4.) PDIC filed the first of these actions nine days later. (HP Doc. No. 1.)

* * *

PDIC filed suit against the HP Defendants in the Eastern District of Texas on January 25, 2010, asserting that the HP Defendants had infringed the '056 and '103 Patents. (HP Doc. No. 1.) The HP Defendants filed a motion to transfer venue on November 19, 2010, which Judge T. John Ward granted on September 30, 2011. (HP Doc. Nos. 53, 143.) After Plaintiff's motion for reconsideration was denied, the case was transferred to this district and assigned to this Court's docket. (HP Doc. Nos. 165, 166.) The HP Defendants filed their motion to dismiss on March 23, 2012; PDIC responded on April 13, 2012; and the HP Defendants replied on April 23, 2013.[4] (HP Doc. Nos. 221, 234, 242.) The Court heard argument on May 17, 2012.

PDIC filed suit against the Facebook Defendants in the Eastern District of Texas on September 10, 2011, and against Ricoh in the same district on January 26, 2011, asserting that these defendants had infringed the '056 Patent. (Facebook Doc. No. 1; Ricoh Doc. No. 1.) Ricoh moved to transfer venue to this district on February 14, 2012, and the Facebook Defendants moved to transfer venue to the Northern District of California on March 12, 2012. (Ricoh Doc. No. 15; Facebook Doc. No. 62.) On August 23, 2012, Judge Rodney Gilstrap ordered that both actions be transferred to this district. (Ricoh Doc. No. 53; Facebook Doc. No. 141.) The cases were assigned to this Court's docket as related to the HP action on September 14, 2012. (Ricoh Doc. No. 61; Facebook Doc. No. 143.) On November 8, 2012, Ricoh and the Facebook Defendants sought leave to join the HP Defendants' motion to dismiss, which the Court granted on November 13,

---

[4] Discovery in this matter has been stayed pending the Court's resolution of the instant motion to dismiss. (*See* Tr. 36:14-21.) However, on March 23, 2012, the HP Defendants also filed a motion to stay discovery pending reexamination of the asserted patents by the United States Patent and Trademark Office ("USPTO"). (HP Doc. No. 221.) On May 17, 2012, the USPTO confirmed the final of the claims at issue. (*See* HP Doc. No. 281.) The Court therefore denies that motion as moot.

4

2012.  (Ricoh Doc. No. 66; Facebook Doc. No. 185.)  Ricoh and the Facebook Defendants filed a supplemental brief in support of the motion on November 19, 2012, and PDIC responded on November 28, 2012.  (Ricoh Doc. Nos. 72, 75, 77; Facebook Doc. Nos. 192, 195, 202.)

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Accordingly, Rule 12(b)(1) is the proper procedural vehicle for challenges to a plaintiff's standing to sue.  *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006).  As the party "seeking to invoke the subject matter jurisdiction of the . . . court," the plaintiff bears the burden of demonstrating the court's jurisdiction over its claim.  *Scelsa v. City Univ. of N.Y.*, 76 F.3d 37, 40 (2d Cir. 1996).  In deciding a motion to dismiss pursuant to Rule 12(b)(1), a "court may resolve the disputed jurisdictional facts by referring to evidence outside the pleadings, such as affidavits." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

### B.  Standing to Sue for Patent Infringement

Plaintiffs bringing an action for patent infringement – as with any suit – must satisfy constitutional and prudential standing requirements for a court to hear their claim.  *See, e.g.*, *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000).  Constitutional standing to assert an infringement claim is grounded in the Patent Act, which provides that a "patentee shall have remedy by civil action for infringement of his patent."  35 U.S.C. § 281.  The term "patentee" includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee."  *Id.* § 100(d).  Courts have interpreted the statute to create a

legal "right to exclude," that is, to prevent others from "making, using, selling, or offering to sell the patented invention." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). Thus, legal injury occurs pursuant to the Patent Act when a party's exclusionary rights are violated; in other words, a party has constitutional standing to sue when an infringer invades the party's exclusive right to practice the patent. *Id.* Generally, the patentee – or title holder – at the time suit is filed will satisfy this requirement. *See, e.g.*, *Crown Die & Tool v. Nye Tool & Mach. Works*, 261 U.S. 24, 40-41 (1923); *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1318 (Fed. Cir. 2009). However, if the patentee has transferred "all substantial rights" in the patent, rendering the transfer "tantamount to an assignment," the licensee is treated as the effective patentee for standing purposes and may bring suit in its own name. *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010).

