**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>              Plaintiff,<br><br>    -v-<br><br>HEWLETT-PACKARD., *et al.,*<br><br>              Defendants. | No. 12 Civ. 779 (RJS) |
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>              Plaintiff,<br><br>    -v-<br><br>FACEBOOK INC., *et al.*,<br><br>              Defendants. | No. 12 Civ. 6973 (RJS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
<u>FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(B)</u>**

## INTRODUCTION

Pursuant to Local Civil Rule 6.3, defendants in the above-captioned lawsuits[1] respectfully move for reconsideration of the Court's March 21, 2013 Memorandum and Order (the "Order") (HP Doc. No. 282; Facebook Doc. No. 213) denying Defendants' motions to dismiss for lack of standing. Reconsideration of an interlocutory order is appropriate where there are "controlling decisions or data that the court overlooked…that might reasonably be expected to alter the conclusions reached by the court," *Ret. Bd. of the Policemen's Annuity and Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon*, Case No. 11 Civ. 5459, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013), or to "correct a clear error or prevent manifest injustice." *New York v. Locke*, No. 08-CV-2503, 2009 WL 2413463, at *2 (E.D.N.Y. Aug. 3, 2009). For at least three such reasons, the Court should reconsider the Order and grant the motions to dismiss. In the alternative, Defendants seek certification of the Order for immediate appeal to the Federal Circuit under 28 U.S.C. § 1292(b), as explained below.

Reconsideration or certification of an interlocutory appeal is especially warranted here, because a correct decision on Defendants' motion to dismiss will impact not only the captioned cases but also numerous additional lawsuits that plaintiff Princeton Digital Image Corporation ("PDIC") has filed on the '056 patent. Over the past five months, PDIC has filed over 50 new complaints for infringement of the '056 patent, including 16 new suits filed after the Court entered its Order. *See* Ex. A hereto. Considerations of judicial economy weigh in favor of resolving the threshold question of PDIC's standing now, before more than 60 defendants and two district courts spend time and resources further litigating PDIC's infringement claims.

---

[1] The defendants are: FUJIFILM North America Corporation, Hewlett-Packard Company and Xerox International Partners in Case No. 12-Civ-779; and Facebook, Inc., Corbis Corporation and Getty Images (US), Inc. in Case No. 12-Civ-6973.

WEST\240829554.1

## ARGUMENT

**I.     RECONSIDERATION IS WARRANTED BECAUSE THE ORDER OVERLOOKS CONTROLLING AUTHORITY, FAILS TO ADDRESS A DISPOSITIVE ISSUE, AND INCORRECTLY ANALYZES GE'S RIGHTS.**

For at least three reasons, the Court should reconsider its Order and dismiss PDIC's complaints for lack of standing.  <u>First</u>, the Order does not cite or address the controlling Federal Circuit opinion in *International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007), which holds that a party with an exclusive right of enforcement within only a particular field of use lacks standing on its own to bring an infringement action.  <u>Second</u>, the Order does not address the requirements of <u>prudential</u> standing—the dispositive issue raised in the motion to dismiss—but rather focuses on PDIC's <u>constitutional</u> standing, which is not disputed.  <u>Third</u>, the Order incorrectly concludes that, because the asserted patents expired before PDIC and GE entered into the Agreement, GE does not have standing to sue, despite the Agreement's conveyance to GE of an "exclusive right to enforce" the asserted patents.  This conclusion is contrary to the Agreement and the weight of authority, which holds that a right to sue for past infringement may validly be assigned or transferred after a patent has expired.

### A.     Reconsideration Is Warranted Because the Order Overlooks the Controlling Federal Circuit Decision in *International Gamco*.

