IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>PLAINTIFF,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, FUJIFILM NORTH AMERICA CORPORATION F/K/A FUJIFILM U.S.A., INC. AND XEROX INTERNATIONAL PARTNERS,<br><br>DEFENDANTS. | CASE NO.:  1:12-CV-00779-RJS |

**RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OR CERTIFICATION OF THE ISSUE OF PDIC'S STANDING**

**DUANE MORRIS, LLP**
Gregory M. Luck, P.C. (*pro hac vice*)
Thomas W. Sankey, P.C. (*pro hac vice*)
Diana M. Sangalli (*pro hac vice*)
Wesley W. Yuan (*pro hac vice*)
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Telephone: (713) 402-3900
Facsimile:  (713) 402-3901

Jeffrey S. Pollack (*pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  (215) 979-1299
Facsimile:  (215) 689-4942

Kristina Caggiano (*pro hac vice*)
Suite 1000
505 9th Street, N.W.
Washington, DC 20004-2166
Telephone: (202) 776-5284
Facsimile: (202) 478-2965

R. Terry Parker
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1089
Facsimile: (212) 214-0725

*Attorneys For
Plaintiff Princeton Digital Image Corporation*

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ..................................................................................................1

II. ARGUMENT ..........................................................................................................................1

    A.  Defendants' Motion For Reconsideration Should Be Denied Because They Do No More Than Rehash Arguments This Court Expressly Rejected .................. 1

        1.  The Court Addressed Prudential Standing Issues And Did So In The Manner Dictated By Federal Circuit Precedent .......................................... 2

        2.  The Court Correctly Found that GE Is Not a Necessary Party Because It Lacks Article III Standing .......................................................................... 4

        3.  *International Gamco* Does Not Suggest A Contrary Result ....................... 6

    B.  Defendants Fail to Meet the Standard for Reconsideration ................................... 7

    C.  Defendants Fail To Meet The Standard For Certification Under 28 U.S.C. § 1292(b) ................................................................................................................ 8

III. CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

**Federal Cases**

*Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.,* 604 F.3d 1354 (Fed. Cir. 2010) ................................................................................................................ 2-4

*Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237 (Fed. Cir. 1993) .......................................... 10

*Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369 (S.D.N.Y. 2008) ...................... 8

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) .................................................................... 8

*Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 185 F.3d 879 (Fed. Cir. 1998) ........................ 9

*Doe v. NYC Dep't of Soc. Servs.*, 709 F.2d 782 (2d Cir. 1983) ...................................................... 7

*EEOC v. Local 638 . . . Local 28 of The Sheet Metal Workers' Int'l Ass'n*, No. 71-CV-2877, 2001 WL 12007 (S.D.N.Y. Jan. 3, 2001) ............................................................... 7

*Flor v. BOTFin. Corp.*, 79 F.3d 281 (2d Cir. 1996) ....................................................................... 8

*Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378 (S.D.N.Y. 2010) ...................... 7

*Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 206 Fed. Appx. 978 (Fed. Cir. 2006) ............... 9-10

*International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007) ........ 1-3, 6

*King Pharm., Inc. v. Teva Pharm. USA, Inc.*, 185 Fed. Appx. 939 (Fed. Cir. 2006) ................... 10

*Kittay v. Korff (In re Palermo),* No. 08 CV 7421, 2011 WL 44629 (S.D.N.Y. Feb. 4, 2011) ............................................................................................................................. 7

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) ................................................ 10

*Marrero Pichardo v. Ashcroft*, 374 F.3d 46 (2d Cir. 2004) ........................................................... 7

*Mars Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir. 2008) ......................................... 2-3, 5

*Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007) .................................................... 3, 5

*Omniglow Corp. v. Unique Indus., Inc.*, 38 Fed. Appx. 574 (Fed. Cir. 2002) ............................. 11

*Pin/Nip, Inc. v. Platte Chemical Co.*, 250 F.3d 754 (Fed. Cir. 2000) ............................................ 9

*Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007) .......................................... 5

DM2\4211496.1

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390 (S.D.N.Y. 2000) ...................... 8

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................................................. 7

*Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir. 2005) ....................................... 2-3

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305 (Fed Cir. 2010) ............................................................................................................................ 4

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753 (S.D.N.Y. Apr. 12, 2007) ............................................................................. 9

