UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY F
DOC #: _____
DATE FILED: __4-30-13__

PRINCETON DIGITAL IMAGE
CORPORATION,

                    Plaintiff,

        -v-

HEWLETT-PACKARD, *et al.*,

                    Defendants.

No. 12 Civ. 779  (RJS)
ORDER

PRINCETON DIGITAL IMAGE
CORPORATION,

                    Plaintiff,

        -v-

FACEBOOK, INC., *et al.*,

                    Defendants

No. 12 Civ. 6973  (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court are Defendants' motions for reconsideration of the Court's March 21, 2013 Memorandum and Order (the "Order"), in which the Court denied Defendant's motions to dismiss for lack of standing, *see Princeton Digital Image Corp. v. Hewlett-Packard*, 12 Civ. 779 (RJS), 2013 WL 1454945 (S.D.N.Y. Mar. 21, 2013), as well as Defendants' motions for certification of the Order for interlocutory appeal to the United States Court of Appeals for the Federal Circuit. For the reasons that follow, Defendants' motions for reconsideration and certification are denied.

I. Motions to Reconsider

A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co., Ltd.*, No. 09 Civ. 4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted). In support of their motion, Defendants advance three arguments: (i) the Court failed to consider certain case law cited by Defendants; (ii) the Court failed to address certain arguments advanced by Defendants; and (iii) the Court incorrectly applied the law to the facts in this action. Each argument is without merit.[1]

First, Defendants argue that the Court "overlook[ed]" the Federal Circuit decision *International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007), in issuing the Order. (Mem. 2-3.) Of course, the Court's decision not to cite an opinion does not mean it overlooked that opinion. That is particularly true where, as here, the opinion was invoked on at least six different occasions before the Court. (*See* Opp'n 6 n.4.) Regardless, a seventh invocation has no impact on the outcome of the Order. *International Gamco* stands for the proposition that a party holding less than all substantial rights in a patent – as a result of field-of-use limitations or other licensing arrangements – may be required to join other rights holders to prevent the risk of multiple lawsuits against alleged infringers. *See id.* at 1276-79. As an initial matter, the Court cited a number of opinions to support that exact proposition in the Order. *See Princeton Digital Image Corp.*, 2013 WL 1454945 at *3 (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed.Cir. 2007); *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336,

---

[1] The Court assumes familiarity with the facts and legal standards set forth in the Order.

1343 (Fed. Cir. 2006)). Further, the Court fully considered and dismissed the arguments raised by Defendants on this issue. *See Princeton Digital Image Corp.*, 2013 WL 1454945 at *5-6. Specifically, the Court found that, though Plaintiff does not possess all substantial rights in the patents-in-suit due to so-called "field-of-use" limitations on its right to sue, Plaintiff's sole licensee, GE, lacked constitutional standing to bring suit. *Id.* at *4, 6. As such, Plaintiff is the only party able to enforce the patents, regardless of the limitations on its right to sue, mooting the risk of multiple lawsuits that underpinned dismissal in *International Gamco*. *Id.* at *6. Explicit consideration of *International Gamco* would thus have no effect on the Order.

Second, Defendants argue that the Court failed to analyze whether Plaintiff satisfied prudential standing requirements in issuing the Order. (Mem. 3-4.) That is simply not the case. The Order clearly states the policy concerns underpinning the prudential standing requirements: "first, that a patent could be invalidated in a suit brought by a lesser rights holder without the patentee's involvement, and second, that alleged infringers could be exposed to multiple suits arising out of the same patent." *Princeton Digital Image Corp.*, 2013 WL 1454945 at *3 (citing *Morrow*, 499 F.3d at 1340; *Aspex*, 434 F .3d 1336, 1344 (Fed.Cir. 2006)).[2] As dictated by a number of Federal Circuit cases, the analysis to determine whether a party runs afoul of these concerns "has been incorporated in Federal Rule of Civil Procedure 19" governing joinder of necessary parties. *Morrow*, 499 F.3d at 1339. Accordingly, the Court turned to whether GE must be joined as a necessary party in order for Plaintiff to satisfy prudential standing requirements. *Princeton Digital Image Corp.*, 2013 WL 1454945 at *5-6. The Court determined

