IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRINCETON DIGITAL IMAGE CORPORATION, )
                                                  )
      PLAINTIFF,                 )
                                                  )
V.                                                )
                                                  )CASE NO.: 1:12-CV-00779-RJS
HEWLETT-PACKARD COMPANY,     )
FUJIFILM NORTH AMERICA             )
CORPORATION F/K/A FUJIFILM U.S.A., )
INC. AND XEROX INTERNATIONAL    )
PARTNERS,                                 )
                                                  )
      DEFENDANTS.            )

---

[Sidebar stamp: USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 4-30-13]

## [~~PROPOSED~~] CASE MANAGEMENT PLAN AND SCHEDULING ORDER

Pursuant to the Court's March 21, 2013 Order, the parties submit the following [proposed] Case Management Plan and Scheduling Order.

The following [proposed] Case Management Plan and Scheduling Order takes into account the status of this case at the time of transfer from the District Court for the Eastern District of Texas, including consideration of the events and discovery completed prior to transfer.

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Scheduling Order.

1. The parties do not consent to disposition of this case by a Magistrate Judge.
2. This case is to be tried by a jury.
3. No additional parties may be joined except with leave of the Court.
4. Amended pleadings may not be filed except with leave of the Court.
5. With respect to Initial Disclosures, the parties already completed Initial Disclosures on **May 10, 2011**.

6. All *fact* discovery is to be completed no later than

   ~~Plaintiff's proposal: **October 3, 2014**~~

   Defendants' proposal: **January 6, 2014**

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. The parties shall serve requests for production of any outstanding documents by

   ~~Plaintiff's proposal: **September 5, 2014**~~

   Defendants' proposal: **June 19, 2013**

   b. Any party relying on opinions of counsel shall furnish documents and privilege logs relating to willful infringement by

   ~~Plaintiff's proposal: **January 31, 2014**~~

   Defendants' proposal: **July 15, 2013**

   c. No Interrogatories shall be served later **than 30 days prior to the completion of fact discovery.**

   d. Depositions shall be completed by **the completion of fact discovery.**

   e. No Requests to Admit shall be served **later than 30 days prior to the completion of fact discovery.**

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

   a. **30 Days** after claim construction ruling *or* the close of fact discovery, whichever is later, Party with burden of proof to designate Expert Witness (other than claims construction) and serve Expert Witness Report

   b. **60 Days** after claim construction ruling *or* the close of fact discovery, whichever is later, Designate Rebuttal Expert Witnesses (other than claims construction) and serve Rebuttal Expert Witness Report

   c. **30 Days** after exchange of rebuttal reports, Expert Discovery Deadline.

9. All expert discovery shall be completed no later than **30 days after exchange of rebuttal reports**, as set forth in ¶ 8(c) above.

10. Patent claim construction proceedings shall be completed pursuant to the following schedule:

    a. By **May 15, 2013**, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

    The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

    b. By **June 5, 2013**, the parties shall simultaneously exchanges a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

    At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they content support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

    The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

    c. By **July 3, 2013**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

        i. The construction of those claim terms, phrases, or clauses on which the parties agree;

        ii. Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that

- 3 -

       construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony percipient and expert witnesses;

    iii.    The anticipated length of time necessary for the Claim Construction Hearing;

    iv.    Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

    v.    A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

d.    The parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement by **August 2, 2013**.

e.    Opening claim construction briefs shall be filed by the parties on **August 19, 2013**.

f.    Responsive claim construction briefs shall be filed by the parties on **September 9, 2013**.

g.    At least **10 days before the Claim Construction Hearing,** the parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct

    i.    Said chart shall have a column listing complete language of disputed claims with disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. The chart shall also include a fourth column entitled "Court's Construction" and otherwise left blank. Additionally, the chart shall also direct the court's attention to the patent and claim number(s) where the disputed term(s) appear(s).

    ii.    The parties may also include constructions for claim terms to which they have agreed. If the parties choose to include agreed constructions, each party's proposed construction columns shall

- 4 -

        state "[AGREED]" and the agreed construction shall be inserted in the "Court's Construction" column.

11. The Court will conduct a Claim Construction Hearing on <u>Oct. 11, 2013 @ 10am</u> [*To be completed by the Court*].

12. **Amending Contentions.** The parties have previously served "Infringement Contentions" and "Invalidity Contentions" and the accompanying document production pursuant to the Local Rules of Practice for Patent Cases before the Eastern District of Texas and in accordance with the dates set forth in the Docket Control Order entered by the District Court of the Eastern District of Texas. Those Infringement Contentions and Invalidity Contentions may be amended only in accordance with the following provisions:

    a. **Leave not required.** Each party's previously-served Infringement Contentions and Invalidity Contentions shall be deemed to be that party's final contentions for purposes of trial, except as set forth below:

        i. If a party claiming patent infringement believes in good faith that the Court's claim construction ruling so requires, **not later than 30 days after service by the Court of its claim construction ruling**, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the following information:

            (A) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

            (B) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

        ii. **Not later than 50 days after service by the Court of its claim construction ruling**, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" if:

            (A) a party claiming patent infringement has served "Amended Infringement Contentions" pursuant to Paragraph 4(a) above, or

            (B) the party opposing a claim of patent infringement believes in good faith that the Court's claim construction ruling so requires.

      b.    **Leave required.** Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted above, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

13.    The Court will conduct a post-discovery conference on ___Jan. 10, 2014 @ 11:30 am___ *[To be completed by the Court]*.

14.    If either party contemplates a motion (including a Daubert motion), the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by ___Dec. 20, 2013___ . *[To be completed by the Court.]* Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter. Pre-motion letters and responses shall be submitted to the chambers' email address sullivannysdchambers@nysd.uscourts.gov. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

15.    Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request:

~~Plaintiff's Proposal:~~

~~PDIC believes that some form of mediation or ADR may be appropriate in this action, at a later date, and proposes that the parties will inform the Court should they desire to participate in the Court's Mediation Program.~~

Defendants' Proposal:

    a.    ____ Referral to a Magistrate Judge for settlement discussions

    b.     _X_ Referral to the Southern District's Mediation Program

16.    The parties have conferred, and their present best estimate of the length of trial is eight to ten days.

SO ORDERED.

Dated: ___April 29___, 2013.

_____
RICHARD J. SULLIVAN
United States District Judge

-6-