```
                                                    USDS SDNY
                                                    DOCUMENT
IN THE UNITED STATES DISTRICT COURT                 ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                       DOC #: _____
-----------------------------------------------     DATE FILED: 5-1-13
PRINCETON DIGITAL IMAGE CORPORATION,  )
                                      )
         PLAINTIFF,                   )
                                      )
V.                                    )
                                      ) CASE NO.: 1:12-CV-00779-RJS
HEWLETT-PACKARD COMPANY,              ) Joint Electronic Discovery Submission
FUJIFILM NORTH AMERICA                ) No. 1 and [Proposed] Order
CORPORATION F/K/A FUJIFILM U.S.A.,    )
INC. AND XEROX INTERNATIONAL          )
PARTNERS,                             )
                                      )
         DEFENDANTS.                  )
-----------------------------------------------
```

## JOINT ELECTRONIC DISCOVERY SUBMISSION NO. 1 AND [~~PROPOSED~~] ORDER

Pursuant to the Court's February 7, 2012 Order, the parties submit the following Joint Electronic Discovery Submission No. 1 and [Proposed] Order.

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)   Brief Joint Statement Describing the Action:**

Plaintiff Princeton Digital Image Corporation has brought this patent infringement case regarding U.S. Patent No. 4,813,056 and U.S. Patent No. 4,860,103 against Defendants Hewlett-Packard Company, FUJIFILM North America Corporation f/k/a FUJIFILM U.S.A., Inc. and Xerox International Partners.

(a)   Estimated amount of Plaintiff(s)' Claims:

      ____ Less than $100,000
      ____ Between $100,000 and $999,999
      ____ Between $1,000,000 and $49,000,000
      ____ More than $50,000,000

      \_\_\_ Equitable Relief
      _X_ Other. PDIC intends to pursue patent damages pursuant to 35 U.S.C. § 284. Due to the status of discovery, and several pending motions to compel discovery, PDIC is at this time unable to provide a full and complete computation of those damages which it will seek in this action.

   (b) Estimated amount of Defendant(s)' Counterclaim/Cross-Claim\_\_

      \_\_\_ Less than $100,000
      \_\_\_ Between $100,000 and $999,999
      \_\_\_ Between $1,000,000 and $49,000,000
      \_\_\_ More than $50,000,000
      _X_ Equitable Relief
      \_\_\_ Other (If so, specify).

(2) **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3) **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel hereby certify that they have met and conferred to discuss these issues.

   Date of parties' meet-and-confer conferences: February 16, 2012

(4) **Unresolved Issues:** None.

As set forth below, to date, the parties have addressed the following issues:

(5) **Preservation.**

   (a) The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the retention of electronic data and implementation of a data preservation plan.

   (b) Parties have not agreed to disclose the dates, contents and/or recipients of "litigation hold" communications.

   (c) The parties do not currently anticipate the need for judicial intervention regarding issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information.

(6) **Search and Review**

   (a) The parties have not discussed methodologies or protocols for the search and review of electronically stored information, nor disclosed the techniques to be

2

        used.

    (b)    The parties do not presently anticipate the need for judicial intervention regarding issues concerning the search and review of electronically stored information.

(7) **Production**

    (a)    **Source(s) of Electronically Stored Information.** The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information: email, word processing documents, spreadsheets, presentations, databases, web sites and source code.

    (b)    **Limitations on Production.** The parties have not reached agreement of limitation to any of these factors.

    (c)    **Form(s) of Document Production:**

        (1)    The parties have reached the following agreements regarding the form(s) of production:

All documents produced in this action will be exchanged electronically, and all English language documents must be exchanged on discs or other digital storage medium. To the extent the documents are ordinarily maintained by the producing party in a form that is electronically searchable, they must be produced in a form that is electronically searchable (e.g., PDFs with embedded text enabled). In addition, the following must be produced for each document (other than documents produced in native format, described separately below).

        (a)    Single-page TIFF images; or multi-page PDF files;

        (b)    Image based load files for IPRO (*.LFP), OPTICON (*.OPT or *.LOG), or SUMMATION (*.dii). These load files shall also depict the document boundaries, and IPRO and Summation must also depict the attachment (parent/child) relationships;

        (c)    Data load files that are compatible with Concordance (*.DAT) or Summation (*.DII) or are in a similarly delimited format; and

        (d)    All TIFF images or PDF files will be endorsed with a bates number. Alternatively, a party may produce documents or information in native format (e.g., in electronic, non-TIFF or non-PDF format) with an associated bates number. Each party reserves its rights to assert any appropriate objections to a request for production of documents in native format. If a party elects to produce documents in native format, the parties shall confer to

                reach an agreement regarding what, if any, associated metadata shall be produced.

    (2)    Please specify any exceptions to the form(s) of production indicated above

            None.

    (3)    The parties do not anticipate the need for judicial intervention regarding the form(s) of production.

(d) **Privileged Material.**

    (1)    **Identification.** Pursuant to the Court's February 7, 2012 Order, the parties shall follow the method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents set forth in the Southern District of New York's Pilot Project Regarding Case Management Techniques for Complex Civil Cases at sections II.D. and II.E.

    (2)    **Privilege Disputes.** If any disputed claim of privilege shall arise, the parties shall follow the procedures set forth in the Southern District of New York's Pilot Project Regarding Case Management Techniques for Complex Civil Cases at section II.C.

    (3)    **Inadvertent Production / Claw-Back Agreements.** Parties agree to adhere to Fed. R. Civ. Proc. 26(b)(5) and F.R.E. 502(e) and will give notification in writing for the return or destruction of the inadvertently produced documents.

    (4)    The parties have not discussed a 502(d) Order.

(e) **Cost of Production.** The parties have analyzed their client's data repositories and have:

    (1)    Costs: the parties agree to bear its own respective cost of the production of electronically stores information.

    (2)    Cost Allocation. The parties have not considered cost-shifting or cost-sharing.

    (3)    Cost Savings. The parties have not agreed to cost-saving measures at this time.

4

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

Party: Princeton Digital Image Corporation    By: /s/ Gregory M. Luck

Party: Hewlett-Packard Company    By: /s/ Sean C. Cunningham

Party: FUJIFILM North America Corporation    By: /s/ Steven J. Routh

f/k/a FUJIFILM U.S.A., Inc.

Party: Xerox International Partners    By: /s/ William H. Mandir

The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on: October 4, 2013

The next scheduled conference with the Court for purposes of updating the Court on electronic discovery issues has been scheduled for ✗ . Additional conferences, or written status reports, shall be set every 3 to 4 weeks, as determined by the parties and the Court, based on the complexity of the issues at hand. An agenda should be submitted to the Court four (4) days before such conference indicating the issues to be raised by the parties. The parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention.

✗ October 18, 2013 @ 10:30am

__ Check this box if the parties believe that there exist a sufficient number of e-discovery issues, or the factors at issue are sufficiently complex, that such issues may be most efficiently adjudicated before a Magistrate Judge.

Additional Instructions or Orders, if any:

_____

_____

_____

Dated: 4/30/13

SO ORDERED: _____
RICHARD J. SULLIVAN
United States District Judge

5