**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>PLAINTIFF,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, FUJIFILM NORTH AMERICA CORPORATION F/K/A FUJIFILM U.S.A., INC. AND XEROX INTERNATIONAL PARTNERS,<br><br>DEFENDANTS. | CASE NO.:  1:12-CV-00779-RJS |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

**DUANE MORRIS, LLP**
Gregory M. Luck, P.C. *(pro hac vice)*
Thomas W. Sankey, P.C. *(pro hac vice)*
Diana M. Sangalli *(pro hac vice)*
Wesley W. Yuan *(pro hac vice)*
1330 Post Oak Blvd., Suite 800
Houston, Texas 77056
Telephone: (713) 402-3900
Facsimile:  (713) 402-3901

Jeffrey S. Pollack *(pro hac vice)*
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  (215) 979-1299
Facsimile:  (215) 689-4942

Kristina Caggiano *(pro hac vice)*
Suite 1000
505 9th Street, N.W.
Washington, DC 20004-2166
Telephone: (202) 776-5284
Facsimile: (202) 478-2965

R. Terry Parker
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1089
Facsimile: (212) 214-0725

*Attorneys For*
*Plaintiff Princeton Digital Image Corporation*

**DLA PIPER LLP (US)**
Sean C. Cunningham (*pro hac vice*)
Erin P. Gibson (*pro hac vice*)
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:    619-699-2700
Facsimile:     619-699-2701


Brian K. Erickson (*pro hac vice*)
401 Congress Ave., Suite 2500
Austin, TX  78701-3799
Telephone:    512-457-7059
Facsimile:     512-457-7001

*Attorneys For Defendant*
*Hewlett-Packard Company*

**ORRICK, HERRINGTON &**
**SUTCLIFFE LLP**
Steven J. Routh (*pro hac vice*)
Sten A. Jensen (*pro hac vice*)
Diana Szego (*pro hac vice*)
Chris Higgins (*pro hac vice*)
1152 15th Street, NW
Washington DC  20005
Telephone:    202-339-8400
Facsimile:     202-339-8500

*Attorneys For Defendant FUJIFILM*
*North America Corporation*

Pursuant to paragraph 10.c. of the Case Management Plan and Scheduling Order (Dkt. No. 296), Plaintiff Princeton Digital Image Corporation ("PDIC") and Defendants Hewlett-Packard Co. and FUJIFILM North America Corporation (collectively, "Defendants") hereby submit this Joint Claim Construction and Prehearing Statement.

**(i)   The construction of those claim terms, phrases, or clauses on which the parties agree.**

The constructions of terms, phrases and clauses on which the Parties have reached agreement are set forth below:

Agreed Constructions for '103 Patent:

| '103 Claim Term | Claim | Agreed Construction |
|---|---|---|
| "digital words at the output of the converter" | 1, 11 | "digital words output from the analog-to-digital converter" |

Agreed Constructions for '056 Patent:

| '056 Claim Term | Claim | Agreed Construction |
|---|---|---|
| "range of frequencies of occurrence" | 14, 21 | "set of probabilities of occurrence" |
| "run lengths of zero values and non-zero values" | 20 | "sequences of consecutive zero signal levels, and non-zero signal levels" |

**(ii)   Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.**

The Parties have been unable to reach agreement on the construction of the remaining disputed terms, phrases and clauses. Attached hereto as Exhibit A is a chart detailing the parties'

positions with respect to the construction of each disputed claim term, phrase or clause, along with its respective citations to intrinsic and extrinsic evidence.

With respect to the '103 patent, PDIC will rely on expert testimony of Dr. V. Thomas Rhyne to rebut the expert testimony identified by Defendants in support of their proposed constructions for any of the disputed claim terms, phrases or clauses, including Defendants' position that the term "control means" does not connote sufficient structure to a person of ordinary skill in the art.  With respect to the '056 patent, PDIC will rely on expert testimony of Mr. Joseph McAlexander to rebut the expert testimony identified by Defendants in support of their proposed constructions for any of the disputed claim terms, phrases or clauses, including Defendants' position that certain of the disputed claim terms, phrases or clauses are indefinite.

PDIC notes that, pursuant to the agreement of the parties, the parties exchanged their disclosures of their proposed preliminary claim constructions on June 18, 2013.  PDIC provided notice in its disclosure that it did not intend to offer expert testimony in support of its claim construction positions, but would supplement its extrinsic evidence with expert testimony to rebut any claim construction positions taken by Defendants.  Neither Defendants' claim constructions positions (including their positions on whether certain terms were indefinite) nor the expert testimony Defendants intended to offer were known on June 18, 2013.

In addition to the information disclosed in Exhibit A, Defendants will rely on the opinions and testimony of Dr. Touradj Ebrahimi regarding the understanding that a person of ordinary skill in the art would have at the time of invention regarding (a) certain terms of art that are used in or related to the patents in suit (b) the structure necessary to perform the function recited in certain claim limitations; and (c) the extent to which such structure is disclosed in the patent specifications.

More specifically, with respect to the '103 patent, Dr. Ebrahimi may opine and testify regarding the means plus function limitations in claims 1, 3 and 11, including (1) that those claim limitations do not recite structure or include terms of art that a person of ordinary skill in the art would understand as structure, (2) that the only structure disclosed and linked in the specification for performing the recited functions of those limitations include a processor executing the algorithm identified in Defendants' proposed constructions, and (3) that the structure identified in Plaintiff's proposed constructions would not perform the claimed functions and is not linked thereto.

