UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCETON DIGITAL IMAGE
CORPORATION,

                     Plaintiff,

-v-

HEWLETT-PACKARD, CO., *et al.*,

                     Defendants

No. 12 Civ. 779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      The Court is in receipt of Plaintiff's letter, dated July 12, 2013 and attached to this Order, belatedly seeking leave to withdraw its infringement contentions against Microsoft, but add contentions against HP. The Court is also in receipt of HP's letter, dated July 15, 2013 and also attached, objecting to the latter request. Accordingly, IT IS HEREBY ORDERED THAT Plaintiff may withdraw its infringement contentions against Microsoft, as required by the settlement agreement between the parties. However, Plaintiff may not add infringement contentions against HP, because Plaintiff has provided *no* explanation – much less a sufficient one – for its delayed request. *See Orenshteyn v. Int'l Bus. Machines Corp.*, 02 CIV. 5074 (JFK) (RLE), 2013 WL 174183, at *11 (S.D.N.Y. Jan. 15, 2013) (citing *Genentech v. Amgen, Inc.*, 289 F.3d 761, 773 (Fed. Cir. 2002)) (finding that infringement contentions may only be amended to add claims "(1) on stipulation of the parties; (2) upon a showing of excusable subsequent discovery of new information; or (3) upon a showing of clearly excusable neglect").

SO ORDERED.

Dated:      July 17, 2013
              New York, New York

                                                 RICHARD J. SULLIVAN
                                                 UNITED STATES DISTRICT JUDGE

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

R. TERRY PARKER
DIRECT DIAL: 212.692.1089
E-MAIL: tparker@duanemorris.com

www.duanemorris.com

July 12, 2013

**BY E-MAIL (sullivannysdchambers@nysd.uscourts.gov)**

The Hon. Richard J. Sullivan
Thurgood Marshall
United States District Courthouse
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   *Princeton Digital Image Corporation v. Hewlett-Packard Company et al.*
      **No. 12 Civ. 00779 (RJS)**

Dear Judge Sullivan:

      We represent plaintiff Princeton Digital Image Corporation ("PDIC") in the above-referenced matter. Pursuant to Section 12(b) of the Case Management Plan and Scheduling Order entered in this matter, we write to request the Court's permission to amend PDIC's Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"). Specifically, PDIC seeks to amend its Infringement Contentions to remove all references to Microsoft products in accordance with a settlement agreement between PDIC and Microsoft Corporation. PDIC and Microsoft Corporation agreed to the dismissal of the case captioned as Princeton Digital Image Corporation v. Microsoft Corporation, Case No. 1:12 Civ. 1739 (LPS) (D. Del. December 20, 2012), contingent upon PDIC withdrawing any and all infringement contentions related to its intellectual property that relate to any Microsoft products, including without limitation any Microsoft product-related infringement contentions asserted against Hewlett-Packard ("HP") in Princeton Digital Image Corp. v. Hewlett-Packard, et al., which is currently pending before Your Honor. PDIC respectfully submits that that the foregoing establishes good cause to amend its Infringement Contentions in this case.

      In accordance with PDIC's obligations under the settlement agreement with Microsoft Corporation, and as shown in the attached Exhibit, PDIC has supplemented its infringement contentions to withdraw the Microsoft product-related infringement contentions that it had asserted against HP. PDIC has met and conferred with HP concerning the supplemented infringement contentions. HP has informed PDIC that it opposes the supplemented contentions on the alleged basis that, although the Microsoft-related contentions have been withdrawn, HP

DuaneMorris

The Hon. Richard J. Sullivan
July 12, 2013
Page 2

believes that the contentions are now drawn to "new" accused instrumentalities. PDIC disagrees with HP's characterization of the supplementation, particularly since the analysis of the Accused Product that is set forth in the supplemented claim chart had been included in another claim chart submitted with the infringement contentions served on HP on April 1, 2011.

    We thank the Court for its consideration.

                              Respectfully submitted,

                              *s/ R. Terry Parker*

Attachments

cc:    All Counsel of Record (by e-mail)
       Jesse Camacho, Esq. (outside counsel for Microsoft Corp.) (by e-mail)



DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Sean C. Cunningham
sean.cunningham@dlapiper.com
T 619.699.2900
F 619.764.6600

July 15, 2013

VIA EMAIL (SULLIVANNYSDCHAMBERS@NYSD.USCOURTS.GOV)

The Honorable Richard J. Sullivan
United States District Court
Southern Division of New York
500 Pearl Street, Room 640
New York, New York 10007

Re: *Princeton Digital Image Corp. v. Canon Inc., et al.*, Civil Action No. 1:12-cv-00779

Dear Judge Sullivan:

We write on behalf of defendant Hewlett-Packard Company ("HP") in response to the letter submitted by plaintiff Princeton Digital Image Corporation ("PDIC") on July 12, 2013.[1] Although HP does not oppose PDIC's removal of its allegations against Microsoft products, HP opposes PDIC's attempt to add new infringement contentions against HP's personal computers ("PCs") years after the deadline for serving such contentions. PDIC has not demonstrated good cause for its proposed amendments, and any amendments now would greatly prejudice HP. The Court should therefore deny PDIC's request to serve amended infringement contentions, including voluminous new claim charts against HP PCs.

PDIC seeks leave of Court to serve amended infringement contentions to accomplish two goals with respect to HP:

First, PDIC seeks to withdraw its infringement contentions against Microsoft software on HP PCs. HP does not object to the withdrawal of these contentions, which is the result of PDIC's settlement with Microsoft in another case. PDIC's settlement with Microsoft resolves all liability related to HP PCs, because PDIC's only infringement allegations against HP PCs relate to the Microsoft Scanner and Camera Wizard software, which are now out of the case.

