UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PRINCETON DIGITAL IMAGE
CORPORATION,

                            Plaintiff,

    -v-

HEWLETT-PACKARD, CO., *et al.*,

                        Defendants

No. 12 Civ. 779  (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

The Court is in receipt of Plaintiff's letter, dated July 19, 2013, asserting that the Court's July 18, 2013 Order "miscomprehend[ed]" its request to amend its infringement contentions.  In that Order, the Court permitted Plaintiff to delete references to Microsoft, pursuant to a settlement agreement, but denied Plaintiff leave to add contentions against HP.  Plaintiff now requests reconsideration of that Order and briefing.  The Court is also in receipt of HP's letter, dated July 22, 2013, objecting to Plaintiff's requests.

As in its initial request, Plaintiff provides absolutely *no* rationale for why deletion of references to Microsoft in its infringement contentions requires the addition of dozens of lines of text regarding Plaintiff's contentions against HP.  *See, e.g., Ret. Bd. of the Policemen's Annuity and Benefit Fund v. Bank of N.Y. Mellon*, No. 11 Civ. 5459, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013) (requiring movant to point to "controlling decisions or data that the court overlooked" to entertain a motion to reconsider); *New York v. Locke*, No. 08 Civ. 2503, 2009 WL 2413463, at *2 (E.D.N.Y. Aug. 3, 2009) (permitting reconsideration to "correct a clear error or prevent manifest injustice").  Indeed, Plaintiff argues that references to Microsoft products were included as "***one example***" among "other products" that HP is alleged to have manufactured, sold, or imported.  Therefore, Plaintiff's request to delete

references to Microsoft should in no way affect – or require additions to – its infringement contentions.

Accordingly, Plaintiff's request for reconsideration is HEREBY DENIED.

SO ORDERED.

Dated:      July 23, 2013
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
PALO ALTO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

GREGORY M. LUCK
DIRECT DIAL: +1 713 402 3937
PERSONAL FAX: +1 713 583 3796
E-MAIL: GMLuck@DuaneMorris.com

www.duanemorris.com

July 19, 2013

VIA EMAIL (SULLIVANNYSDCHAMBERS@NYSD.USCOURTS.GOV)

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re:  *Princeton Digital Image Corp. v. Hewlett-Packard Co., et al.*
    <u>Civil Action No. 1:12-cv-00779-RJS</u>

Judge Sullivan:

On July 12, 2013, PDIC moved to amend its infringement contentions pursuant to the terms of an agreement between PDIC and Microsoft resulting from settlement of litigation between PDIC and Microsoft brought in a different forum. The agreement required PDIC to withdraw claims made to certain Microsoft products. This in turn required PDIC to amend its infringement contentions in this matter to the extent that certain HP products that were earlier identified in PDIC's original infringement contentions included a Microsoft photo editing/photo management software tool, such as the Microsoft Scanner and Camera Wizard).

**Consequently, PDIC sought leave to *delete* -- not add -- certain products no longer accused of infringement as a result of the Microsoft settlement.**

The Court issued an Order in response to PDIC's request on July 18, 2013. In its Order, the Court allowed Plaintiff to withdraw its infringement contentions against Microsoft. However, PDIC had never asserted infringement contentions against Microsoft in this case. In this connection, Microsoft is not and never has been a party in this case and thus PDIC could not have made infringement contentions against Microsoft.

Rather, PDIC had asserted infringement contentions against HP based at least on HP's manufacture, use, sale, offer to sell and importation of (among other products) computers "that include the Microsoft Scanner and Camera Wizard *or other photo editing or photo management software tool, application or function that operate in a reasonably similar manner* with respect to employing codewords to digitally encode image data into a JPEG image file." As set forth in

DUANE MORRIS LLP

1330 POST OAK BOULEVARD, SUITE 800   HOUSTON, TX 77056-3166        PHONE: +1 713 402 3900   FAX: +1 713 402 3901
DM2\4374941.1

DuaneMorris

The Honorable Richard J. Sullivan
July 19, 2013
Page 2

PDIC's *original* infringement contentions, PDIC referred to these products "collectively [as] 'the HP PC '056 Accused Instrumentalities.'"  The Microsoft Scanner and Camera Wizard is simply *one example* of the HP PC '056 Accused Instrumentalities, which, again, are defined as computers that include a photo editing or photo management tool that employ codewords to digitally encode image data into a JPEG image file in a reasonably similar manner as is set forth in detail in the claim charts.

Notably, PDIC's original infringement contentions also identified other specific examples of photo editing and photo management software tools that HP makes, uses, sells, offers to sell or imports that operate in a reasonably similar manner.  One of these identified photo editor/photo management products is HP Photo Creations, which HP has preinstalled on computers it sells and, separately, has made available for download.  As PDIC informed the Court in its request to amend its infringement contentions, PDIC specifically identified HP Photo Creations (along with other photo editing/photo management tools), and it included an analysis of HP Photo Creations installed and executing on a computer in the *original* claim charts that accompanied the *original* infringement contentions.

Thus, PDIC did not add any *new* infringement contentions against HP when it sought leave to amend the contentions to remove the *Microsoft* photo editing or photo management tools. The *original* infringement contentions asserted against HP included all computers having a photo editing or photo management tool that operate in a reasonably similar manner with respect to encoding image data into JPEG files.  The *original* infringement contentions specifically identified multiple HP photo editing and photo management tools (including HP Photo Creations installed and executing on a computer) that operate in substantially same manner with respect to the JPEG encoding functions. Because PDIC was not seeking to add *new* contentions, PDIC should not have been required to show either "excusable subsequent discovery of new information" or "clearly excusable neglect," as suggested by the Court's Order. To the extent these requirements even apply in this instance, the "excusable subsequent discovery" requirement is met by the recent settlement agreement between PDIC and Microsoft.

