UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **7-24-13**

PRINCETON DIGITAL IMAGE
CORPORATION,

                              Plaintiff,

        -v-

HEWLETT-PACKARD, CO., *et al.*,

                              Defendants

No. 12 Civ. 779  (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        The Court is in receipt of Plaintiff's letter, dated July 24, 2013 and attached to this Order,

clarifying its request for reconsideration of the Court's July 18, 2013 Order.  However, the Court has

already denied Plaintiff's request, and this letter does not alter that decision.

SO ORDERED.

Dated:        July 24, 2013
              New York, New York

                                            RICHARD J. SULLIVAN
                                            UNITED STATES DISTRICT JUDGE

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
PALO ALTO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

GREGORY M. LUCK
DIRECT DIAL: 713.402.3937
PERSONAL FAX: +1 713 583 3796
E-MAIL: GMLuck@DuaneMorris.com

www.duanemorris.com

July 24, 2013

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

   Re:   ***Princeton Digital Image Corp. v. Hewlett-Packard Co., et al.***
         <u>**Civil Action No. 1:12-cv-00779-RJS**</u>

Dear Judge Sullivan:

     This is in reply to Hewlett Packard's ("HP") July 22, 2013 response opposing PDIC's letter to the Court seeking leave to amend its infringement contentions to exclude those products addressed in the recent Microsoft settlement agreement.

     The linchpin in the issue presented in the several letters to the Court is whether PDIC seeks to *broaden or narrow* the list of accused HP products as originally identified in its contentions.  Plainly, if PDIC merely seeks to narrow – and not broaden – HP has no legitimate complaint.

     HP first argues that PDIC seeks to "add new infringement contentions" on the basis that PDIC sought leave to amend, implicitly suggesting PDIC would not have had to seek leave unless it sought to broaden its contentions.   HP's suggestion is misplaced.   The Case Management Plan and Scheduling Order at Section 12(b) requires PDIC to seek leave for *any* amendment .  Hence, the fact that PDIC sought leave to amend does not evidence any attempt to add new infringement contentions.

     The issue of which products PDIC originally accused of infringement, and now more narrowly seeks to accuse in light of the settlement with Microsoft, may be diagrammatically illustrated below.

The Honorable Richard J. Sullivan
July 24, 2013
Page 2

DuaneMorris



Figure A                    Figure B

The gray-shaded areas in Figures A and B represent the accused products encompassed in PDIC's infringement contentions.  In Figure A, PDIC initially charged with infringement HP computers that HP sold with a preinstalled photo editor/management products   PDIC's infringement contentions identified the Microsoft Camera and Scanner Wizard (which is part of the Microsoft operating system) as one exemplary photo editor/management product that is installed on HP computers.  Figure A also illustrates that PDIC accused photo editor products of infringement regardless of whether or not HP installed those products on a computer.  PDIC's infringement contentions identified HP Photo Creations as one exemplary photo editor/management product.  HP both preinstalls HP Photo Creations on computers and makes its available for download onto computers via the Internet.

Figure B represents the products that PDIC is now accusing of infringement as a consequence of the Microsoft settlement agreement.  As shown, PDIC removed its infringement contentions that were based on a Microsoft photo editor/management product installed on an HP computer, leaving intact its infringement contentions based on non-Microsoft photo editor/management products that HP installs on computers.  As such, it cannot be reasonably argued that an amendment removing certain accused HP computers while leaving other, originally accused computers enlarges the scope of products accused of infringement.

HP's current contention that PDIC seeks to expand the list of accused products is apparently made in an effort to unfairly reduce those products *originally accused of infringement* by sowing confusion and misdirection.  For the reasons set forth above and in PDIC's earlier letters to the Court, PDIC's Motion for leave should be granted.

DuaneMorris

The Honorable Richard J. Sullivan
July 24, 2013
Page 3

Respectfully submitted,

Gregory M. Luck

GML:adj