**MEMO ENDORSED**

DuaneMorris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

R. TERRY PARKER
DIRECT DIAL: 212.692.1089
E-MAIL: tparker@duanemorris.com

www.duanemorris.com

October 24, 2013

**BY EMAIL**

The Hon. Richard J. Sullivan
United States District Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

> IT IS HEREBY ORDERED that the parties shall address the '056 Patent terms before '103 Patent terms, but that arguments for indefiniteness shall be made at the time a term is initially presented, rather than separately. That is, terms shall be presented as set forth in Exhibit B, but with sub-heading B to precede sub-heading A.
>
> SO ORDERED
> Dated: 10/24/13
> RICHARD J. SULLIVAN
> U.S.D.J.

Re: *PDIC v. HP et al.*, Civil Action No. 12 Civ. 00779 (RJS)

Dear Judge Sullivan:

We represent Plaintiff Princeton Digital Image Corporation ("PDIC") and submit this joint letter on behalf of all parties in the above-referenced action. The parties have met and conferred for roughly thirty minutes[1] by telephone and believe it is necessary to seek the Court's guidance as to the agenda for their Joint Claim Construction Hearing on November 7, 2013.

The parties agree that not all the claim terms in dispute in their Joint Claim Construction and Pre-Hearing Statement (Dkt. No. 305) (hereinafter the "JCCS") need be argued during the hearing and have reached agreement as to the terms for which argument will be presented. However, the parties are unable to agree upon the order of presentation. First, the parties dispute whether their arguments should begin with the disputes concerning the U.S. Patent No. 4,813,056 (the '056 Patent) or with those concerning U.S. patent No. 4,860,103 (the '103 Patent). Second, the Parties disagree on the presentation order for the disputed issues concerning the '056 Patent.

### PDIC's Position

PDIC's proposal for the order of presentation is attached as Exhibit A.

<u>Ordering of the Patents</u>: PDIC informed Defendants that PDIC intends to start the *Markman* hearing with its arguments concerning the '056 Patent and finish with the disputed terms at issue in the '103 Patent. This is the same ordering that PDIC presented in its claim construction briefs and in the tutorial that PDIC submitted to the Court on October 1, 2013. But,

---

[1] Diana Sangalli, Chris Tyson and Terry Parker, counsel for PDIC were present on the call, as were Sean Cunningham and Brian Erickson, counsel for defendant Hewlett-Packard, and Sten Jensen and Chris Higgins, counsel for Fujifilm.

DUANE MORRIS LLP

DuaneMorris

The Hon. Richard J. Sullivan
October 24, 2013
Page 2

more importantly, there are far more disputed terms at issue with the '056 Patent, and the technology and disputed issues are more complex and varied. As such, PDIC believes that the issues presented by the '056 Patent should be addressed first to ensure that there is sufficient time and focus on the arguments. Placing the '056 Patent terms last on the agenda runs the risk that complex—and key—issues will be given short shrift should the parties become pressed for time later in the hearing.

Order of the Issues Presented by the '056 Patent. In addition to the disputes concerning the meanings of various claim terms, Defendants have asserted that other terms (*i.e.*, term nos. 9, 10 and 32) are indefinite. Whether a claim term is indefinite affects the validity of a patent. As such, indefiniteness raises legal issues that differ from determining the meaning of a claim term, including the requirement for clear and convincing evidence that one skilled in the art could not understand the term after reading the patent.

In view of these differences, PDIC has proposed a process where the claim construction and indefiniteness issues are compartmentalized, with the parties' arguments regarding indefiniteness following their arguments concerning the meanings of the other claim terms at issue. This ordering will be more efficient and provide the Court with the opportunity to become more familiar with the '056 Patent, as well as consider the parties' other claim construction arguments that will also inform the indefiniteness question. Defendants' proposal, which interrupts the claim construction presentations with indefiniteness arguments, would require the Court to tackle a complex issue that affects the validity of the '056 Patent without the benefit of a full presentation from the parties regarding their views on the proper scope and meaning of the claims. Accordingly, PDIC believes that the parties' arguments concerning whether claim term nos. 9, 10 and 32 are indefinite should be the last item on the agenda for the '056 Patent.

**Defendants' Position**

Defendants' proposal for the order of presentation is attached as Exhibit B. For several reasons, it makes much more sense to begin the hearing with the '103 patent, then proceed to the '056 patent terms in the order set forth in Exhibit B.

First, as PDIC acknowledges, the "technology and disputed issues are more complex and varied" in the '056 patent. Defendants agree, and that is precisely why the parties and the Court should start with the simpler technology of the '103 patent and build up to the more complex technology of the '056 patent. In fact, from a technical perspective, the technology of the '103 patent occurs first in an encoding system. That is, an analog signal is first digitized (the field of the '103 patent), then it is encoded (the field of the '056 patent). Figure 1 of the '056 patent even depicts the analog-to-digital converter before the encoder in the encoding system. Thus, starting with the '056 patent would actually reverse the order of the two technologies, making it harder to understand and follow the arguments.

