UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



PRINCETON DIGITAL IMAGE
CORPORATION,

                Plaintiff,

-v-

HEWLETT-PACKARD, CO., *et al.*,

                Defendants

No. 12 Civ. 779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of the attached joint letter from the parties, dated October 31, 2013, concerning Plaintiff's request for an extension of discovery deadlines.

Under Rule 2.G of this Court's Individual Practices, parties must submit discovery disputes through a jointly composed letter not to exceed five pages. The parties' letter, even excluding signature pages, is seven pages long. The Court notes that this is not the first time that the parties have submitted a letter that clearly violates the Individual Practices. *See* Doc. No. 327.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's request is DENIED. The parties may, if they wish, re-submit the letter in a form that complies with this Court's Individual Practices.

SO ORDERED.

Dated:      November 1, 2013
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

October 31, 2013

BY ELECTRONIC MAIL

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

      Re: *Princeton Digital Image Corp. v. Hewlett-Packard Co., et al.*
            Civil Action No. 1:12; cv-00779-RJS

Dear Judge Sullivan:

Pursuant to the Court's October 7, 2013 Order, the parties hereby submit their respective proposals for the Scheduling Order in this case as its concerns the deadlines for discovery.

**PDIC's Position**

PDIC requests a six month extension to fact discovery period as reflected in the attached Joint Modified Case Management Plan and Proposed Scheduling Order.

**Defendants' Position**

Defendants oppose PDIC's request.[1] PDIC previously requested a discovery period ending in June 2014, and the Court denied that request in its April 30, 2013 Scheduling Order. Since then, PDIC has not served any written discovery or noticed any party depositions. Defendants should not be forced to incur the additional burdens and costs of an extended discovery period due to PDIC's lack of diligence.

---

[1] Defendants requested that PDIC comply with the Court's 5-page limit for discovery letters, but PDIC refused. Defendants' portion of this letter is less than 2.5 pages.

## I. PDIC's Argument

### A. Background

PDIC commenced this litigation on January 25, 2010 in the Eastern District of Texas. PDIC immediately commenced discovery from all defendants inquiring as to, *inter alia*, the volume, revenues, costs and manufacturer of each accused product and the functionality of the accused products. The accused products for Fujifilm generally include digital still cameras ("DSCs") and scanning products. The accused products for HP include DSCs, scanning products, photo editor products and computer products. PDIC also made requests for the production and review of, *inter alia,* source code of each of these products. Between HP and Fujifilm, PDIC has identified hundreds of accused products.

Both HP and Fujifilm have identified that they do not possess information concerning the function and operation of various accused products and that such information resides with third parties. The accused product functionality is dictated in part by product source code. Both HP and Fujifilm have identified that a substantial portion of the source code for the accused products must be sought through third parties, most of whom are located in Asia.

On September 30, 2011, Defendants obtained a transfer of this case to the Southern District of New York and immediately thereafter sought a stay of discovery pending the resolution of both a reexamination of both patents-in-suit and a motion to dismiss. While both issues were resolved in PDIC's favor, this stay, in conjunction with the motion to transfer, effectively prevented PDIC from pursuing party and most third party discovery from September 30, 2011 until March 21, 2013.[2]

In the nearly seven months since the lifting of the stay, PDIC has vigorously attempted to obtain discovery from parties HP and Fujifilm and third parties located in the United States and abroad.

### B. Status of HP Discovery

One of the concerns identified by PDIC in initially opposing a stay, and subsequently the maintenance of the stay once reexamination had concluded, was the predictable claim by Defendants – once discovery resumed – that evidence had been lost, employees with information retired and memories faded. This is precisely at least one of the positions advanced by HP in denying discovery concerning the functionality of the accused products.

Though HP has enjoyed tremendous sales of the accused products in the U.S., it has

---

[2] During the transfer of this case and the yearlong stay in discovery, PDIC continued where possible to pursue discovery from third parties, but most of these third parties cited this Court's stay as grounds for delaying discovery.

