USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCETON DIGITAL IMAGE
CORPORATION,

                Plaintiff,

-v-

HEWLETT-PACKARD, CO., *et uno*,

                Defendants

No. 12 Civ. 779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    This action commenced on January 25, 2010 and was transferred to the undersigned on February 6, 2012. (Doc. Nos. 1, 168.) On November 13, 2013, the Court issued a Revised Case Management Plan ordering the completion of fact discovery by February 6, 2014 and warning the parties that the Court would not grant further discovery extensions. (Doc. No. 353.)[1] The Court further ordered the parties to submit pre-motion letters by February 28, 2014. (*Id.*) In the interim, this litigation has degenerated into a schoolyard free-for-all, to the point where the Court has no choice but to intervene.

    First, in what appears to be a naked attempt to circumvent Rule 2.A of the Court's Individual Practices, Defendant Fujifilm has submitted four pre-motion letters, each dated February 28, 2014, in support of its contemplated motion for summary judgment. Not to be outdone, Defendant Hewlett-Packard ("HP") has submitted two such letters, dated February 26

---

[1] By Orders dated February 3, 4, and 20, 2014, the Court permitted the depositions of three witnesses to be taken after February 6, 2014, based on the parties' representations that the original dates for these depositions were unexpectedly canceled because of snowstorms and based on assurances that "the scheduling of [the] depositions after February 6 . . . will not be used by any party as an excuse to delay or seek an extension of any other deadlines in the case (discovery or otherwise)." (Doc. Nos. 378, 380, 384.)

and 28, 2014, and joined in two of Fujifilm's letters. Excluding signature pages, Fujifilm has submitted six pages on its own behalf, HP has submitted five pages on its own behalf, and Defendants have jointly submitted four additional pages. Evidently, Defendants regard the three-page limit on pre-motion letters imposed by Rule 2.A to be a nullity that can be avoided by the gamesmanship of serial filings.

Second, on February 28, 2014, Fujifilm submitted, and HP joined, a letter "[p]ursuant to sections 2(A) and (G) [of the Court's Individual Practices]" that purported to describe "PDIC's Position" on various discovery disputes. Because Rule 2.G calls for discovery disputes to be presented by a joint letter setting forth each party's position, the Court construed Fujifilm's letter to be a joint submission incorporating Plaintiff PDIC's input. To the Court's surprise, PDIC submitted its own letter, also dated February 28, 2014, informing the Court that Fujifilm's letter was drafted unilaterally by Fujifilm and that PDIC's request to join the letter was rebuffed. Subsequently, on March 3, 2014, HP also submitted a letter, in which it urged the Court to disregard PDIC's letter. The Court observes that each of these letters was submitted more than *three weeks* after the close of fact discovery on February 6, 2014.

IT IS HEREBY ORDERED THAT Defendants' pre-motion letters are rejected for failure to comply with Rule 2.A. If any party seeks to make a motion, it shall submit a *single* pre-motion letter of no more than three single-spaced pages setting forth the grounds for the anticipated motion, and the opposing party shall respond in kind within three business days. Rule 2.A. Future attempts to flout the Court's Individual Rules will be met with sanctions.

IT IS FURTHER ORDERED THAT the parties' discovery dispute letters are rejected for failure to comply with Rule 2.G. If the parties seek to raise discovery disputes with the court, they shall submit a *single joint* letter of no more than five single-spaced pages setting forth *each*

2

*party's* position. Any such letter should address why the discovery disputes are not untimely in light of the February 6, 2014 close of fact discovery.

IT IS FURTHER ORDERED THAT the post-discovery conference, originally scheduled for March 14, 2014, is rescheduled to Thursday, April 3, 2014, at 10:30 a.m.

SO ORDERED.

Dated:     March 5, 2014
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE