# O'KELLY ERNST & BIELLI, LLC

Sean T. O'Kelly, Esquire
SOKelly@oeblegal.com
Direct (302) 778-4001

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

March 12, 2014

**VIA ELECTRONIC MAIL AND CM/ECF**
The Honorable Richard J. Sullivan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 905
New York, NY 10007

Re:   *Princeton Digital Image Corp. v. Hewlett-Packard Co. et al., No. 12 Civ. 779 (RJS)*

Dear Judge Sullivan:

Plaintiff Princeton Digital Image Corporation ("PDIC") responds to Defendant FUJIFILM North America Corporation's ("FUJIFILM")'s [corrected] pre-motion letter of March 7, 2014[1], requesting permission to file motions for summary judgment on four grounds: (1) license, release and accord and satisfaction; (2) non-infringement; (3) indefiniteness; and (4) PDIC's lack of prudential standing.  PDIC addresses each argument in turn below:

**I.   License**

First, and foremost, the Court should be aware that FUJIFILM did not timely raise the defense of a "license" under the Agreement[2] in this case until after discovery closed.  Instead, FUJIFILM's counsel waited *twenty (20) days* until after fact discovery closed on February 26, 2014 to first raise the Agreement as a defense.  PDIC disclosed the Agreement to FUJIFILM on July 12, 2013, now over eight months ago.

As to the substance of the allegations that FUJIFILM's products are licensed under the Agreement, the allegations are unverified statements made by FUJIFILM's counsel that PDIC

---

[1] FUJIFILM emailed its March 7, 2014 letter to Your Honor's Chambers, but it has not been docketed yet in accordance with Rule 1.A of the Court's Individual Practices and the Court's March 11, 2014 Order (Docket No. 387).  PDIC believes that FUJIFILM's March 7, 2014 letter should be docketed *under seal*, because, by FUJIFILM's admission, it contains "Confidential Information subject to Protective Order." (*See* March 7, 2014 Letter).  FUJIFILM disagrees.  The parties will meet-and-confer with respect to filing the pre-motion letter under seal on March 13, 2014.

[2] The Agreement is a **Protected Document** and the contents of this document concern highly confidential information of PDIC and a third party.  Accordingly, nothing in this letter will disclose the contents of the Agreement.

has not had time to explore in discovery. Put differently, the allegations and defenses that FUJIFILM's products are licensed under the Agreement are *not* at issue in this case, because FUJIFILM never specifically pled nor timely raised the issue with sufficient time to permit PDIC to take discovery in this case as mentioned above.

In conclusion, PDIC believes it is improper for FUJIFILM to raise a dispositive defense of a license well known to FUJIFILM for over six months before the close of discovery, but never specifically pled nor timely raised to permit PDIC to take discovery in this case. While PDIC is not accusing FUJIFILM of bad faith, PDIC believes FUJIFILM's late disclosure of a license defense in this case under the Agreement is at least dilatory and prejudicial to PDIC. *See, i.e., Columbia Artists Management, LLC v. Alvarez,* 2010 WL 5396097 (S.D. N.Y. 2010) (a district court may entertain affirmative defenses at summary judgment stage ***unless*** there is undue prejudice to plaintiff, bad faith or dilatory motive on part of defendant, futility, or undue delay of proceedings).

## II.    Non-Infringement

PDIC believes it is premature for FUJIFILM to file a motion for summary judgment without the benefit of a claim construction ruling from the Court. In addition, the Case Management Plan and Scheduling Order in this case states that the infringement contentions may be amended without leave of court after the Court's claim construction. Accordingly, PDIC may amend its infringement contentions, pursuant to the Court's Scheduling Order and after the Court's claim construction ruling. Until that time, FUJIFILM's objections regarding PDIC's infringement contentions are premature.

In addition, FUJIFILM argues that because every single camera and scanner model was not fully dissected in the infringement contentions, they are prejudiced. FUJIFILM has known of the basis of PDIC's infringement contentions at least since April 2011. The specific products were identified during discovery and during the Rule 30(b)(6) depositions. A specific list of such was attached to the Rule 30(b)(6) deposition notices served on FUJIFILM. There is no surprise to FUJIFIM from the identification of the products and there is no prejudice. Accordingly, PDIC respectfully requests this Court deny FUJIFILM permission to file its proposed summary judgment motion of non-infringement.

## III.   Indefiniteness

PDIC respectfully requests the Court not to consider FUJIFILM's arguments related to indefiniteness. First, FUJIFILM's basis for arguing indefiniteness in its pre-motion letter is premature. The Federal Circuit has held that indefiniteness is an issue of law and "a matter of claim construction." *Praxair v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008). As of the date of this letter, Your Honor's claim construction order has yet to be issued. Accordingly, the parties remain unaware as to the construction of the claims and whether or not the terms of claims 13, 18 and 21 raised are construed with the FUJIFILM's interpretation or that of PDIC. Until such a ruling is rendered by the Court, consideration of indefiniteness is premature. FUJIFILM's efforts to put indefiniteness at issue without even the benefit of claim construction belie its intent to litigate this matter as to all issues, real or otherwise.

Second, and more important, the sole grounds on which Defendants raise the issue of indefiniteness is the testimony of the inventor, Nicola Fedele. Yet, as the Federal Circuit has long held, "what the patentee subjectively intended his claims to mean is largely irrelevant to the claim's objective meaning and scope." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1379 (Fed. Cir. 2000); *citing Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 985–86, (Fed.Cir.1995); *see also Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161, 1167 (Fed. Cir. 2005) (upholding district court's decision to reject an inventor's testimony on "claim construction and interpretation of the original application," which constituted "expert opinion."). FUJIFILM's attempt to use Mr. Fedele's testimony is contrary to the law, as Mr. Fedele is not an expert in this case. Additionally, FUJIFILM cites no additional bases for the relief sought. As it stands now, there is nothing in FUJIFILM's pre-motion letter which raises the issue of indefiniteness. Consequently, PDIC respectfully requests the Court not to permit FUJIFILM to file a dispositive motion with respect to indefiniteness.

## IV.    Standing

FUJIFILM raises the standing issue for a *third time* in an attempt to re-litigate its arguments related to standing which were rightly rejected by the Court. *See* D.I. 282, 295. This Court, in its denial of the FUJIFILM's Motion to Dismiss, stated "[b]ecause GE lacks standing to enforce the Patents, it is not and cannot be a necessary party to these actions." D.I. 282, p.12. The Court's ruling regarding standing is the law of the case and need not be needlessly heard for a third time.

Nevertheless, FUJIFILM argues again that it is appropriate to file summary judgment on the issue of standing, yet nothing in FUJIFILM's letter gives rise to re-litigate standing. There is and continues to be no dispute that General Electric Co. ("GE") conveyed all rights to the `056 Patent to PDIC and that PDIC could enforce its rights in the `056 Patent against anyone it wished. PDIC chose not to do so, for its own reasons.

FUJIFILM asserts ill-gotten motives and ambiguity in the relationship between PDIC and GE with respect to the enforcement of the '056 patent. Their assertions are unfounded and suggest a willfull blindness to the vast testimony by both GE and PDIC. PDIC acted within the scope of its rights, and GE was and continues to be bound by the Patent Purchase and License Agreement entered between the parties. Accordingly, PDIC respectfully requests this Court deny FUJIFILM's request to file a motion for summary judgment with respect to standing.

                        Respectfully submitted,

                        */s/ Sean T. O'Kelly*

                        Sean T. O'Kelly

cc: All Counsel of Record via CM/ECF and electronic mail