# O'KELLY ERNST & BIELLI, LLC

Sean T. O'Kelly, Esquire
SOKelly@oeblegal.com
Direct (302) 778-4001

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

March 12, 2014

<u>VIA ELECTRONIC MAIL AND CM/ECF</u>
The Honorable Richard J. Sullivan
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 905
New York, NY 10007

Re:     *Princeton Digital Image Corp. v. Hewlett-Packard Co. et al., No. 12 Civ. 779 (RJS)*

Dear Judge Sullivan:

Plaintiff Princeton Digital Image Corporation ("PDIC") responds to Defendant Hewlett-Packard Company's ("HP's") March 7, 2014 letter[1], requesting permission to file a single motion for summary judgment based on the June 28, 2013 Settlement and License Agreement (the "Agreement")[2] between PDIC and Microsoft Corporation ("Microsoft").

First, and foremost, the Court should be aware that HP did not provide PDIC with fair notice that it would assert the Agreement as a defense in this case. Instead, HP waited until January 6, 2014 — only 30 days before discovery closed in this case on February 6, 2014 — to first raise the Agreement as a defense in this case. HP's late raising of its defense with only thirty (30) days left in discovery, effectively precluded PDIC from taking discovery on the new issues raised by HP in its supplemental disclosure.

However, PDIC disclosed the Agreement to HP on July 12, 2013. In other words, for five months, HP did nothing with respect to the Agreement.

---

[1] HP emailed its March 7, 2014 letter to Your Honor's Chambers, but it has not been docketed yet in accordance with Rule 1.A of the Court's Individual Practices and the Court's March 11, 2014 Order (Docket No. 387).  PDIC believes that HP's March 7, 2014 letter should be docketed *under seal*, because, by HP's admission, it contains "Confidential Information subject to Protective Order." (*See* March 7, 2014 Letter).  HP disagrees.  The parties hope to meet-and-confer with respect to filing the March 7, 2014 letter under seal on March 13, 2014.

[2] The Agreement is a **Protected Document** and the contents of this document concern highly confidential information of PDIC and a third party. Accordingly, nothing in this letter will disclose the contents of the Agreement.

---

901 N. Market St., Suite 1000, Wilmington, DE 19801 | www.oeblegal.com | 1600 Market St., 25th Floor, Philadelphia, PA 19103

Put differently, HP waited until PDIC would have insufficient time to effectively take discovery, including third party discovery, about a legal defense that implicated technical protocols established by third parties, and were allegedly implemented by HP in thousands of products.

Nonetheless, HP argues in its March 7, 2014 pre-motion letter to the Court that PDIC should have known that HP would raise the Agreement as a defense earlier than January 6, 2014, because HP asked questions about the Agreement to a PDIC witness in a deposition (there were over twenty depositions in this case since October 2013), and asked to disclose the Agreement to its client.

PDIC disagrees. PDIC cannot be expected to read HP's mind, and anticipate what legal or technical theories it will raise based on a few questions asked in deposition, or as a result of an email asking to disclose the Agreement to its client, without something more. After all, this is a complex-patent-infringement case involving a myriad of issues, and complex technology implicating thousands of products.

What is more telling of HP's tactics is that HP waited until February 10, 2014 — *after fact discovery closed* — to actually inform PDIC for the first time in a letter, that HP intended to raise the Agreement, and bases for a "license" defense in this case.

In addition, after learning of the June 28, 2013 Agreement, HP neglected to notify the Court in its July 15, 2013 letter to Your Honor that HP believed it was licensed under the Agreement, when it opposed PDIC amending its infringement contentions in this case in accordance with the Agreement.

Furthermore, Federal Rule of Civil Procedure Rule 8(c) is supposed to safeguard against surprise and unfair prejudice. Despite having the Agreement for over a half year, HP did not amend its pleading to raise the Agreement as a defense in this case as required under the Federal Rules of Civil Procedure. That is, it is not enough to raise an affirmative defense of a license under Rule 8(c)(1), without specific-factual pleading to provide some notice of the specific defense of a license; especially in an intricate patent-infringement case.

As to the substance of the allegations that HP's products are licensed under the Agreement, the allegations are unverified statements made by HP's counsel that PDIC has not had time to explore in discovery. Put differently, the allegations and defenses that HP's products are licensed under the Agreement are *not* at issue in this case, because HP never specifically pled nor timely raised the issue with sufficient time to permit PDIC to take discovery in this case as mentioned above.

In conclusion, PDIC believes it is improper for HP to raise a dispositive defense of a license well known to HP for over six months before the close of discovery, but never specifically pled nor timely raised to permit PDIC to take discovery in this case. While PDIC is not accusing HP of bad faith, PDIC believes HP's late disclosure of a license defense in this case under the Agreement is at least dilatory and prejudicial to PDIC. *See, i.e., Columbia Artists Management, LLC v. Alvarez,* 2010 WL 5396097 (S.D. N.Y. 2010) (a district court may

entertain affirmative defenses at summary judgment stage ***unless*** there is undue prejudice to plaintiff, bad faith or dilatory motive on part of defendant, futility, or undue delay of proceedings).

Nevertheless, if this Court does permit HP to file a Summary Judgment motion based on the allegation of a license under the Agreement, the Court should give PDIC ample time to take discovery on technical and legal theories raised by HP in its Summary Judgment motion concerning the Agreement.

Respectfully submitted,

*/s/ Sean T. O'Kelly*

Sean T. O'Kelly

cc:  All Counsel of Record via CM/ECF and electronic mail