

# ORRICK

MEMO ENDORSED

ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C. 20005-1706

tel +1-202-339-8400
fax +1-202-339-8500
WWW.ORRICK.COM

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/2014

March 7, 2014

Steven J. Routh
(202) 339-8509
srouth@orrick.com

*VIA E-MAIL*

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re: *Princeton Digital Image Corporation v. Hewlett-Packard Co., et al.*, Case No. 12 Civ. 0779

Dear Judge Sullivan:

Defendant FUJIFILM North America Corporation ("FUJIFILM") respectfully submits this letter in response to the Court's March 5, 2014 Order:

1. We are submitting herewith a single 3-page pre-motion letter setting forth the basis for each of FUJIFILM's 4 separate motions for summary judgment. Prior to receiving the Court's March 5 Order, we had not read Rule 2.A to require the filing of a single pre-motion letter for multiple motions, each of which raises a distinct and unrelated ground for summary judgment. Accordingly, we assure the Court that our previous submission of 4 separate letters was not intended to circumvent Rule 2.A or otherwise to engage in gamesmanship. With our understanding of the Rule now corrected by the March 5 Order, we apologize to the Court.

2. We respectfully request that the Court reconsider the ruling in the March 5 Order regarding the discovery letter that FUJIFILM submitted under Rule 2.G, because that ruling is based on a factual error and misunderstanding. Contrary to the March 5 Order, the FUJIFILM letter was not "drafted unilaterally by Fujifilm." The portions of that letter that are designated "Defendants' Position" were drafted by FUJIFILM, and the portions that are designated "PDIC's Position" were drafted and inserted by PDIC's counsel. The only sense in which the letter was "unilateral" is that FUJIFILM refused to agree to include in the letter separate discovery complaints that PDIC wished to assert against FUJIFILM and HP; complaints that PDIC had not previously indicated it intended to raise with the Court pursuant to Your Honor's Rule 2.G. In contrast to PDIC's complaints against FUJIFILM and HP, which PDIC only raised after FUJIFILM had sent PDIC its draft of the joint letter, FUJIFILM had conducted multiple meet and confers with PDIC during the month of February regarding discovery issues that for the most part were not ripe for discussion until the fact discovery period had closed on February 6 and had permitted PDIC to attempt to cure its discovery deficiencies with supplemental interrogatory responses in advance of submitting its February 28 Rule 2.G letter. We read Rule 2.G to permit submission of separate letters for discovery issues raised by separate parties, and that is how the parties previously have proceeded in this case (with each party filing a separate joint letter that raised its own discovery complaints and including therein the opposing



The Honorable Richard J. Sullivan
March 7, 2014
Page 2

side's position on each complaint, without attempting to consolidate all parties' complaints on all outstanding discovery issues into a single 5-page letter). If the Court wants the parties to take a different approach, then we of course will do so; however, we note that requiring the filing of a single 5-page letter that includes any and all discovery disputes raised by all parties prior to the filing of the letter would: (1) encourage parties to add last-minute discovery complaints of their own into opposing parties' Rule 2.G letters (as PDIC attempted to do here) for strategic reasons, (2) further slow down resolution of discovery issues, and (3) make joint explication of all parties' positions on all issues within the 5-page limit difficult at best.

Respectfully submitted,

/s/ *Steven J. Routh*

Steven J. Routh

cc:     Counsel of Record

```
IT IS HEREBY ORDERED THAT Defendant Fujifilm's request to reconsider
the March 5, 2014 Order (Doc. No. 386) is DENIED.  As stated in the
March 5 Order, the parties shall submit a joint discovery dispute
letter of no more than five single-spaced pages that raises all of
the outstanding discovery disputes between the parties and addresses
why any such disputes were not untimely as of February 28, 2014, when
the parties initially raised these disputes with the Court.
```

SO ORDERED
Date: 3/11/14
RICHARD J. SULLIVAN
U.S.D.J.