By contrast, an exclusive licensee that possesses exclusionary rights, but less than all substantial rights, has constitutional standing to sue but may not do so without joinder of the patentee as a necessary party. *Id.* at 1359-60. Similarly, a patentee that has transferred some but not all substantial rights retains constitutional standing to sue but may be required to join its exclusive licensee. *Id.* at 1360. These prudential constraints are governed by Federal Rule of Civil Procedure 19 and center on two concerns: first, that a patent could be invalidated in a suit brought by a lesser rights holder without the patentee's involvement, and second, that alleged infringers could be exposed to multiple suits arising out of the same patent. *See Morrow*, 499 F.3d at 1340; *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) (citing *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 466 (1926)). Generally, courts must determine whether plaintiffs who have standing but whose claim runs afoul of these prudential concerns can join the necessary party. Failing that, courts must dismiss the claim. *See* Fed. R. Civ. P. 19.

Finally, non-exclusive licensees – those who do not have exclusionary rights and therefore do not suffer legal injury from infringement – lack constitutional standing to sue and need not, and indeed cannot, be joined as necessary parties.  *See, e.g.*, *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1193 (Fed. Cir. 2007); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement."); *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995).  Claims brought by plaintiffs falling into this latter category must be dismissed.  *See Morrow*, 499 F.3d at 1339 ("There are three general categories of plaintiffs encountered when analyzing the constitutional standing issue in patent infringement suits: those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit.").

### III. DISCUSSION

The motion presents two questions: whether PDIC has standing, and if so, whether GE must be joined as a necessary party.  The Court answers the first in the affirmative and the second in the negative.  Accordingly, and for the reasons set forth below, Defendants' motion is denied.

#### A. Standing

As discussed,  a patentee has constitutional standing to sue for infringement unless it has transferred "all substantial rights" in the patent to another.  *See, e.g.*, *Alfred E. Mann*, 604 F.3d at 1359; *Aspex Eyewear*, 434 F.3d at 1341 ("The essential issue regarding the right to sue on a patent is who owns the patent."); *Morrow*, 499 F.3d at 1340 n.6 ("The all substantial rights inquiry is a proxy for the statutory requirement that a party bringing an infringement suit have the interests of a patentee . . . .").  It is plain to the Court that PDIC holds title to the Patents and has not transferred

"all substantial rights" in them. Accordingly, PDIC has standing to bring this suit.

First, PDIC undeniably holds title to the Patents. "Construction of patent assignment agreements is a matter of state contract law." *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1370 (Fed. Cir. 2008). New Jersey law, which governs the Agreement, requires the Court to "examine the plain language of the contract and the parties' intent, as evidenced by the contract's purpose and surrounding circumstances" to discern the Agreement's meaning. (Cunningham Decl. Ex. A ¶ 9.1); *Highland Lakes Country Club & Cmty. Ass'n v. Franzino*, 186 N.J. 99, 115 (2006). The Agreement makes clear that GE "wish[ed] to" and did "sell[], transfer[] and assign[] . . . all of [its] right[s], title, and interest in the Patents" to PDIC LLC, and that PDIC LLC – "[u]pon execution" of this absolute transfer – granted a subset of rights back to GE. (Cunningham Decl. Ex. A ¶¶ 2-4). PDIC LLC then transferred "all of its rights, title, and interest" in the Patents to PDIC, rendering PDIC the owner at the time it filed suit. (Opp'n 4.) Defendants vainly argue that the structure and substance of the Agreement is "irrelevant" because GE never lost its rights "[i]n practice." (Mem. 11). However, this interpretation twists the Agreement's plain language and ignores the parties' evident intent to enter into a sale. *See Mars*, 527 F.3d at 1370 ("A transfer of the 'entire interest' of a patentee in a patent is well known to mean a full assignment of the patent – i.e., transfer of title."). Indeed, it is not clear why GE and PDIC LLC would even include language granting rights back to GE, much less engage in subsequent amendments carving out additional rights, if GE had retained them all along. Thus, the Court concludes that PDIC was the title holder at the time it filed suit.