Reconsideration is warranted because the Order overlooks the controlling authority on PDIC's lack of standing, the Federal Circuit's decision in *International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007).  That case holds as a matter of first impression that a party whose right of enforcement is restricted to a particular field of use lacks standing to bring an infringement action in its name only.  *Id*. at 1278-79.  The Federal Circuit noted that allowing such a party to bring suit by itself (and without the party who holds the right to sue in the other field of use) "pose[s] a threat of multiple suits based on the same allegations

of infringement." *Id.* at 1280.  The Federal Circuit held: "Divvying up the rights in the [asserted patents] along subject matter rather than geographic lines would 'permit several monopolies to be made out of one' in a manner not specifically sanctioned by the Patent Act." *Id.*

Here, the Agreement between GE and PDIC falls squarely within *International Gamco* because it divvies up the rights to the patents between different fields of use.  As the Order observed, the Agreement (among other things) grants GE the exclusive right to bring suit or otherwise enforce the asserted patents against "any entity" based on MPEG-2 or MPEG-4, and grants PDIC the exclusive right to license, bring suit, or otherwise enforce the asserted patents based on JPEG or standards other than MPEG-2 and MPEG-4.  Order at 3.  Because GE and PDIC split the exclusive right to sue along "subject matter" lines, *International Gamco* controls. PDIC cannot maintain suit on the asserted patents on its own without joining GE.  If PDIC were allowed to sue on its own, GE and PDIC would have successfully created two monopolies where there should be one, and any defendant who utilizes both JPEG and MPEG-2 could be subject to suit for damages separately by PDIC and GE.  This result would directly conflict with the Patent Act and *International Gamco*.

### B.    Reconsideration Is Warranted Because the Order Overlooks the Prudential Standing Requirements in Denying Defendants' Motions to Dismiss.

Reconsideration also is appropriate because the Order fails to conduct the proper analysis of PDIC's prudential, as opposed to constitutional, standing.  The Order correctly observes that a plaintiff must satisfy both constitutional and prudential standing requirements.  Order at 5, citing *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000).  But it then analyzes only PDIC's constitutional standing (Order at 5-9), which Defendants do not dispute.  For prudential standing, the Federal Circuit has made clear that a plaintiff lacks standing to sue where, as here, enforcement rights under a patent have been divided by subject matter.  *A123*

3

*Systems Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1222 (Fed. Cir. 2010) ("Because HQ is a field-of-use licensee and UT has retained non-overlapping rights in the patents in suit, UT may very well be able to assert infringement claims against A123 that HQ cannot, creating the risk of multiple lawsuits and of inconsistent relief."); *International Gamco, Inc.,* 504 F.3d at 1279 ("an exclusive field of use license subjects an infringer to suit by multiple parties because the license has split the patented subject matter amongst various parties").

Because the Order focuses only on constitutional standing (under which a plaintiff's possession of "any substantial interest" may suffice), rather than on prudential standing, the Court incorrectly concludes that "PDIC need not prove that it <u>retained</u> 'all substantial rights'" to the asserted patents.  Order at 9 (emphasis in original).  But that is precisely what PDIC must show to satisfy prudential standing.  *International Gamco, Inc.*, 504 F.3d at 1278.  And PDIC cannot make such a showing because GE holds exclusive rights in the MPEG-2 and MPEG-4 fields of use.  Under the Agreement, GE received "substantial rights" in the asserted patents, and therefore PDIC on its own does not possess "all substantial rights" required for prudential standing.  *Id; Sicom Sys. Ltd. v. Agilent Techs.*, 427 F.3d 971, 980 (Fed. Cir. 2005).  Because the Order overlooks the requirements of prudential standing, the Court should reconsider the Order and grant Defendants' motion to dismiss.

### C.   Reconsideration Is Warranted Because the Expiration of the Asserted Patents Does Not Impact GE's Exclusive Rights in its Field of Use.

The Order also errs in concluding that GE's exclusive rights under the Agreement are "illusory" because the asserted patents had expired before GE obtained its exclusive rights.  Order at 11-12.  This is important because, as explained above, if GE has "substantial rights" in the asserted patents, PDIC cannot bring suit without GE.  The Federal Circuit has held that "an important substantial right is the exclusive right to sue for patent infringement."  *Sicom Sys. Ltd.*,

4

427 F.3d at 979.  As explained below, it is irrelevant whether that right was granted before or

after the expiration of the patent.  Under the Agreement, GE indisputably has the "exclusive right

to enforce" the asserted patents within its designated field of use, which explicitly includes "all

rights and interest to all past, present, and future claims of infringement…."  Doc. 220, Ex. A ¶

4, emphasis added.  Although neither GE nor PDIC can "exclude" anyone from practicing the

asserted patents after their expiration, both parties can enforce the asserted patents for past

infringement within their assigned fields of use.