*Spread Spectrum Screening LLC, v. Eastman Kodak Co.*, 657 F.3d 1349 (Fed. Cir. 2011) ........... 8

*Stone v. Patchett*, No. 08 Civ. 5171, 2009 WL 1544650 (S.D.N.Y. June 2, 2009) ......................... 9

*Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481 (Fed. Cir. 1998) ............................................... 5

*Tortora v. SBC Communs., Inc.*, No. 09-CV-7895, 2010 WL 3734110 (S.D.N.Y. Sept. 23, 2010) ................................................................................................................... 8

*Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Durtal SA*, 345 Fed. Appx. 565 (Fed. Cir. 2009) ......... 9-10

*Unigene Labs., Inc. v. Apotex, Inc.*, 2009 WL 3682179 (S.D.N.Y. Oct. 30, 2009) ....................... 10

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ............................ 7

*WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257 (Fed. Cir. 2010) ........................................ 3

**Federal Statutes**

28 U.S.C. § 1252(B) ......................................................................................................................... 8

28 U.S.C. § 1292(b) ......................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 5(d) ........................................................................................................................ 13

Rule 19 ......................................................................................................................................... 2-3

**I.      PRELIMINARY STATEMENT**

The HP and Facebook Defendants[1] have each moved to dismiss PDIC's claims against them on the basis of PDIC's alleged lack of standing.  As a result of these motions, this case has been stayed for some eleven months.  On March 21, 2013, this Court issued an order denying Defendants' motions and denying their motion to stay ("Order").

Further delaying adjudication of these matters, Defendants now move for reconsideration, or in the alternative, certification of the standing issue for interlocutory appeal.  Defendants neither cite new law nor highlight new evidence that would justify the extraordinary relief of reconsideration.  Defendants claim that controlling authority has been overlooked by this Court yet identify none.  They claim that a substantial ground for a difference of opinion exists on the standing issue but identify no conflict in the applicable authority that would support certification to the Federal Circuit.  To the contrary, Defendants' brief does no more than reassert the same arguments that the Court considered and expressly rejected in its Order.  Defendants' Motion should be denied.

**II.     ARGUMENT**

   **A.     Defendants' Motion For Reconsideration Should Be Denied Because They Do No More Than Rehash Arguments This Court Expressly Rejected**

Defendants assert that reconsideration is warranted because the Order (1) does not address the requirements of prudential standing; (2) reflects an erroneous conclusion, namely, that GE does not have constitutional standing; and (3) does not cite or address *International Gamco, Inc. v. Multimedia Games, Inc*., 504 F.3d 1273 (Fed. Cir. 2007).  All of these proffered

---

[1] "HP Defendants" refers to Hewlett-Packard Company, Fujifilm North America Corporation, and Xerox International Partners.  "Facebook Defendants" refers to Facebook, Inc. Corbis Corporation, and Getty Images (US), Inc.  "Defendants" refers to both the Facebook Defendants and the HP Defendants.

reasons for reconsideration are without merit. In the end, Defendants merely restate the arguments that this Court properly rejected in the Order.

### 1. The Court Addressed Prudential Standing Issues And Did So In The Manner Dictated By Federal Circuit Precedent

Contrary to Defendants' assertions, the Court addressed prudential standing issues when it considered whether GE had to be joined as a party under Rule 19. (Order at 6, 9-12). This was consistent with Federal Circuit precedent. *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1363 (Fed. Cir. 2010) (remanding patentee's infringement suit so that trial court could address whether an exclusive licensee had to be joined under Rule 19). Because the Court found that GE was nothing more than a non-exclusive licensee with only defined rights to sue, the Court correctly concluded that GE did not have constitutional standing to sue for patent infringement (even in the areas the Agreement purported to grant GE a right to sue). As a result, GE could not be a necessary party. (Order at 11). The Court's conclusion is correct and well-supported by Federal Circuit decisions. *See, e.g., Mars Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008) ("Only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit; a non-exclusive licensee does not."); *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement.").