---

[2] Defendants allege that plaintiffs in patent infringement suits *must* hold all substantial rights in a patent to satisfy prudential standing requirements, citing *International Gamco* for support. (Mem. 4.) However, in conducting the prudential standing analysis, *International Gamco* focused on the functional risk of multiple lawsuits against alleged infringers; it did not look solely to the formal division of rights. *See Int'l Gamco*, 504 F.3d at 1278. Indeed, Defendants do not cite any case where the Federal Circuit has required a party to hold all substantial rights to satisfy prudential standing requirements. Instead, time and again, the Federal Circuit has looked to the dual policy concerns recited in the Order. As such, the Court looks to that test and not the bright line rule proposed by Defendants.

that GE did not. *Id.* Specifically, the Court found that GE lacked constitutional standing to sue and, because it could not bring suit, was not a necessary party to this action as GE's absence did not implicate either of the policy concerns underpinning prudential standing. *Id.* Put another way, the Court determined that Plaintiff is the sole party able to enforce the patents-in-suit and that, as such, no other party could invalidate the patents-in-suit or bring suit against alleged infringers. Thus, the Order concluded that Plaintiff satisfies prudential standing requirements.

Finally, Defendants argue that the Court improperly determined that GE lacked constitutional standing to sue because the patents-in-suit expired prior to GE obtaining its rights. (Mem. 4-7.)    However, Defendants' argument simply restates claims made in previous submissions and is therefore not a proper ground for reconsideration.    Nevertheless, even if the argument were proper, the Court concludes that it would not be meritorious. As summarized in the Order, GE obtained from Plaintiff a non-exclusive, worldwide license to make, use, and sell products under the patents-in-suit, as well as the exclusive right to enforce the patents-in-suit against certain enumerated companies and any entity in certain fields of use. *See Princeton Digital Image Corp.*, 2013 WL 1454945 at *1-2. GE's non-exclusive license could not confer constitutional standing and was immaterial in the Court's analysis. *See id.* at *3 (citing *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193 (Fed.Cir. 2007); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed.Cir. 2005)).    Thus, the Order focused solely on GE's purported right to "enforce," defined by the parties as the right to "license, bring suit, etc." *See id.* at *2. Defendants attempted to frame the right to license as an exclusionary right conferring constitutional standing. *Id.* at *6. However, the Court deemed that right "illusory" as the patents-in-suit had expired by the time GE obtained its rights, meaning there were no

exclusionary rights to obtain.  *Id.*  Accordingly, the Court concluded that GE had obtained the lone right to sue for past infringement, which is insufficient to confer constitutional standing.  *Id.*

The Court relied on a number of Federal Circuit rulings to support its finding; two bear mention.  First, the Court cited to *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995), for the proposition that a patent owner "may not give a right to sue to a party who has no proprietary interest in the patent" regardless of the language of the licensing agreement. Thus, though the licensing agreement purported to grant GE more than the right to sue on past infringement, in practice, that was the only right surviving expiration that GE received.  Second, the Court cited to *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir. 2008), in which the plaintiff argued that it had constitutional standing based on its receipt of the lone right to sue for past infringement on an expired patent, because receipt of that right amounted to a transfer of title as suing for past infringement was the "only remaining right[ ]" in the expired patent.  *Id.* At 1372.  The Federal Circuit rejected that argument, determining that the owner of an expired patent would have standing, but that a licensee with the lone right to sue would not.  *Id.*  The court reasoned that "[t]itle to a patent – even an expired patent – includes more than merely the right to recover damages for past infringement," thereby supporting standing.  *Id.*  By contrast, "the transfer of the right to sue for past infringement divorced from title creates a risk of unnecessary third-party litigation, whether or not the patent has expired," counseling against standing.  *Id.*  While not precisely analogous to the instant action, *Mars* supports the Court's conclusion for two reasons.  First, *Mars* makes clear that the mere right to sue on an expired patent cannot support constitutional standing – despite the fact that no other right in an expired patent is obviously susceptible to licensing.  Second, *Mars* grounds its analysis in the Supreme Court's admonition against the separate transfer of the right to sue for fear that patent owners