With respect to the '056 patent, Dr. Ebrahimi may opine and testify regarding the understanding of a person of skill in the art at the time of invention regarding: (1) the difference between one and two codewords, (2) the different ways to generate Huffman codewords on-line and offline, including the considerations of probabilities of occurrences of the underlying signal conditions, (3) the "generating" and "grouping" steps and functions in the claims, including the structure disclosed and linked for performing those functions, or lack thereof, and (4) the relationships between prefixes, suffixes, and codewords.

Defendants object to any attempt by PDIC to rely upon expert opinions or testimony in support of PDIC's claim construction positions, because PDIC's expert disclosure comes too late. Pursuant to the Court's Case Management Plan and Scheduling Order, June 18, 2013 was the deadline for the parties to disclose any extrinsic evidence, including expert opinions and testimony, that they intended to rely upon to support their claim construction positions. PDIC did not disclose any experts at that time. Therefore, PDIC waived its right to present any expert opinions or testimony in support of its claim construction positions. PDIC cannot sidestep the disclosure deadline by claiming that its expert opinions or testimony would be "rebuttal" only. Offering expert opinions for the first time with a responsive claim construction brief would

prejudice Defendants, because Defendants would not have an opportunity to respond to PDIC's expert opinions. Therefore, Defendants object to any attempt by PDIC to rely upon expert opinions or testimony in support of PDIC's claim construction positions.

> **(iii)** **The anticipated length of time necessary for the Claim Construction Hearing.**

The Parties anticipate that the Claim Construction Hearing will take five (5) hours, with a total of two and one-half hours (2 1/2) allotted to each side.

The Parties also propose a separate Technology Tutorial that precedes the Claim Construction Hearing. On the day of the Claim Construction Hearing, each side, through their respective attorneys, shall present a Technology Tutorial regarding the patents-in-suit, with each side being allotted forty (40) minutes. At least ten (10) days before the Claim Construction Hearing, each side shall submit to the Court and to each other their respective Technology Tutorial on a computer disk as a PowerPoint presentation or in such other format as the Court may direct.

> **(iv)** **Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.**

PDIC anticipates calling Dr. Rhyne and Mr. McAlexander at the Claim Construction Hearing. Dr. Rhyne and Mr. McAlexander will testify in accordance with their expert opinions described above as to why Defendants' positions set forth in Exhibit A are incorrect, including Defendants' position that certain claim terms are indefinite.

Defendants anticipate calling Dr. Ebrahimi at the Claim Construction Hearing. Dr. Ebrahimi will testify in accordance with his expert opinions described above as to why Defendants' positions set forth in Exhibit A are correct.

> **(v)     A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.**

The Parties propose that the following issues be taken up at a prehearing conference prior to the Claim construction Hearing.

1. Number of terms to be presented at the Claim Construction Hearing.

2. Order of presentation at the Claim Construction Hearing, including whether the Court prefers conducting the Hearing on a term-by-term basis.

3. The Court's preference for availability of technical experts at the Claim Construction Hearing, and Defendants' objections to PDIC's proposed "rebuttal" expert testimony.

The Parties propose that these issues, and any other issues that may arise relating to the Claim Construction Hearing, be addressed at a prehearing conference on **October 4, 2013**, or such other date that may be convenient for the Court. The Parties request permission to appear telephonically at the prehearing conference.

Dated: July 12, 2013

By: /s/ *Erin P. Gibson*
Sean C. Cunningham (Pro Hac Vice)
Erin P. Gibson (Pro Hac Vice)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:    619-699-2700
Facsimile:     619-699-2701

Brian K. Erickson (Pro Hac Vice)
**DLA PIPER LLP (US)**
401 Congress Ave., Suite 2500
Austin, TX  78701-3799
Telephone:    512-457-7059
Facsimile:     512-457-7001

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD COMPANY**

*/s/ Steven J. Routh* (*With Permission*)
Steven J. Routh (Pro Hac Vice)
Sten A. Jensen (Pro Hac Vice)
Diana Szego (Pro Hac Vice)
Chris Higgins (Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC  20005
Telephone:    202-339-8400
Facsimile:     202-339-8500

**ATTORNEYS FOR DEFENDANT
FUJIFILM NORTH AMERICA
CORPORATION**

*/s/ R. Terry Parker* (*With Permission*)
Robert Terry Parker
**DUANE MORRIS, LLP**
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1089
Facsimile: (212) 214-0725

Gregory M. Luck, P.C. *(admitted pro hac vice)*
Thomas W. Sankey, P.C. *(admitted pro hac vice)*
Diana M. Sangalli *(admitted pro hac vice)*
Wesley W. Yuan *(admitted pro hac vice)*
**DUANE MORRIS, LLP**

6

        1330 Post Oak Blvd., Suite 800
        Houston, Texas 77056
        Telephone: (713) 402-3900
        Facsimile: (713) 583-9623

        Jeffrey S. Pollack *(admitted pro hac vice)*
        **DUANE MORRIS, LLP**
        30 South 17th Street
        Philadelphia, PA 19103-4196
        Telephone: (215) 979-1299
        Facsimile: (215) 689-4942

        **ATTORNEYS FOR PLAINTIFF,**
        **PRINCETON DIGITAL IMAGE**
        **CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on July 12, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and service on registrants.

        /s/ *Erin P. Gibson*
        Erin P. Gibson