Second, PDIC seeks to add voluminous new infringement contentions against HP PCs installed with a "photo editing or photo management software tool." PDIC apparently proposes these amendments to keep HP PCs in the case despite the Microsoft settlement. Never before did PDIC serve detailed claim charts directed towards HP's PCs for installed photo editing or photo management software tools. Thus, PDIC's service of these infringement contention claim charts is too late.

**PDIC Has No Basis for Amending Its Infringement Contention Claim Charts At This Late Date**

PDIC is required to demonstrate good cause for amending its infringement contentions long after the deadline, which PDIC has not even tried to do. "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *Convolve, Inc. v. Compaq Computer Corp. et al.*, No. 00 Civ. 5141 (GBD) (JCF), 2007 WL 700904, at *2 (S.D.N.Y. Mar. 7, 2007) (quoting *LG Electronics, Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002)) (additional quotation omitted).

---

[1] HP was not asked by PDIC to provide any input into a joint statement of the dispute before PDIC submitted its letter to the Court.



The Honorable Richard J. Sullivan
July 15, 2013
Page Two

In a January 2013 decision, the Court articulated the test for amending infringement contentions and claim charts. *Orenshteyn v. International Business Machines Corp.*, No. 02 Civ. 5074(JFK)(RLE), 2013 WL 174183 (S.D.N.Y. Jan. 15, 2013) (denying leave to amend). In that case, the Court found that untimely amendments would be permitted only: "(1) on stipulation of the parties; (2) upon a showing of excusable subsequent discovery of new information; or (3) upon a showing of clearly excusable neglect." *Id.*, at * 11, citing *Genentech v. Amgen, Inc.*, 289 F.3d 761, 773 (Fed. Cir. 2002). The *Orenshteyn* Court denied leave to amend where plaintiff failed to show any of these three factors were met.[2]

The same is true here. PDIC did not seek or obtain a stipulation to amend its infringement contentions more than two years after they were due (on April 1, 2011). PDIC does not point to any "excusable subsequent discovery of new information"—nor could it, considering that the functionality of HP's PCs made during the liability window (2004-2007) has not changed since this case was filed. Finally, PDIC points to no "clearly excusable neglect" that could possibly justify pointing to additional allegedly infringing functionality in PCs after three-and-a-half years of litigation. In fact, PDIC admits that it was able to accuse photo editing software elsewhere in its claim charts (PDIC Letter at 2), but PDIC did not serve similar charts against HP PCs. Thus, PDIC cannot satisfy any of the three prongs of the *Orenshteyn* test for amending infringement contentions. PDIC is bound by its original infringement contentions, which identify no allegedly infringing functionality in HP PCs, other than the Microsoft Scanner and Camera Wizard. (Ex. A, redline of excerpted claim charts (see "HP PC '056 Accused Instrumentalities" chart).)

### HP Would Be Unduly Prejudiced by PDIC's Late Amendments

HP would be significantly prejudiced by PDIC's late and voluminous amended infringement contentions. For two-plus years, PDIC's only infringement contention against HP PCs related to the Microsoft Scanner and Camera Wizard—nothing else. HP investigated those contentions and served an appropriate indemnification demand on Microsoft. When Microsoft settled its case with PDIC, Microsoft resolved HP's liability as well.

Now, the deadline to serve new party discovery has passed, the deadline to add parties has passed, and the parties submitted their claim construction positions to the Court on July 12, 2013. Fact discovery closes in six months. Despite this, PDIC seeks to introduce new theories and entirely new avenues of discovery (and potential indemnity) by making vague accusations against any "photo editing or photo management software tool." PDIC's vague contentions do not satisfy the notice requirement of infringement contentions, because they do not tell HP what functionality is accused—PDIC does not even identify software product names. *Realtime Data LLC*, 2012 WL 3158196, at *4. Moreover, because the liability window closed in 2007, it will be extremely burdensome for HP to investigate all software packages that shipped on HP PCs from 2004 to 2007 to try to figure out what PDIC might be accusing.

---

[2]  PDIC's April 2011 infringement contentions were served under the EDTX patent rules, which require a plaintiff to include detailed claim charts "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." Patent Rule 3-1; *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008). Other jurisdictions also require such specificity. *Realtime Data LLC v. Morgan Stanley*, 2012 WL 3158196, at *4 (S.D.N.Y. Aug. 2, 2012); *InterTrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640-SBA, 2003 WL 23120174, at *2 (N.D. Cal. Dec. 1, 2003); *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).



The Honorable Richard J. Sullivan
July 15, 2013
Page Three

Furthermore, any third parties impacted by PDIC's new theories will have no meaningful opportunity to participate in discovery or to intervene in this case. This may impact HP's ability to seek indemnity and defenses with respect to HP's PCs.

Because PDIC has not even attempted to meet the legal test for seeking leave to amend infringement contentions after the deadline for service, and because PDIC cannot meet that test, HP respectfully requests that the Court deny PDIC's request for leave to amend its infringement contentions. In the alternative, HP requests that the Court require PDIC to seek leave through a noticed motion for leave, which allows HP a full opportunity to respond.

Very truly yours,

**DLA Piper LLP (US)**

*Sean Cunningham / Eric Gibson for*

Sean C. Cunningham
Partner

Admitted to practice in California

cc: All Counsel (see attached service list)

WEST\241604331.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served by email on the 15th day of July, 2013, on the following:

cmichel@orrick.com
dmsangalli@duanemorris.com
gmluck@duanemorris.com
jspollack@duanemorris.com
jtrillsch@duanemorris.com
kcaggiano@duanemorris.com
tparker@duanemorris.com
sjensen@orrick.com
srouth@orrick.com
twsankey@duanemorris.com
wwyuan@duanemorris.com

*Debby Brady*
Debby Brady