As such, the Court's denial of PDIC's request to amend its contentions *vis-à-vis* HP on the basis that "Plaintiff has proved no explanation much less a sufficient one for its delayed request" miscomprehends the nature of PDIC's request and (proposed) amendment. Preliminarily, PDIC *did* provide an explanation for its request. That is, in its letter to the Court, PDIC explained its obligation under the Microsoft settlement agreement, that its contentions were not drawn to "new" accused instrumentalities, and that the analysis in the supplemented claim chart (that removed the reference to the Microsoft product) had been included in original infringement contentions and charts. This is the same explanation set forth above.

Secondly, PDIC's  request was not delayed.  PDIC moved to timely amend its contentions (*vis-à-vis* HP) immediately when it was required to do so as a result of the Microsoft

DuaneMorris

The Honorable Richard J. Sullivan
July 19, 2013
Page 3

settlement agreement. Hence, PDIC's request to amend its contentions was not delayed, as stated
in the Order.

PDIC therefore requests the Court to reconsider its Order and/or to allow further briefing
on this matter.

Respectfully submitted,

Gregory M. Luck

GML:stm

DM2\4374941.1



**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Sean C. Cunningham
sean.cunningham@dlapiper.com
T 619.699.2900
F 619.764.6600

July 22, 2013
*VIA EMAIL (SULLIVANNYSDCHAMBERS@NYSD.USCOURTS.GOV)*

The Honorable Richard J. Sullivan
United States District Court
Southern Division of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:   *Princeton Digital Image Corp. v. Canon Inc., et al.,* **Civil Action No. 1:12-cv-00779**

Dear Judge Sullivan:

We write on behalf of defendant Hewlett-Packard Company ("HP") in response to the letter submitted by plaintiff Princeton Digital Image Corp. ("PDIC") on July 19, 2013, purportedly seeking reconsideration of this Court's July 17, 2013 Order.[1]  For three equally compelling reasons, the Court should deny PDIC's request for reconsideration.

First, PDIC does not even recite—much less try to satisfy—the standard for reconsideration under New York law.  Reconsideration of an order is appropriate only where there are "controlling decisions or data that the court overlooked...that might reasonably be expected to alter the conclusions reached by the court," *Ret. Bd. of the Policemen's Annuity and Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon,* Case No. 11 Civ. 5459, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013), or to "correct a clear error or prevent manifest injustice." *New York v. Locke,* No. 08-CV-2503, 2009 WL 2413463, at *2 (E.D.N.Y. Aug. 3, 2009).  PDIC identifies no overlooked decisions or data, nor does it identify any clear error that purportedly needs to be corrected.

Second, the Court's July 17, 2013 Order correctly permitted PDIC to withdraw its contentions against software supplied by Microsoft to HP, and the Order correctly denied PDIC's attempt to add voluminous new infringement contentions against HP PCs.  As the Order correctly found, PDIC provided no explanation for its attempt to add new infringement contentions against HP, and the Order cited the correct standard for such amendments, as set forth in *Orenshteyn v. International Business Machines Corp.,* No. 02 Civ. 5074(JFK)(RLE), 2013 WL 174183 (S.D.N.Y. Jan. 15, 2013).

Third, PDIC is wrong in claiming that "PDIC did not add any *new* infringement contentions against HP when it sought leave to amend the contentions to remove the *Microsoft* photo editing or photo management tools." (PDIC Letter at 2, emphasis in original.)  If it were true that PDIC was not seeking to add new infringement contentions, then PDIC would not need any relief from this Court at all.  But PDIC's claim is belied by the redline HP supplied to the Court as Exhibit A to its July 15, 2013 letter.  That redline shows the voluminous additions and changes PDIC was seeking to make to its infringement contentions, years after the deadline for doing so.  For example, the first portion of the opening line of the two claim charts, reproduced in the table below, shows the stark changes PDIC attempted to make to its infringement contentions (new additions emphasized):

---

[1] PDIC incorrectly refers to the Order has having issued on July 18, 2013.  The correct date of the Order is July 17, 2013.



**DLA PIPER**

The Honorable Richard J. Sullivan
July 22, 2013
Page Two

| PDIC's Original Claim Chart | PDIC's New, Rejected Claim Chart |
| --- | --- |
| "The HP PC '056 Accused Instrumentalities (as defined in PDIC's Infringement Contentions) include a preinstalled Windows® operating system having a Scanner and Camera Wizard that encodes...." | "The HP PC '056 Accused Instrumentalities (as defined in PDIC's **Supplemental** Infringement Contentions) include a **personal computer having a software tool, application or function (other than a Microsoft photo editing or photo management software tool or application) that encodes**...." |

As shown above, PDIC's original infringement contentions against HP computers only charted the accused Microsoft software. The Court correctly rejected PDIC's belated attempt to replace that claim chart with an entirely new claim chart against an unidentified "software tool, application or function."

For these reasons, the Court should reaffirm its July 17, 2013 Order and deny PDIC's request for reconsideration.

Very truly yours,

DLA Piper LLP (US)

Sean C. Cunningham
Partner

Admitted to practice in California

cc: All Counsel (see attached service list)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served by email on the 2nd day

of July, 2013, on the following:

cmichel@orrick.com
dmsangalli@duanemorris.com
gmluck@duanemorris.com
jspollack@duanemorris.com
jtrillsch@duanemorris.com
kcaggiano@duanemorris.com
tparker@duanemorris.com
sjensen@orrick.com
srouth@orrick.com
twsankey@duanemorris.com
wwyuan@duanemorris.com

Debby Brady