DuaneMorris

The Hon. Richard J. Sullivan
October 24, 2013
Page 3

    Second, as PDIC acknowledges, the claim construction disputes for the '103 patent are fewer in number and more discrete than for the '056 patent. The '103 patent will therefore take less time to argue than the '056 patent. This is why Defendants have proposed a limitation of 45 minutes per side on the '103 patent terms, leaving 75 minutes per side for the '056 terms. PDIC rejected this proposal. Even so, if the parties believe they are falling behind on time during the hearing, it is far better to drop arguments on one or more of the later terms of the '056 patent, rather than risk foregoing argument on the '103 patent altogether.

    Third, and not surprisingly given the first point above, PDIC asserted the '103 patent before the '056 patent in its original and amended complaints. (Dkt. Nos. 1, 19.) In addition, the parties' Joint Claim Construction and Prehearing Statement addresses the '103 patent before the '056 patent. (Dkt. No. 305.) It was not until its opening claim construction brief that PDIC reversed field and flipped the order of the two patents. (Dkt. No. 325.) But for the reasons discussed above, the proper order for addressing the two patents is as PDIC ordered them before it filed its claim construction brief—the '103 patent followed by the '056 patent.

    With respect to the ordering of the terms for the '056 patent, it makes no sense to lump together at the end of the argument any term that Defendants have alleged is indefinite, as PDIC wants to do. Contrary to PDIC's position, "[i]ndefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction." *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008). Additionally, each of these terms is part of a larger "grouping" or "means for grouping/ generating" phrase. To construe each of these larger "means" phrases, which PDIC places fifth and sixth in its proposed order, the Court must first define the function of the means terms, which requires defining the meaning of each of the terms that PDIC places ninth in its proposed order. *Budde v. Harley-Davidson, Inc.*, 250 F.3d 1369, 1376 (Fed. Cir. 2001) ("In construing means-plus-function claim limitations, a court must first define the particular function claimed."). Defendants' proposed order tracks the order in which the Court must consider the claim terms and will allow the Court to consider Defendants' invalidity positions in the context of the entire phrase that includes the indefinite terms.

    We thank the Court for its consideration.

                                                         Respectfully submitted,

                                                         R. Terry Parker

cc:    All Counsel of Record

DuaneMorris

The Hon. Richard J. Sullivan
October 24, 2013
Page 4

## EXHIBIT A

PDIC's Proposed Ordering of Patents and Claim Terms

    A.    The '056 Patent

        1.    "condition(s)" terms (JCCS Term Nos. 2, 3)

        2.    "codeword(s)" terms (JCCS Term Nos. 5, 6)

        3.    prefix keyword code / common codeword portion / suffix (JCCS Term Nos. 12, 22, 14)

        4.    combined frequency of occurrence / combined probability of occurrence value / combined probability value (JCCS Term Nos. 20 & 27)

        5.    "grouping" terms (JCCS Term Nos. 16, 24, 29, 30, 35, 36)

        6.    first means for grouping.../ second means for grouping....(JCCS Term Nos. 17, 18)

        7.    first means responsive to said signal for generating.../ second means responsive to said signal for generating... (JCCS Term Nos. 4, 11)

        8.    causing a memory means... (JCCS Term No. 28)

        9.    more commonly occurring zero run length values and non-zero values... / a statistical rule such that... / wherein the shorter codewords generally occur more frequently and the longer codewords generally occur less frequently (JCCS Terms Nos. 9, 10, 32)

    B.    The '103 Patent

        1.    "a video input for receiving analogue video signals directly from a camera" (JCCS Term No. 1)

        2.    Analog to digital converter (JCCS Term No. )

        3.    control means responsive to... / control means responsive... (JCCS Term Nos. 4, 10)

        4.    means for sampling selected words... (JCCS Term No. 7)

        5.    control input/control signal (JCCS Term Nos. 3, 6)

DuaneMorris

The Hon. Richard J. Sullivan
October 24, 2013
Page 5

## EXHIBIT B

### Defendants' Proposed Ordering of Patents and Claim Terms

A. **The '103 Patent** (listed first in JCCS; proposed maximum of 45 minutes per side for argument)

    1. "a video input for receiving analogue video signals directly from a camera" (JCCS Term No. 1)

    2. "analogue-to-digital converter" (JCCS Term No. 2)

    3. "control means..." (JCCS Term Nos. 4, 10)

    4. "means for sampling..." (JCCS Term No. 7)

    5. "a control input..." / "a control signal..." (JCCS Term Nos. 3, 6)

B. **The '056 Patent** (listed second in JCCS; proposed 75 minutes per side or more depending on length of '103 patent arguments)

    1. "condition" / "conditions" (JCCS Term Nos. 2, 3)

    2. "codeword" / "codewords" (JCCS Term Nos. 5, 6)

    3. "prefix keyword code" / "common codeword portion" / "suffix" (JCCS Term Nos. 12, 22, 14)

    4. "more commonly occurring..." / "a statistical rule such that..." / "wherein the shorter codewords generally..." (JCCS Term Nos. 9, 10, 32)

    5. "combined frequency of occurrence" / "combined probability of occurrence value" / "combined probability value" (JCCS Term Nos. 20, 27)

    6. "grouping" terms (JCCS Term Nos. 16, 24, 29, 30, 35, 36)

    7. "first means for grouping..." / "second means for grouping..." (JCCS Term Nos. 17, 18)

    8. "first means responsive to said signal for generating..." / "second means responsive to said signal for generating..." (JCCS Term Nos. 4, 11)

    9. "causing a memory means..." (JCCS Term No. 28)