adopted the position that it cannot even identify the chipsets in some of its products and in other respects lacks the knowledge as to the functionality of these products. As a result, HP has referred PDIC to third parties including Premier Image Technology Corporation, Nucam, Altek Corporation, and Lite-On Technology Corporation each of which are located in Taiwan, and LEAD Technologies and Texas Instruments Inc., located in the United States. LEAD Technologies initially refused to produce source code and adopted the circular argument that such code was available from HP. LEAD has only recently offered to make certain code available for PDIC's review and, subject to negotiating what code will be made available for inspection, PDIC expects that review to take place in the near future. Texas Instruments refused to even discuss the logistics of producing source code until the stay of discovery was lifted in March of this year. While PDIC has reviewed some Texas Instruments code, it is apparent from PDIC's review that Texas Instruments has not produced all relevant code. Texas Instruments recently agreed to make additional code available for review but will not commit to a date certain by which such code will be available for review. As the Court would expect, obtaining discovery from third parties located in Taiwan has been even more protracted. A response to a discovery request through the procedure of a letter rogatory in Taiwan typically takes at least six months. Thus, PDIC timely initiated parallel discovery against all these third-parties through both letters rogatory and through their U.S. subsidiaries, where available. For example, in protracted back and forth with Altek Laboratories, the U.S. subsidiary of Altek Corporation, including a deposition on October 22, 2013, PDIC has determined that Altek Laboratories should be able to obtain source code from Altek Corporation. However, PDIC will likely need to resort to motion practice in California to compel Altek Laboratories to request source code from Altek Corporation and make it available for review in the United States.

Adding to the difficulty of third-party discovery, HP did not identify Premier and NuCam as having discoverable information until August 15, 2013 when HP made its Third Supplemental Response to Interrogatory No. 1, this after PDIC submitted its discovery disputes to this Court. Given the protracted timeline for third-party discovery in Taiwan, it is unrealistic to expect PDIC to obtain even its initial response from its letters rogatory prior to the current discovery deadline on January 6, 2014, much less obtain the actual discovery which will inevitably require follow-up efforts.

Following the lifting of the stay on discovery on March 21, 2013, PDIC immediately sought an inspection of HP's source code. HP agreed to make available source code relating to HP cameras for inspection at its counsel's office in Austin, Texas. However, PDIC was not able to proceed with the inspection of HP's source code because HP qualified this production stating that the code is merely "representative" of accused products but would not identify the product groups on which these samples were based nor disclose the criteria used to group the representative productions. Only after PDIC sought to raise this issue with the Court did HP offer an explanation as to which products would be included in its representative sampling and how those products were chosen. But even now, although offering the vague explanation that it has produced its source code archive, HP still has not confirmed that the produced source code is, in fact, representative of other cameras. In addition, while HP has provided discovery

relevant to the volume, revenues, costs and manufacturer of its accused products, it has done so only after PDIC was forced to raise the issue with the Court. Review of HP's source code was completed last week.

### C. Status of Fujifilm Discovery

Fujifilm has made available for inspection source code relating only to those digital still cameras that it manufactures. With respect to its scanners and other digital still cameras, Fujifilm (like HP) has taken the position that it is unable to identify the function and operation of the accused products and has identified certain third-party manufacturers in Asia as having the source code necessary for determining how these accused products function. PDIC has initiated parallel discovery against these third-parties in Asia through letters rogatory, the Hague Convention, and the third-parties' U.S. subsidiaries. By way of example, PDIC is pursuing third-party discovery of source code from Sanyo North America, Xacti (affiliate of Sanyo Electric corporation) (Japan), Epson America, Inc., Seiko Epson Corporation (Japan), Hon Hai Precision Instruments (Taiwan), Asia Optical Co. Inc. (Taiwan). As set forth above, obtaining this third-party discovery is laborious and its completion is again expected to extend well beyond the current discovery deadline.

PDIC further refers to the various discovery issues submitted for review by the Court in pre briefing correspondence, the totality of which have protracted the conduct of discovery.

### D. Prospective Discovery

The afore referenced discovery is a necessary predicate to deposition discovery of both HP and Fujifilm on the issues of, *inter alia*, the function and operation of the accused products, the sales volume of the accused products and the income realized as a result of such sales as well as the factual basis for defenses raised by Defendants in their respective pleadings.

In addition to the foregoing, Defendants have requested the depositions of the named inventors of the two patents in suit. While investigation is ongoing as to the availability of these inventors, at least two of these depositions will have to be taken in the United Kingdom

### E. Conclusion

Even given PDIC's aggressive pursuit of discovery in this case, some of which has been telegraphed in correspondence to the Court, discovery may not reasonably be completed within the constraints imposed by the January 6, 2014 discovery cutoff. PDIC therefore requests a six month extension in the close of fact discovery from the current deadline of January 6, 2014 until June of 2014.