Second, it is similarly undeniable that PDIC retained substantial rights in the Patents and thus has standing to sue. "[A] patent may not have multiple separate owners for purposes of determining standing to sue. Either the licensor did not transfer 'all substantial rights' . . . and

8

retains the right to sue for infringement, or the licensor did transfer 'all substantial rights' . . . , in which case the licensee becomes the owner of the patent for standing purposes." *Alfred E. Mann*, 604 F.3d at 1359.  The Agreement granted GE a bare license to practice the Patents, in addition to exclusive rights to enforce the Patents against seventeen enumerated companies and "any entity" that infringed on MPEG-2 or MPEG-4 technology.  PDIC retained all other rights in the Patents, including all other enforcement rights as well as the right to sell or transfer title to the Patents as it saw fit.  The Federal Circuit has held that patent owners retained substantial rights – and standing to sue – in far more tenuous circumstances.  For instance, in *Alfred E. Mann*, the court found that a patentee had substantial rights in a patent where its sole retained right was the power to enforce the patent only after its licensee declined to do so.  604 F.3d at 1363.  Here, PDIC retains, at a minimum, litigation rights significantly exceeding those in *Alfred E. Mann*.  Indeed, Defendants allow that PDIC retains substantial rights in the Patents due to its power to sue for infringement concerning JPEG technology.  (*See* Mem. 1.)  But Defendants argue that this is immaterial because PDIC lacks *all* substantial rights.  (*Id.*)  However, Defendants either misunderstand or misstate the law: as owner of the Patents, PDIC need not prove that it *retained* "all substantial rights."  It need only establish that it did not *transfer* "all substantial rights."  PDIC, the Court, and Defendants agree that PDIC retains substantial rights in the Patents.  Accordingly, the Court finds that PDIC has standing to bring these suits.

B.  Joinder of a Necessary Party

Having found that PDIC properly brought suit in its own name, the Court must determine whether the pleadings are nonetheless deficient because GE was not added as a necessary party.  As discussed, joinder of necessary parties is governed by Federal Rule of Civil Procedure 19 and, in this district, Second Circuit precedent.  *See Morrow*, 499 F.3d at 1340; *Katz v. Lear*

*Siegler, Inc.*, 909 F.2d 1459, 1461 (Fed. Cir. 1990).  Accordingly, the Court must determine whether GE is a necessary party, and if so, whether GE is indispensible and dismissal of PDIC's claim appropriate.  *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000).  The moving party bears the burden of establishing that a non-party is necessary, and, in determining whether a party is indispensible, "the preference is for non-dismissal."  *Drankwater v. Miller*, 830 F. Supp. 188, 191 (S.D.N.Y. 1993); *e.g.*, *Davidson Well Drilling, Ltd. v. Bristol-Myers Squibb Co.*, No. 09 Civ. 1431 (SAS), 2009 WL 2135396, at *3 (S.D.N.Y. July 16, 2009).

> A party is "necessary" if:
>
> (1) in that person's absence, the court cannot accord complete relief among existing parties; or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  In patent suits, as noted above, patentees must be joined to prevent invalidation of their patent in their absence, and patentees and exclusive licensees must be joined to prevent multiple suits against alleged infringers arising out of the same patent.  *See Aspex*, 434 F.3d at 1343 (citing *Indep. Wireless Tel. Co.*, 269 U.S. at 466).  Non-exclusive licensees need not (and cannot) be joined because they have neither proprietary interests to protect nor constitutional standing to sue alleged infringers.  *See, e.g.*, *Propat*, 473 F.3d at 1193.