     PDIC has exercised its exclusive right to enforce the '056 patent in its field of use

repeatedly in the past several months, filing over 50 new complaints for infringement of that

patent.  Ex. A.  Under the Agreement, GE has the exclusive right to, among other things, (1) sue

for past damages in its MPEG field of use, (2) grant covenants not to sue or releases for past

infringement in its MPEG field of use, (3) sue any or all of 17 companies in any field of use,

and/or (4) retain all revenues generated from its enforcement activities in its fields of use.  HP

Doc. 220, Ex. A ¶ 4.  GE thus holds substantial rights in the asserted patents.  *Propat Int'l Corp.*

*v.  RPost, Inc.*, 473 F.3d 1187, 1191 (Fed. Cir. 2007).  Furthermore, GE is permitted to assign or

transfer its rights under the Agreement without approval of PDIC.  This is an important factor in

determining whether GE holds substantial rights.  *Sicom Sys.*, 427 F.3d at 979 (restriction on the

right to assign was a "fatal reservation of rights").[2]

---

[2]  The Court's conclusion that GE lacked "exclusionary rights" also is inconsistent with the
Federal Circuit's holding that the substance of an agreement controls in this context, not the
labels used therein.  *See, e.g., A123 Sys., Inc.*, 626 F.3d at 1218.   Before it entered into its
Agreement with PDIC in 2009, GE owned the asserted patents and had the exclusive right to
enforce them in all fields of use and against all potential infringers.  After the Agreement, GE
retained the exclusive right to enforce the patents in (1) the MPEG field of use, and (2) against
17 designated companies.  In substance, therefore, GE always retained the right to enforce the
Patents in those two areas.  These facts also distinguish each of the cases relied on in the Order
that involve parties acquiring rights to sue absent previous ownership of the patent.

The fact that the '056 patent was expired when PDIC and GE entered into the Agreement is irrelevant, and the Order errs in concluding that a patent owner cannot transfer the right to sue on a patent after the patent expires.  Order at 12, *citing Crown Die & Tool v. Nye Tool & Mach. Works*, 261 U.S. 24, 39 (1923).  The Supreme Court's decision in *Crown Die* does not involve expired patents.  Moreover, *Crown Die* does not prohibit outright the transfer of rights to sue under a patent, but instead holds that a licensee with the right to sue cannot "bring suit for past infringements <u>without joining with it the owner of the patent</u>."  *Id*. at 39-40, emphasis added. *Crown Die* also does not support the conclusion that GE lacks substantial rights and constitutional standing, as the Order suggests.  Indeed, the Court's reading of *Crown Die* is inconsistent with several district court standing decisions involving expired patents.  *New Medium Techs. LLC v. Barco N.V., et al.*, 644 F. Supp. 2d 1049, 1060-1061 (N.D. Ill. 2007) (exclusive licensee had standing to sue, even though right to sue was transferred after expiration of patent, because right to sue was the only substantial right left in the patent at that time); *Valmet Paper Machinery, Inc. v. Beloit Corp.*, 868 F. Supp. 1085, 1087 (W.D. Wis. 1994) ("the right to sue for past infringement may indeed be assigned after a patent has expired and the assignee of such a right can maintain an infringement suit in its own name"); *Keranos, LLC v. Analog Devices, Inc. et al.*, Case No. 2:10-cv-207, 2011 WL 4027427, at *3-4 (E.D. Tex. Sept. 12, 2011) (license conveying right to sue for past infringement was sufficient to confer standing).