Because GE lacks constitutional standing, no defendant can be subject to multiple suits. Thus, traditional prudential standing concerns – such as protecting defendants from multiple suits – are not implicated here. *See, e.g., International Gamco*, 504 F.3d at 1278 (describing the risk of multiple suits and noting that "[t]o alleviate this risk, this court's prudential standing requirement compels an exclusive licensee with less than all substantial rights, such as a field of

use licensee, to join the patentee before initiating suit.").[2] Nonetheless, Defendants rely on cases such as *International Gamco* to argue once again that PDIC must show that it has all substantial rights in order to "satisfy prudential standing." (Def. Br. at 4). As pointed out in both briefing cycles, this argument is a *non sequitur*. As the successor-in-title to the patents, PDIC need not show that it possesses "all substantial rights" in order to sue for infringement. The "all substantial rights" inquiry is one reserved to determine whether a *licensee* can sue in its own name. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339-40, n. 6 (Fed. Cir. 2007). Whether GE (or any other party) must be joined in PDIC's suit is a Rule 19 question, *Alfred E. Mann Found.*, 604 F.3d at 1363, and, as *Alfred E. Mann Foundation* shows, not a question that is answerable as a matter of law even where an exclusive licensee exists.

Bottom line: Neither *International Gamco* nor any other case Defendants cite stands for the principle that a patentee such as PDIC must show that it has "all substantial rights" in order to maintain an infringement suit without joining a non-exclusive licensee with only specified rights to sue. Because such a licensee cannot maintain an infringement action, *Mars Inc.*, 527 F.3d at 1367; *Sicom Sys.*, 427 F.3d at 976, traditional prudential standing concerns simply do not arise here, and there is no need to join the licensee.

Like those advanced twice before, Defendants' arguments fail in part because they seek to treat PDIC as though it were a licensee instead of a successor-in-title to the patents-in-suit. Defendants once again mischaracterize the nature of the transaction between GE and PDIC as

---

[2] Exclusive licensees can have constitutional standing if an alleged infringer encroaches on their exclusive right to practice the patent. *See, e.g.*, *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264-65 (Fed. Cir. 2010) (describing that exclusive licensees have standing because they hold exclusionary rights protected by the Patent Act). As a result, an alleged infringer could find itself named in suits initiated by either the patentee or the exclusive licensee.

3

somehow resulting in a division of title or a reservation of rights in GE.  (Def. Br. at n.2).  As this Court correctly found, PDIC purchased all rights, title and interest in and to both the '056 and '103 patents.  (Order at 2-3).  This conveyance of title to PDIC, and the fact that PDIC did not transfer "all substantial rights" to GE,[3] means that PDIC is a patentee with Article III standing.  *Alfred E. Mann Found.*, 604 F.3d at 1359-60 ("Either the licensor did not transfer 'all substantial rights' to the exclusive licensee, in which case the licensor remains the owner of the patent and retains the right to sue for infringement, or the licensor did transfer 'all substantial rights' to the exclusive licensee, in which case the licensee becomes the owner of the patent for standing purposes and gains the right to sue on its own.").  GE, by contrast, is a non-exclusive licensee without constitutional standing.  Under these circumstances, joinder of GE would be in error.  *Cf. Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317-18 (Fed Cir. 2010) (concluding that trial court abused its discretion in allowing plaintiff to join an entity not shown to be a patent owner or an exclusive licensee).  The Court correctly rejected Defendants' arguments.  (Order at 9).

### 2. The Court Correctly Found that GE Is Not a Necessary Party Because It Lacks Article III Standing

The 2009 Patent Purchase and License Agreement purports to give GE the right to sue 17 specific entities for infringement and the right to sue anyone for infringement in the MPEG-2 or MPEG-4 fields of use.  The Agreement further provides that GE was granted a *non-exclusive* license.  (The absence of a grant of exclusionary rights is consistent with the fact that the patents had expired at the time the Agreement was executed).  Not only does GE not possess "all

---

[3]  The Facebook Defendants in earlier briefing admitted that GE does not have "all substantial rights."  (Supp. Br. at 7 ["[T]here is no dispute that GE does not possess 'all substantial rights' to the patents."]).

substantial rights," *Alfred E. Mann Found.*, 604 F.3d at 1360 (the first requirement for a licensee to have "all substantial rights" is that the licensee be an exclusive licensee with the power to exclude others from practicing the patent), it has only limited rights to sue. As a non-exclusive licensee holding only certain rights to sue, GE does not have Article III standing and thus cannot bring suit even if it joined PDIC. As the Court illustrated in the Order, a long line of Federal Circuit decisions support this conclusion. (Order at 10-11, 12).