would be allowed to "stir up litigation by third persons." *Id.* (quoting *Crown Die & Tool Co.*, 261 U.S. at 39). Here, GE purported to receive a non-exclusive license to practice the patents-in-suit, and the right to license and sue on the patents-in-suit in certain instances. However, because the patents-in-suit had expired, the only right GE effectively received was the right to sue. Finding that GE has standing simply because its right to sue was joined by empty rights to license and practice would provide patent owners easy license to mete out their rights to sue on expired patents – a result plainly out of keeping with controlling precedent.

Defendants protest that the Court overlooked contrary precedent in reaching this conclusion. (Mem. 6.) Ignoring that the opinions are not controlling on this Court, the Court also finds them unpersuasive. Defendants cite *Valmet Paper Mach., Inc. v. Beloit Corp.*, 868 F. Supp. 1085 (W.D. Wis. 1994), for the proposition that "the right to sue for past infringement may indeed be assigned after a patent has expired and that the assignee of such a right can maintain an infringement suit in its own name," *id.* at 1087. Of course, the Court – and the Federal Circuit in *Mars* – agree. *Valmet* deals with the transfer of *title* to an expired patent, not solely the transfer of the right to sue. *Id.* at 1086 (noting that the "parties agreed to sell, assign, and transfer all rights, title and interest in and to the . . . patent, together with all claims and causes of action for past infringement"). As such, it is inapposite in this case. Defendants next cite *New Medium Technologies LLC v. Barco N.V.*, 644 F. Supp. 2d 1049 (N.D. Ill. 2007), which relied on *Valmet* to hold that a party with a license to sue for past infringement on an expired patent had standing because the "right to sue for prior infringement was the only right in play at the time of transfer . . . . As a result, the license granted [the plaintiff] all available rights in the patent, and the grant of the right to sue alone confers standing," *id.* at 1061. First, the opinion exceeds the scope of *Valmet* in holding that a license to sue on an expired patent and not title to

6

the patent is sufficient to confer standing. Further, the opinion was issued prior to *Mars* and is out of step with the holding in that controlling decision. As such, the Court declines to follow its reasoning. Finally, Defendants cite *Keranos, LLC. v. Analog Devices, Inc.*, 10 Civ. 207 (TJW), 2011 WL 4027427 (E.D. Tex. Sept. 12, 2011), which followed the reasoning in *New Medium Technologies* to find that a license to sue for past infringement on an expired patent conferred standing. The Court disagrees for the reasons stated above. Accordingly, Defendants have not provided any ground for the court to reconsider the Order. Defendants' motions to reconsider are therefore DENIED.

## II. MOTIONS TO CERTIFY

Defendants also move for certification of the Order for interlocutory appeal to the Federal Circuit. A district court may certify an immediate appeal of an interlocutory order if the court finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) should be relied upon only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Such circumstances include when interlocutory appeal would permit either "the prompt resolution of knotty legal problems," *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007), or the avoidance of "protracted litigation," *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996)).

The Court is unpersuaded that interlocutory appeal would achieve either of these objectives. Moreover, the law is clear that even when these criteria have been met, interlocutory appeal is still not required and remains within the sound discretion of the Court. *SPL Shipping*

7

*Ltd. v. Gujarat Cheminex Ltd.*, 06 Civ. 15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007). Given the age and inactivity of these cases since their commencement in the Eastern District of Texas, the Court sees little advantage in further delaying this litigation. Accordingly, Defendants' motions to certify the Order for interlocutory appeal are DENIED. As such, the parties are HEREBY ORDERED to adhere to the discovery schedules entered in these actions.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 285. in 12 Civ. 779 and the motion pending at Doc. No. 216. in 12 Civ. 6973.

SO ORDERED.

Dated:      April 30, 2013
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

8