## II. Defendants' Argument

### A. HP's Position

Discovery in this case has been open for many months, and PDIC's incorrect recitation of the discovery record as to HP does not justify any extension. Fact discovery opened in March 2011, more than 31 months ago, and was only stayed in part for 12 months pending the Court's ruling on Defendants' motion to dismiss and to stay.[3] This Court granted PDIC's request for letters rogatory to HP's OEM supplier Altek in Taiwan on April 19, 2012, during the stay. Dkt. No. 238. Furthermore, PDIC jointly requested a suspension of court deadlines pending transfer, which took about three months. Dkt. No. 148 (Joint Motion); Dkt. No. 149 (Order). Thus, fact discovery has been open for a total of about 14 months, and international fact discovery via letters rogatory has been open except during the brief period of venue transfer.

In its initial disclosures served in May 2011, HP identified third-party suppliers Zoran, LEAD Technologies, Analog Devices, and NEC as having information related to the "design, structure, function and operation" of accused HP components. And contrary to PDIC's claim, HP produced to PDIC relevant source code in June 2011 for cameras, scanners, inkjet all-in-ones, laser multi-function printers, and other accused products. In August 2011, HP identified: (1) the Bates numbers for HP's source code production corresponding to the accused products; (2) specific source code files related to HP's accused digital cameras; (3) third parties LEAD Technologies, Lucidiom, Texas Instruments, Altek, and Microsoft as having relevant source code not in HP's possession; and (4) specific third-party technical documents of Panasonic, Agilent and Analog Devices. By August 2011, HP had produced approximately 424,360 pages of documents.

Importantly, HP has not failed to preserve any information. Rather, PDIC filed this lawsuit several years after the patents expired in 2006 and 2007, making discovery into old products accused of infringement extremely difficult. PDIC now tries to blame HP, third parties, venue transfer and this Court's stay of discovery for PDIC's lack of diligence. But PDIC has no explanation for delaying discovery of HP and its third-party suppliers for many, many months.

The fact that HP and PDIC previously discussed a representative product stipulation is no excuse for PDIC's failure to review source code HP produced in June 2011, or for PDIC's failure to promptly inspect additional HP camera source code. HP produced its camera source code archive, not just for "representative products." Moreover, PDIC has not noticed a single

---

[3] Contrary to PDIC's letter, the parties jointly moved to suspend case deadlines pending transfer on October 13, 2011. Dkt. Nos. 148, 149. On February 7, 2012, this Court promptly took the case. On March 16, 2012, this Court stayed discovery until May 17, 2012, and the case remained stayed until March 21, 2013. Dkt. Nos. 212, 282.

deposition of HP.[4] On October 22, 2013, PDIC took its first third-party deposition related to HP products. On August 15, 2013, HP identified Premier and NuCam/Foxlink as additional third-party OEMs for accused products. If PDIC is communicating with Premier and NuCam/Foxlink or "their U.S. subsidiaries" about providing discovery as PDIC claims in this letter, PDIC is not sharing those communications with HP. And if PDIC's discovery in Taiwan really has been "protracted" despite PDIC's "aggressive" efforts since letters rogatory issued in April 2012, PDIC has not told HP about those communications either.

In sum, PDIC cannot demonstrate good cause for an extension. PDIC failed to pursue third-party discovery following HP's discovery disclosures in mid-2011, and apparently did not review HP's mid-2011 interrogatory responses or source code production either. It is not Defendants' or the Court's fault that PDIC's discovery time is running out.

### B.  Fujifilm's Position

PDIC cannot establish good cause for an extension of fact discovery. PDIC has done nothing to obtain discovery from Fujifilm during the past seven months, although it has burdened Fujifilm and the Court with meritless discovery motions. PDIC now seeks to add six more months of fact discovery to the Court's schedule. This case has been pending since January, 2010. Fujifilm produced more than 2 million pages of documents while this case was pending in the ED Texas, and it substantially completed document production four months ago, in June. Yet PDIC still has not sought to depose a single Fujifilm witness. Apparently, PDIC expected that it could force settlement of this case without fully addressing the merits of its claims simply by stalling. The current request to impose even longer and more burdensome fact discovery appears to be part of the same strategy. Fujifilm will not cave in to meritless claims and demands. If PDIC's dilatory conduct leaves PDIC unable to complete some intended discovery (or to impose some hoped for burdens on Fujifilm), it has only itself to blame.