The Supreme Court and Federal Circuit have made clear that parties with the mere right to sue on a patent – cleaved from the right to exclude – fall into the latter category.  *See, e.g.*, *Crown Die & Tool*, 261 U.S. at 42; *Morrow*, 499 F.3d at 1341-42 (no standing where party had exclusive right to sue, but no exclusionary rights); *Propat*, 473 F.3d at 1189, 1191 (no standing where party had exclusive right to sue, and grant and enforce licenses, but lacked sufficient exclusionary rights); *Ortho Pharm.*, 52 F.3d at 1034 (no standing where party had right to sue

and non-exclusive license to practice the patent).  This principle is founded on the concern that allowing a patentee to retain title to a patent while assigning others the right to sue "would give the patentee an opportunity without expense to himself to stir up litigation by third persons." *Crown Die & Tool*, 261 U.S. at 39.  Given that concern, it is immaterial whether parties intended to contract for the right to sue, or whether a patent had expired when the right to sue was transferred.  S*ee, e.g.*, *Ortho Pharm*, 52 F.3d at 1034 ("[A] right to sue clause cannot negate the requirement that, for co-plaintiff standing, a licensee must have beneficial ownership of some of the patentee's proprietary rights."); *Mars*, 527 F.3d at 1372 ("[T]he transfer of the right to sue for past infringement divorced from title creates a risk of unnecessary third-party litigation, whether or not the patent has expired.").  Simply put, the right to sue – exclusive or not – does not confer standing and cannot render a party necessary under Rule 19.  *See Propat*, 473 F.3d at 1194 (affirming dismissal of complaint without determining question of joinder because plaintiff lacked standing to sue and therefore joinder could not cure the constitutional defect).

Given these parameters, the Court concludes that GE lacks constitutional standing and is therefore not a necessary party to this action.  In the Agreements and subsequent amendments, PDIC purportedly granted GE three subsets of rights in the Patents: a non-exclusive, worldwide license; the exclusive right to "enforce" against seventeen enumerated companies, including the right to sue and license; and the exclusive right to "enforce" against "any entity" for past infringement involving MPEG standards.  Though this transfer does not clearly grant exclusionary rights, the HP Defendants asserted at oral argument that GE's exclusive right to license in certain instances amounts to a right to exclude.  (Tr. 32:15-34:7.)  However, the Patents had expired by the time of the transfer, and PDIC had no exclusionary rights to grant.  Accordingly, GE's non-exclusive license and its exclusive right to license the Patents in certain

instances are illusory, and serve as mere window dressing for GE's lone right to sue. The Federal Circuit has declined to find standing in a similar case. In *Mars*, the court held that the transfer of the right to sue on an expired patent was insufficient to confer standing. *See Mars*, 527 F.3d at 1372. Though the appellant in that case argued that "the right to sue for past infringement is the 'only remaining right[ ]' in an expired patent" and should amount to a transfer of title conferring standing, the court determined that only the legal title holder had standing to sue on such a patent because "[t]itle to a patent – even an expired patent – includes more than merely the right to recover damages for past infringement." *Id.* The court supported its holding by emphasizing that "the transfer of the right to sue for past infringement divorced from title creates a risk of unnecessary third-party litigation, whether or not the patent has expired." *Id.* Similarly, permitting PDIC to mete out shares of its power to sue would run afoul of the Supreme Court's admonition that patentee's not be allowed to "stir up litigation by third persons." *Crown Die & Tool*, 261 U.S. at 39; *see also Propat*, 473 F.3d at 1194 (citing *Crown Die* to hold that plaintiff who retained limited right to sue and license lacked standing). Thus, because the Patents had expired by the time of the Agreement, GE received only the right to sue and therefore lacks constitutional standing. While PDIC and GE may have intended otherwise, that intent alone cannot cure this defect. *See Ortho Pharm.*, 52 F.3d at 1034. Because GE lacks standing to enforce the Patents, it is not and cannot be a necessary party to these actions.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendants' motion to dismiss and DENIES the HP Defendants' motion to stay discovery. The Clerk of Court is respectfully directed to close the motions pending at HP Doc. Nos. 218 and 221, and Ricoh Doc. No. 74. IT IS HEREBY ORDERED THAT the parties shall submit a joint letter to the Court no later than

April 2, 2013 discussing the next contemplated steps in each of these actions. IS FURTHER ORDERED THAT the parties shall submit a proposed case management plan to the Court no later than April 2, 2013. A template may be found at: http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=347.

SO ORDERED.