The Order's reliance on *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir. 2008) is equally misplaced.  Unlike *Mars*, the question of which party (PDIC or GE) owns title to the asserted patents is not disputed.  The *Mars* court "addressed whether a party was an <u>implied</u> exclusive licensee of the patents in suit in the absence of a written agreement explicitly granting the party exclusionary rights in the patents."  *WiAV Solutions LLC v. Motorola, Inc.*,

631 F.3d 1257, 1266 (Fed. Cir. 2010).  The conclusion in *Mars* that the licensee lacked

constitutional standing is irrelevant here.  Because GE has exclusive rights to enforce the patents

in the MPEG field of use and against the 17 enumerated companies, PDIC does not have "all

substantial rights" in the asserted patents.  PDIC therefore lacks prudential standing and cannot

maintain these lawsuits on its own.  Order at 6 (where a plaintiff runs afoul of prudential

standing concerns, its claims must be dismissed).

## II.    IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL.

If the Court does not order reconsideration and grant Defendants' motion to dismiss, the

Court should certify the Order for interlocutory appeal to the Federal Circuit.  Under 28 U.S.C.§

1292(b):

> [A] district court may certify an order for interlocutory appeal if
> the district judge "is of the opinion that such order involves a
> controlling question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal may
> materially advance the ultimate termination of the litigation."

*Ret. Bd. of the Policemen's Annuity and Benefit Fund of the City of Chi.*, 2013 WL 593766 at *5

(*quoting U.S. v. Culbertson*, 598, F.3d 40, 45 (2d Cir. 2010)).

The Order satisfies the criteria for interlocutory appeal.  The question of PDIC's standing

is a controlling question of law, because the Court may exercise subject matter jurisdiction only

if PDIC had standing to sue at the time it filed suit.  Order at 5, citing *Prima Tek II, L.L.C.,* 222

F.3d at 1377.  Significantly, the Federal Circuit has previously recognized that questions

regarding a plaintiff's standing to bring an infringement claim are appropriate for resolution by

interlocutory appeal under 28 U.S.C.§ 1292(b).  *See e.g. Int'l Gamco, Inc. v. Multimedia Games,*

*Inc.*, 206 Fed. Appx. 978 (Fed. Cir. 2006); *Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Durtal SA*, 345

Fed. Appx. 565 (Fed. Cir. 2009).

Further, Defendants expect PDIC to argue that existing patent standing decisions by the Supreme Court and the Federal Circuit do not address the precise factual scenario presented in this case.  Specifically, PDIC is likely to argue that the controlling case law does not squarely address the question of whether a party has prudential standing to sue on its own where certain exclusionary rights, including the right to sue, were transferred after expiration of the patents at issue.  Defendants' position here is strongly supported by existing case law, but at a minimum, there is a substantial ground for difference of opinion on this issue.  As discussed above, the Order conflicts with the decisions of other district courts that have ruled on similar issues.

Finally, an immediate appeal would materially advance the ultimate disposition of the cases before this Court, as well as the 52 other infringement lawsuits PDIC has filed in the District of Delaware.  Certification of the prudential standing issue for interlocutory appeal will avoid the potential unnecessary expenditure of resources by the Courts, by PDIC and by more than 60 defendants, in the event the Federal Circuit rules in Defendants' favor on appeal.  Accordingly, considerations of judicial economy are best served by certifying for interlocutory review the question of whether PDIC has prudential standing to maintain these suits on its own.

## CONCLUSION

For the reasons set forth above, the Court should either reconsider its March 21, 2013 Order and grant Defendants' motion to dismiss, or certify the Order for immediate appeal to the Federal Circuit Court of Appeals under 28 U.S.C. § 1292(b).