Defendants' arguments to the contrary have no basis in Federal Circuit decisions. Defendants' argument that an "exclusive right to sue" is a "substantial right" misses the mark: even accepting that a right to sue is a "substantial right," the holder of only "an exclusive right to sue" cannot sue for patent infringement. *See, e.g.*, *Morrow*, 499 F.3d at 1344 (entity holding rights to sue and no exclusionary rights did not have constitutional standing); *Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1194 (Fed. Cir. 2007) (concluding, that an entity granted only the right to sue and to license did not have sufficient rights so as to be able to sue for infringement even with the patent owner as co-plaintiff); *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485 (Fed. Cir. 1998) ("A 'right to sue' provision within a license cannot, of its own force, confer standing on a bare licensee."). None of the Federal Circuit cases Defendants cite suggests otherwise. Indeed, as the Court recognized (Order at 12), *Mars* shows that the holder of *all* rights to sue (but not title) to an expired patent does not have standing to sue. 527 F.3d at 1372. If Mars' possession of all rights to sue was insufficient, certainly GE's possession of a subset of those rights is also insufficient. Defendants' attempt to evade *Mars* by focusing on an earlier (and inapplicable) portion of that decision must be rejected. (Def. Br. at 6-7). *Compare Mars*, 527 F.3d at 1367-68 (addressing issues related to the pre-1996 period) *with id.* at 1371-72 (addressing issues related to the 1996-2003 period).

Defendants' assertion that the Court concluded that "a patent owner cannot transfer the right to sue after the patent expires" (Def. Br. at 6) is equally off the mark: the Court came to no such conclusion. The main point underlying the Court's description of *Crown Die* appears to be the well-accepted principle that a patent owner cannot divide its monopoly through transfers of a right to sue. The Court's Order is perfectly consistent with that principle; a contrary result would not be.

### 3. *International Gamco* Does Not Suggest A Contrary Result

Defendants also argue that the "Order overlooks the controlling authority on PDIC's lack of standing," citing *International Gamco*. (Def. Br. at 2). *International Gamco* was discussed before the Court extensively in both briefing cycles of this issue.[4] Defendants identify no facts to support their claim that this holding was "overlooked" by this Court in its Order.

Merely because the Court may not have *cited* this opinion in its Order does not mean the case was *overlooked*. The Court properly did not rely on *International Gamco*: that case involved an *exclusive licensee* initiating a suit without joining the patent holder. *See International Gamco*, 504 F.3d at 1275-76. It did not involve a suit initiated by a patent holder (PDIC) without joining a *non-exclusive licensee* (GE). *See id*. As a result, *International Gamco* does not represent "authority" on "PDIC's lack of standing." That GE has what Defendants describe as a division of rights to sue by field-of-use does not make *International Gamco* "controlling." Neither *International Gamco* nor any other decision Defendants rely on supports an assertion that GE must be joined in order for PDIC to maintain these actions.

---

[4] Technically, *International Gamco* has been paraded before the Court on seven different occasions, in the HP Defendants' opening papers, in PDIC's opposition papers, in the HP Defendants' reply papers, at oral argument on May 17, 2012, in the Facebook Defendants' "Supplemental" briefing, and in PDIC's response thereto.

6

### B.     Defendants Fail to Meet the Standard for Reconsideration

In sum, Defendants utterly fail to show that they are entitled to the extraordinary remedy of reconsideration. *Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) ("Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." [internal quotation marks and citation omitted]).  They have not shown the exceptional circumstances that support a grant of a motion for reconsideration:  Defendants neither identify an intervening change of controlling law, point to new evidence that has now become available, identify a clear error that needs correction, nor demonstrate how reconsideration is necessary to prevent manifest injustice. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (noting that such motions are "granted only upon a showing of exceptional circumstances." [citation omitted]); *Doe v. NYC Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (listing the exceptional circumstances under which such motions may be granted); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (same); *EEOC v. Local 638 . . . Local 28 of The Sheet Metal Workers' Int'l Ass'n*, No. 71-CV-2877, 2001 WL 12007, at *1 (S.D.N.Y. Jan. 3, 2001) (same).  They have not identified "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Instead, Defendants have simply rehashed arguments the Court has already considered and rejected, and accordingly, their Motion should be denied. *See Shrader*, 70 F.3d at 257 (holding that a court will deny a Motion for Reconsideration where the movant merely "seeks solely to re-litigate an issue already decided"); *Kittay v. Korff (In re Palermo),* No. 08 CV 7421, 2011 WL 44629, at *9, *22-*23 (S.D.N.Y. Feb. 4, 2011) (denying reconsideration where movant

7

merely repeated previous arguments); *see also Tortora v. SBC Communs., Inc.*, No. 09-CV-7895, 2010 WL 3734110, at *2 (S.D.N.Y. Sept. 23, 2010) (manifest injustice not found where movant offered "nothing more than a distillation of the unsuccessful arguments" already rejected by the court); *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) (motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court.").