The only excuse PDIC offers for extending the discovery deadline against Fujifilm is that PDIC is still seeking discovery from third-party manufacturers. There are two gaping holes in that argument. First, Fujifilm identified third parties with relevant information when the case was still in the Eastern District of Texas. Indeed, Fujifilm first identified the third-party manufacturers over two years ago, on July 22, 2011, in response to PDIC's Interrogatories. In the Parties' joint letter to this Court of February 17, 2012, PDIC acknowledged its need for this third party discovery and told the Court it was underway. PDIC put forth little effort into pursuing that discovery, however, and it added to the delay by attempting to serve discovery on

---

[4] This past summer, HP informed PDIC that HP conducts a corporate shut-down each year during the holidays. This holiday season, the shut-down is from December 21, 2013 through January 1, 2014. During the shut-down, HP employees will not be available for depositions. Given the shut-down, HP would be prepared to agree to a short extension of deposition discovery as to HP for two weeks in January.

Japanese third parties under the Hague Convention, even though Japan is not a signatory. Second, PDIC could have taken any discovery it now says it needs from Fujifilm at the same time it sought discovery from third parties. Fujifilm manufactures most of the accused products itself, PDIC has already reviewed the source code Fujifilm produced for these products, and even for the few products that Fujifilm does not manufacture, PDIC could have deposed Fujifilm witnesses on many subjects, including sales, marketing, knowledge of the patents, etc.

PDIC also suggests that discovery was "protracted" because of the "discovery issues that were submitted for review by the Court in pre-briefing correspondence." PDIC brought two issues before the Court with respect to Fujifilm, and both times the Court denied PDIC's requests to compel Fujifilm to provide additional information in discovery. Moreover, Fujifilm served a deposition subpoena on one of PDIC's principals, Tom Meagher, on July 5, 2013, and PDIC's counsel, who represents Mr. Meagher in his individual capacity, still has not produced him for deposition; PDIC insists that no deposition of Mr. Meagher can go forward until defendants are ready to take a Rule 30(b)(6) deposition of PDIC on all possible subjects. Accordingly, it is PDIC that has stonewalled discovery and is responsible for any delay.

Fujifilm will not require additional time for discovery beyond the January 4, 2014 cutoff, assuming PDIC does not engage in further delay. Two inventor depositions have been scheduled for December 2 and 3, 2013. Fujifilm continues to require an individual deposition of Thomas Meagher in his individual capacity, because he has been involved with the patents in suit before PDIC existed and outside the scope of PDIC's business, as well as a Rule 30(b)(6) deposition of PDIC. Those depositions can be scheduled in the next two months.

Dated: October 31, 2013     By: /s/ R. Terry Parker
                                Robert Terry Parker
                                **DUANE MORRIS, LLP**
                                1540 Broadway
                                New York, New York 10036
                                Telephone: (212) 692-1089
                                Facsimile: (212) 214-0725

                                Gregory M. Luck, P.C. *(admitted pro hac vice)*
                                Thomas W. Sankey, P.C. *(admitted pro hac vice)*
                                Diana M. Sangalli *(admitted pro hac vice)*
                                Wesley W. Yuan *(admitted pro hac vice)*
                                **DUANE MORRIS, LLP**
                                1330 Post Oak Blvd., Suite 800
                                Houston, Texas 77056
                                Telephone: (713) 402-3900

Facsimile: (713) 583-9623

Jeffrey S. Pollack *(admitted pro hac vice)*
**DUANE MORRIS, LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1299
Facsimile: (215) 689-4942

**ATTORNEYS FOR PLAINTIFF,
PRINCETON DIGITAL IMAGE
CORPORATION**

*/s/ Sean C. Cunningham (With Permission)*
Sean C. Cunningham (Pro Hac Vice)
Erin P. Gibson (Pro Hac Vice)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619-699-2700
Facsimile: 619-699-2701

Brian K. Erickson (Pro Hac Vice)
**DLA PIPER LLP (US)**
401 Congress Ave., Suite 2500
Austin, TX 78701-3799
Telephone: 512-457-7059
Facsimile: 512-457-7001

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD COMPANY**

*/s/ Steven J. Routh (With Permission)*
Steven J. Routh (Pro Hac Vice)
Sten A. Jensen (Pro Hac Vice)
Diana Szego (Pro Hac Vice)
Chris Higgins (Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington DC 20005
Telephone: 202-339-8400
Facsimile: 202-339-8500

**ATTORNEYS FOR DEFENDANT
FUJIFILM NORTH AMERICA
CORPORATION**