Dated:   March 21, 2013
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-21-13

13

\*   \*   \*

PDIC is represented by Gregory M. Luck, Thomas W. Sankey, Diana M. Sangalli, Wesley W. Yuan, Fiona Bell, and Jennifer Trillsch of Duane Morris LLP, 1330 Post Oak Boulevard, Suite 800, Houston, Texas, 77056; Robert Terry Parker of Duane Morris LLP, 1540 Broadway, New York, New York 10036; Jeffrey S. Pollack of Duane Morris LLP, 30 South 17th Street, Philadelphia, Pennsylvania 19103; Kristina Caggiano of Duane Morris LLP, 505 9th Street, NW, Suite 1000, Washington, DC 20004; Timothy Neil Trop of Trop Pruner & Hu, 1616 S. Voss Road, Suite 750, Houston, Texas 77057; Michael Raymond Casey of Davidson Berquist Jackson & Gowdey, LLP, 4300 Wilson Boulevard, Suite 700, Arlington, Virginia 22203; James L. Reed., Jr. of Looper Reed & McGraw, P.C., 1300 Post Oak Boulevard, Suite 2000, Houston, Texas 77056; and Paul S. Grossman of Friedman & Wittenstein, P.C., 600 Lexington Avenue, New York, New York 10022.

Hewlett-Packard is represented by Sean C. Cunningham and Erin P. Gibson of DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, California 92101; and Brian K. Erickson of DLA Piper US LLP, 401 Congress Avenue, Suite 2500, Austin, Texas 78701.

Fujifilm North America Corporation is represented by Steven J. Routh and Sten A. Jensen of Orrick, Herrington, and Sutcliffe LLP, 1152 15th Street NW, Washington, DC 20005; and Clifford R. Michel of Orrick, Herrington, and Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019.

Xerox International Partners is represented by Richard A. Williamson and Craig S. Kesch of Flemming Zulack Williamson Zauderer LLP, One Liberty Plaza, New York, New York 10006; William H. Mandir, John F. Rabena, Yoshinari Kishimoto, Kelly G. Hyndman, Mark J. Deboy, and Brian K. Shelton of Sughrue Mion, PLLC, 2100 Pennsylvania Avenue, NW, Washington, DC 20037; and J. Thad Heartfield and M. Dru Montgomery of The Heartfield Law Firm, 2195 Dowlen Road, Beaumont, Texas 77706.

Facebook, Inc. is represented by Michael Graham Rhodes and Jeffrey T. Norberg of Cooley LLP, 101 California Street, 5th Floor, San Francisco, California, 94111; Elizabeth L. Stemeshkin, Mark Randolph Weinstein, and Heidi Lyn Keefe of Cooley LLP, 5 Palo Alto Square, 3000 El Camino Real, Palo Alto, California, 94306; and Deron R. Dacus of The Dacus Firm, PC, 821 ESE Loop 323, Suite 430, Tyler, Texas, 75701.

Corbis Corporation is represented by Christopher Schenck of Bracewell & Giuliani, 701 Fifth Avenue, Suite 6200, Seattle, Washington 98104; Alan D. Albright and Benjamin Lee Bernell of Bracewell & Giuliani, 111 Congress Avenue, Suite 2300, Austin, Texas 78701; John Allen Yates of Bracewell & Giuliani, 711 Louisiana Street, Suite 2300, Houston, Texas 77002; and Ramsey M. Al-Salam of Perkins Coie LLP, 1201 Third Avenue, 40th Floor, Seattle, Washington, 98101.

Getty Images (US), Inc. is represented by Manny Joseph Caixeiro of Perkins Coie LLP, 30 Rockefeller Plaza, 25th Floor, New York, New York 10122; and Ramsey M. Al-Salam and Sher S. Kung of Perkins Coie LLP, 1201 Third Avenue, 40th Floor, Seattle, Washington, 98101.

Ricoh Company, Ltd. is represented by Brian Comack and Michael Vincent Solomita of Amster Rothstein & Ebenstein, 90 Park Avenue, 21st Floor, New York, New York, 10016; and Debra Elaine Gunter and Melvin R. Wilcox, III of Yarborough – Wilcox, P.L.L.C., 100 East Ferguson Street, Suite 1015, Tyler, Texas 75702.