Dated:  April 5, 2013

s/ Sean C. Cunningham
Sean C. Cunningham (*pro hac vice*)
sean.cunningham@dlapiper.com
Erin P. Gibson (*pro hac vice*)
erin.gibson@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101

8

Telephone: 619-699-2700
Facsimile: 619-699-2701

Brian K. Erickson (*pro hac vice*)
brian.erickson@dlapiper.com
**DLA PIPER US LLP**
401 Congress Ave., Suite 2500
Austin, TX 78701-3799
Telephone: 512-457-7059
Facsimile: 512-457-7001

**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY**

*s/ Steven J. Routh (with permission)*
Steven J. Routh (*pro hac vice*)
srouth@orrick.com
LEAD ATTORNEY
Sten A. Jensen (*pro hac vice*)
sjensen@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1152 15th Street, NW
Washington DC 20005
Telephone: 202-339-8400
Facsimile: 202-339-8500

Clifford R. Michel
cmichel@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Telephone: 212-506-5000
Facsimile: 212-506-5151

**ATTORNEYS FOR DEFENDANT FUJIFILM
NORTH AMERICA CORPORATION**

*s/ Richard A. Williamson (with permission)*
Richard A. Williamson
rwilliamson@fzwz.com
Craig S. Kesch
ckesch@fzwz.com
**FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP**
One Liberty Plaza
New York, New York 10006-1404

9

Tel: (212) 412-9500
Fax: (212) 964-9200

William H. Mandir (*pro hac vice*)
wmandir@sughrue.com
John F. Rabena (*pro hac vice*)
jrabena@sughrue.com
Yoshinari Kishimoto (*pro hac vice*)
ykishimoto@sughrue.com
Kelly G. Hyndman (*pro hac vice*)
kghyndman@sughrue.com
Brian K. Shelton (*pro hac vice*)
bshelton@sughrue.com
**SUGHRUE MION, PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037
Telephone:    202-775-7515
Facsimile:     202-293-7860

**ATTORNEYS FOR DEFENDANT
XEROX INTERNATIONAL PARTNERS**


*/s/ Heidi Lyn Keefe (with permission)*
Heidi Lyn Keefe
Elizabeth L. Stameshkin
Mark Randolph Weinstein
Cooley LLP
5 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: 650-843-5000
Facsimile: 650-849-7400
hkeefe@cooley.com
lstameshkin@cooley.com
mweinstein@cooley.com

Michael Graham Rhodes
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone:  415-693-2000
Facsimile:  415-963-2222
rhodesmg@cooley.com

Jeffrey Norberg
Cooley, LLP
3175 Hanover Street
Palo Alto, CA 94304

WEST\240829554.1

Telephone: 650-843-5000
Facsimile: 650-857-0663
jnorberg@cooley.com

Deron R. Dacus
The Dacus Firm, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903-705-1117
Facsimile: 903-705-1117
ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT
FACEBOOK, INC.**

*/s/ Christopher Schenck (with permission)*
Christopher Schenck
Bracewell & Giuliani – Seattle
701 Fifth Avenue, Suite 600
Seattle, WA 98104
Telephone: 206-204-6200
Facsimile: 206-204-6262
chris.schenck@bgllp.com

Alan D. Albright
Benjamin Lee Bernell
Bracewell & Giuliani – Austin
111 Congress Avenue, Suite 2300
Austin, TX 78701
Telephone: 512-472-7800
Facsimile: 512-472-9123
alan.albright@bgllp.com
ben.bernell@bgllp.com

John Allen Yates
Bracewell & Giuliani – Houston
711 Louisiana St., Suite 2300
Houston, TX 77002
Telephone: 713-221-1375
Facsimile: 713-222-3296
jay.yates@bgll.com

**ATTORNEYS FOR DEFENDANT
CORBIS CORPORATION**

*/s/ Ramsey M. Al-Salam (with permission)*

WEST\240829554.1

Ramsey M. Al-Salam
Sher S. Kung
Perkins Coie LLP (Seattle)
1201 Third Avenue, 40th Floor
Seattle, WA 98101
Telephone: 206-359-6385
Facsimile: 206-359-7385
skung@perkinscoie.com
ralsalam@perkinscoie.com

Manny Joseph Caixeiro
Perkins Coie LLP
30 Rockefeller Plaza, 25th Floor
New York, NY 10112
Telephone: 212-977-6900
Facsimile: 212-977-1649
mcaixeiro@perkinscoie.com

**ATTORNEYS FOR DEFENDANT
GETTY IMAGES (US), INC.**