### C. Defendants Fail To Meet The Standard For Certification Under 28 U.S.C. § 1292(b)

Certifying a non-final order for interlocutory appeal is a rare and extraordinary action. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.*; *Flor v. BOTFin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996) (limiting certification to such exceptional circumstances); *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (denying request for interlocutory appeal and stating that an interlocutory appeal is "a rare exception where, in the discretion of the district judge, it may avoid protracted litigation").

Indeed, certifying interlocutory appeals is so disfavored that this Court may, in its discretion, decline to certify an order, *even where all the factors set out in 28 U.S.C. § 1292(b) are met*. *See e.g.*, *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007) (declining to certify interlocutory appeal) (emphasis added). Even if Defendants met the statutory standard for certification—which they do not—they have identified no exceptional circumstances that would justify the exercise of the Court's discretion to depart from the basic policy of litigating the case to a final judgment before

8

allowing appellate review. Moreover, Defendants have not satisfied the statutory requirements in the first place.

A court has statutory authority to certify an interlocutory appeal only where it believes that the order involves "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Neither of these two factors is satisfied here.

First, "[t]he question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Stone v. Patchett*, No. 08 Civ. 5171, 2009 WL 1544650, at *2 (S.D.N.Y. June 2, 2009) (internal quotes omitted). The certification must "state a clear question of law set in the context of indisputable facts." *Pin/Nip, Inc. v. Platte Chemical Co.*, 250 F.3d 754 (Fed. Cir. 2000). The Federal Circuit denies certification where "the issues appear to concern the law as applied to specific facts." *Dethmers Mfg. Co. v. Automatic Equip. Mfg. Co.*, 185 F.3d 879 (Fed. Cir. 1998).

Although certain questions of standing have been certified for interlocutory appeal in the past, *see e.g.*, *Int'l Gamco, Inc. v. Multimedia Games, Inc.*, 206 Fed. Appx. 978 (Fed. Cir. 2006) (unpublished); *Tri-Star Elecs. Int'l, Inc. v. Preci-Dip Durtal SA*, 345 Fed. Appx. 565 (Fed. Cir. 2009) (unpublished), the Federal Circuit has never suggested that standing questions are *per se* certifiable, nor has it suggested that denying those certifications would have been an abuse of discretion. This Court has clarified that where (as here) the parties do not dispute the controlling precedent, but rather dispute whether and how that precedent should apply the facts, a resulting order does not "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." *Unigene Labs., Inc. v. Apotex, Inc.*, 2009 WL 3682179, at *1 (S.D.N.Y.

9

Oct. 30, 2009).

Unlike the standing questions presented in *Int'l Gamco* and *Tri-Star*, the question of standing presented here is not a pure question of law. The parties here do not disagree on what the relevant cases hold, rather, they disagree on how those cases apply to the peculiar facts at hand. That PDIC is the *owner* of the asserted patents, and not a *licensee*, is a fact. *See Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993) (evaluating patent ownership as a question of legal title based on underlying questions of fact). That GE has a non-exclusive license to practice the patents is a fact. The effect of the transfer of rights following expiration of the patents here is also an application of law to fact. Thus the ultimate determination that PDIC has standing to sue without joining GE presents an application of law to fact. Defendants' standing argument is thus not the kind of pure legal question that is appropriate for interlocutory appeal.

Second, the requirement that there be a "substantial ground for difference of opinion" is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult *and* one of first impression. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). Defendants have pointed to no conflicting authority on the issue. *See King Pharm., Inc. v. Teva Pharm. USA, Inc.*, 185 Fed. Appx. 939 (Fed. Cir. 2006) (unpublished) (denying certification where the motion "points to no judicial opinions that are in conflict."). Indeed, as noted above, Defendants cite no supporting authority for their arguments that (1) PDIC must have "all substantial rights" in order to maintain its suit without joining GE and (2) GE's possession of certain rights to sue on an expired patent is sufficient to give it constitutional standing and thereby raise prudential standing concerns. Alleging that this Court's Order conflicts with the inapplicable authority cited in Defendant's briefing is not an identification of

10

conflicting authority.

Additionally, Defendants do not allege that the issue is particularly difficult or one of first impression. Although the particular facts of this case are unique, unique facts do not make an issue one of "first impression." *See Omniglow Corp. v. Unique Indus., Inc.*, 38 Fed. Appx. 574 (Fed. Cir. 2002) (unpublished) (denying certification where the court was "not persuaded on the papers here that the district court has created a new rule rather than applying the law to the facts of this particular case."). The Court's Order is consistent with the relevant law, as cited in PDIC's briefing. That the Defendants disagree with the Court on its application of the law to the facts is not the kind of "substantial disagreement" contemplated by the statute.

Defendants have thus not met the statutory requirements for permitting certification of an interlocutory appeal. Even if they had, Defendants have not demonstrated that there are exceptional circumstances here that justify the extraordinary measure of such certification. Therefore, this Court cannot certify the Order for interlocutory appeal to the Federal Circuit, and even if it could, it must decline to do so.

### III.     CONCLUSION

Defendants fail to identify any intervening change in the controlling law or new evidence and thus do not meet the standard in the Second Circuit for reconsideration of the Court's March 21, 2013 Order. To the contrary, Defendants' arguments do no more than rehash the same arguments twice made before this Court. Similarly, Defendants fail to show those exceptional circumstances which would warrant an appeal of this matter prior to the entry of final judgment.

Defendants' Motion should be denied.


Dated: April 12, 2013                                       By: /s/ R. Terry Parker
                                                                          R. Terry Parker
                                                                          **DUANE MORRIS, LLP**

11

1540 Broadway
New York, New York 10036
Telephone: (212) 692-1089
Facsimile: (212) 214-0725

Gregory M. Luck, P.C. (*admitted pro hac vice*)
Thomas W. Sankey, P.C. (*admitted pro hac vice*)
Diana M. Sangalli (*admitted pro hac vice*)
Wesley W. Yuan (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Telephone: (713) 402-3900
Facsimile:  (713) 583-9623

Jeffrey S. Pollack (*admitted pro hac vice*)
**DUANE MORRIS, LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  (215) 979-1299
Facsimile:  (215) 689-4942

**ATTORNEYS FOR PLAINTIFF,
PRINCETON DIGITAL IMAGE
CORPORATION**

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was filed by CM/ECF on this the 12th day of April, 2013, by which counsel of record should be served, notably:

William H. Mandir ( wmandir@sughrue.com)
Yoshinari Kishimoto (ykishimoto@sughrue.com)
Brian K. Shelton (bshelton@sughrue.com)
Kelly G Hyndman(kghyndman@sughrue.com)
John F Rabena (jrabena@sughrue.com)
Mark J. Deboy (mdeby@sughrue.com)
**Sughrue Mion PLLC**
2100 Pennsylvania Ave., NW
Washington, DC  20037

J. Thad Heartfield (thad@jth-law.com)
M. Dru Montgomery  (dru@jth-law.com)
**The Heartfield Law Firm**

Richard A. Williamson (rwilliamson@fzwz.com)
Craig S. Kesch (ckesch@fzwz.com)
**Flemming Zulack Williamson Zauderer, LLP**
One Liberty Plaza
New York, NY 10006

**Attorneys for Defendant**
**Xerox International Partners**

Steven J. Routh (sjrouth@orrick.com)
Sten A. Jensen (sjensen@orrick.com)
**Orrick, Herrington & Sutcliffe LLP**
1152 15th Street, NW
Washington DC  20005
Clifford R. Michel (cmichel@orrick.com)

**Attorneys for Defendant**
**Fujifilm North America Corporation**

Brian K. Erickson (brian.erickson@dlapiper.com)
**DLA Piper US LLP**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799

Erin P. Gibson (erin.gibson@dlapiper.com)

Sean C. Cunningham (scunningham@graycary.com)
Gray Cary Ware & Freidenrich, LLP
4365 Executive Dr., Suite 1100
San Diego, CA 92101

**Attorneys for Defendant**
**Hewlett-Packard Company**

 

                                        */s/* R. Terry Parker
                                          R. Terry Parker