VIA E-MAIL
The Honorable Richard J. Sullivan
United States District Court, Southern District of New York
40 Foley Square, Room 905
New York, NY 10007

Re:  *Princeton Digital Image Corp. v. Hewlett-Packard Co. et al., No. 12 Civ. 779 (RJS)*

Dear Judge Sullivan:

Pursuant to the Court's Order of March 13, 2014, plaintiff Princeton Digital Image Corporation ("PDIC") and defendant FUJIFILM North America Corporation ("FNA") request a pre-motion conference regarding discovery issues. PDIC and FNA have attempted in good faith to resolve their disputes, including in one-hour meet and confers on Feb. 21 and 25, 2014, and then 30-minute follow-up discussions on March 10 and 19. Participating in those discussions were Messrs. Botts, Axenfeld, and Murray for PDIC, and Ms. Szego and Mr. Higgins for FNA. Beginning Feb. 6, those counsel also had seven email exchanges on the discovery issues that are the subject of this letter.

*FNA's Section*

### I.    FNA'S COMPLAINTS ABOUT PDIC'S DISCOVERY RESPONSES

FNA's complaints regarding PDIC's discovery responses were timely presented for the Court's consideration. FNA hand-served its Second Set of Interrogatories on January 7, 2014, which was 30 days before the February 6 close of fact discovery, using Fed. R. Civ. P. 6 counting rules. Issues regarding PDIC's failure to respond to those interrogatories were not ripe until February 6, at which time FNA promptly raised its concerns. PDIC promised to supplement and correct certain discovery responses, but then served supplemental responses on February 24 that remained deficient. The parties have been unable to resolve these and other discovery issues raised by FNA, despite multiple discussions and correspondence since February 6.

PDIC's assertion that FNA's discovery complaints are untimely is based on misstatements of fact. As an initial matter, discovery has *not* been ongoing since March 2011, as PDIC alleges. The E.D. Texas suspended all deadlines in October 2011 (Doc. 149) pending PDIC's motion for reconsideration of the transfer order. Once the case was transferred to this district, discovery did not recommence until the Court denied defendants' motion to dismiss and then entered a scheduling order on April 30, 2013 (Doc. 296). Thus, FNA did not sit idly for over two years, as PDIC implies. In addition, PDIC's argument that it was somehow improper for FNA to serve discovery requests near the close of discovery ignores that the discovery requests were in fact timely served. Accordingly, the cases relied on by PDIC, which involve discovery served weeks or months *after* the fact discovery cut-off, are completely inapposite. Moreover, Local Civil Rule 33.3(c) specifically provides that contention interrogatories are permitted "*at the conclusion of other discovery, and at least 30 days prior to the discovery cut-off.*" If FNA had served the interrogatories sooner than January 7th, PDIC would have complained that the requests were premature, which is precisely how PDIC responded to FNA's first sets of interrogatories.

In that regard, PDIC's responses to the first sets of interrogatories were served only on July 25 2013 not in 2011 as PDIC states and as such, FNA did not "wait over two years" to complain about PDIC's responses. Further, there was no basis for FNA to complain sooner since, pursuant

to Local Rule 33.3(c), PDIC had until the close of discovery to supplement its responses to the contention interrogatories.  When PDIC failed to do so, FNA promptly requested that PDIC serve supplemental responses and, when PDIC failed to do so, FNA promptly brought the matter to the Court.  Lastly, contrary to PDIC's suggestions, FNA does *not* seek to modify the discovery schedule; FNA merely wants PDIC to correct deficiencies with respect to existing discovery.  That will not impact the case schedule, which is on hold until the Court issues a *Markman* order.

### 1.     FNA's position on PDIC's Interrogatory Responses

PDIC refused to answer Defendants' Common Interrogatories 1-13 by objecting to them as premature under Local Rule 33.3. *See Exhibit A.* As fact discovery closed on February 6, PDIC's "premature" objection is no longer proper; yet PDIC has refused to supplement, even with respect to the most basic contentions in the case (e.g., PDIC's factual basis for alleging infringement).  Similarly, FNA seeks to compel responses to FNA's First Set of Interrogatories Nos. 1-4, because PDIC again refused to respond based on its reading of Local Rule 33.3 and then refused to supplement even at the close of fact discovery.  PDIC also refused to provide a substantive response to FNA's Interrogatory No. 9, which seeks PDIC's contentions regarding the bases for its claim for exceptional case treatment under 35 U.S.C. §285.  PDIC instead stated only that it reserves the right to request Section 285 relief if it "believes any evidence justifies the award." PDIC should be compelled to respond to these interrogatories or be precluded from pursuing its claim.

### 2.     FNA's Position on PDIC's Document Production

On the last date of discovery, PDIC produced nearly 200 pages of documents (PDIC00232655-834) related to the perceived JPEG functionalities of FNA accused products. These documents included analyses of accused FNA models that were *generated 7 to 10 years ago,* in 2004 and 2007, and that PDIC has had in its possession since at least 2011, when it included an excerpt from one of the documents in its Infringement Contentions ("ICs") for the FinePix 550 and A610 cameras.  the existence and nature of the 200 pages of analysis, however were not disclosed in PDIC's ICs, and so FNA first learned of those documents on February 6, 2014.  PDIC's untimely production leaves FNA unable to pursue discovery into these analyses, which have been in PDIC's possession for years, and has prevented FNA from preparing its case for trial.  In a supplemental response to FNA's Interrogatory No. 7 served last month, *after* the close of discovery, PDIC identified those same documents as evidence that it expects to rely on at trial.  Because PDIC has provided no valid explanation for its years of delay in producing these documents, FNA seeks to preclude PDIC from relying on them in this litigation.

### 3.     FNA's Position on PDIC Privilege Log

Discovery closed over a month ago, but PDIC has yet to produce a privilege log, despite repeated requests by FNA and repeated promises by PDIC that it would do so. PDIC should now be required to produce all documents withheld on the basis of privilege for failure to log them.  *See USA v. Const. Prods. Research, Inc.*, 73 F.3d 464, 473-74 (2d Cir. 1996) (finding waiver of privilege for all documents not properly logged).

## II.    FNA'S RESPONSE TO PDIC'S RULE 30(b)(6) COMPLAINT

FNA designated and made available two witnesses to testify on FNA's knowledge on topics in

2

PDIC's Rule 30(b)(6) deposition notice.[1] FNA is the only FNA entity that is a party to this case, because PDIC voluntarily elected to dismiss FUJIFILM Corporation ("FC") from this action while the case as still in the E.D. Texas.  FC is responsible for designing and manufacturing the accused products and/or contracting for those services from OEM and ODM suppliers.  FNA neither possesses nor controls detailed technical information of the type sought by certain of PDIC's deposition topics.

Significantly, PDIC has never made any effort to conduct discovery of FC or its OEM and ODM suppliers.  Moreover, PDIC chose to proceed with the FNA 30(b)(6) deposition, knowing full well that FNA had limited knowledge on a number of topics in PDIC's notice.  A month after the deposition, and after fact discovery had closed, PDIC sent a February 27 letter requesting a further deposition of FNA.  PDIC could and should have raised this issue with the Court *before* FNA devoted considerable effort and expense preparing for and undergoing a deposition.

PDIC's request to re-depose FNA is both untimely and without merit.  PDIC has known since the outset of this case that FNA is responsible only for sales and marketing, and yet it elected not to pursue third party discovery on the topics in dispute.  PDIC should not be allowed belatedly to seek such discovery through a back door demand that FNA discover information from its suppliers. PDIC has not identified any authority to support such a demand, particularly where FNA has no control over, or right to obtain, the requested information.  *See e.g. Zenith Elecs. LLC v. VIZIO, Inc.*, Misc. No. M8-85, 2009 WL 3094889 * 1-2 (S.D.N.Y. Sept. 25, 2009).  That FNA may have obtained some such information in the past does not mean that FNA can or should provide testimony on detailed technical questions as called for by PDIC's deposition notice.  To require FNA to provide testimony on technical matters outside the scope of its own knowledge and experience would be completely impractical as well as unfair and contrary to the obligations imposed by the Federal Rules.  *See e.g. In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 64 Fed. R. Serv. 3d 594, 2006 WL 1328259 *9 (S.D.N.Y. May 16, 2006).

*PDIC's Section*

## I. PDIC'S RESPONSES TO FNA'S DISCOVERY COMPLAINTS

PDIC notes that FNA failed to address Your Honor's concerns regarding the timeliness of this discovery motion, now *six weeks* after the close of discovery.  PDIC does not believe these issues merit the involvement of the Court.  PDIC and Defendant Hewlett-Packard Co. were able to resolve discovery issues between them, and HP does not join FNA in this letter.  FNA, however, seemed bent on filing this pre-motion letter, to which PDIC was forced to respond.

### 1. PDIC's Position on Interrogatories

- *FNA's requests concerning interrogatory responses are untimely.* FNA has not met its obligation to demonstrate good cause for its failure to propound its discovery in time to have matters resolved before the close of discovery. In this Circuit, discovery can be reopened after close of discovery only upon a showing of good cause. *Gray v. Town of Darien, 927 F.2d 69, 74* (2d Cir.1991). *See also,Gucci America, Inc. v. Guess?, Inc.* 790 F. Supp. 136, 139-40 (S.D.N.Y. 2011) (" a party seeking to file a motion to compel after discovery has closed must similarly establish good cause.").To demonstrate *good cause*

---

[1] The deposition of the first witness lasted less than two hours and included two breaks requested by PDIC's counsel. The second, on financial and accounting topics, lasted only thirty minutes.  PDIC's counsel plainly were not prepared for the Rule 30(b)(6) deposition of FNA

for extending discovery, a party must show that the relevant deadline could not reasonably be met despite that party's diligence. *See* Fed.R.Civ.P. 16, Advisory Committee Notes, Subdivision (b) (1983 Amendment); *see also Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir.2003).

- ***FNA's two-year delay bars any challenge to PDIC's discovery responses served on FNA in July 2011.*** Second Circuit law holds that reopening discovery after the discovery period has closed requires a showing of good cause. *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir.1991). Here, FNA attempts to challenge discovery responses that PDIC served two-and-half years ago, in July 2011. FNA has not justified waiting from July 2011 to February 12, 2014, and after discovery closed, to challenged PDIC's answers and objections.

- ***FNA's delay in propounding other discovery bars any relief***. Discovery began in March 2011 (Doc. 70), and closed Feb. 6, 2014 after the Court extended discovery. Although there have been intermittent stays granted, in part, since March 2011, Fujifilm has had years to propound requests on PDIC. Nevertheless, FNA waited until **January 07, 2014**, at 5:24 PM — ***30 days before close of discovery*** — to propound requests[2] on PDIC. FNA chose at its peril to wait until the "11th hour" to propound the discovery, and should not be rewarded for its lack of diligence by having discovery extended without any justification of its delay. "[I]t is of no avail to [FNA], in the circumstance of the instant action, that 'the parties were working, up through and past the end of the discovery period, to resolve their discovery disputes.'" *Eng-Hatcher v. Sprint Nextel Corp.*, 07 Civ. 7350(BSJ)(KNF), 2008 WL 4104015 (S.D.N.Y. 2008). Although Fed. R. Civ. P. 37 does not establish any time limits for filing a motion, if FNA files a motion to compel after discovery has closed, the Rule requires FNA to establish *good cause* for the motion after the close of discovery. *Id.* Here, FNA has not justified waiting until the final 30 days of fact discovery to serve what are obviously contentious requests for additional discovery. Without such good cause, such late service of discovery becomes a tactical weapon to extend discovery. Thus, FNA had ample opportunity to propound the additional discovery requests on PDIC well before January 7, 2014, and should not be permitted to compel supplemental responses after the close of discovery. *See Gucci Am., Inc., 790 F.Supp.2d at 142* (citing Fed.R.Civ.P. 26(b)(2)(c)(ii)) (finding that because plaintiff knew of its need for particular information on sales to foreign purchasers well before the fact discovery deadline, plaintiff failed to raise the issue with the Court at the appropriate time)).

- ***PDIC's discovery is irrelevant and nevertheless was sufficiently answered.*** FNA's discovery requests served January 7. 2014 are largely directed to matters that are not relevant to any claim or defense in this action, and, having been filed so late, it cannot be said that the discovery is likely to lead to discovery of admissible evidence. Moreover, the discovery is not only irrelevant, but the discovery would require PDIC to formulate responses based on the constructions of the claim terms, at a time when the Court has not

---

[2]These included: "Defendants' Second Set of Common Interrogatories (Nos.14-20)"; "Defendants' First Set of Common Requests For Admission To Plaintiff (Nos. 1-17)"; and "FNA's Second Set of Individual Interrogatories (Nos. 5-9)."

4

yet issued its claim construction order. To the extent that the discovery overlaps with anything relevant, the contentions requested by FNA's discovery should be handled by experts in their expert reports, which will occur after the Court issues its rulings. Despite the irrelevance of FNA's discovery and that the discovery involves contentions better handled during expert reports after the *Markman* rulings, PDIC did answer the discovery in as much detail as PDIC can provide pending the *Markman* rulings.

### 2. *PDIC's Position Regarding PDIC's Document Production*

- *FNA errs in complaining about PDIC's document production*. PDIC has repeatedly explained that the challenged documents (PDIC00232655-834) had never existed until shortly before they were produced. Specifically, the documents were recently generated by PDIC's technical, in preparation for expert testimony at trial. Indeed, PDIC disclosed these documents earlier than necessary, to avoid any issue that their production with the expert reports would cause an unnecessary dispute. FNA's allegation that PDIC had possession of these documents when it made infringement contentions in 2011 is incorrect. PDIC has repeatedly explained to FNA that the dates on some of the documents are artifacts of computer indexing, and do not reflect the actual date the documents were generated. PDIC's expert is prepared to file a declaration or testify at deposition as to when and how the documents were first generated.

### II.      <ins>PDIC'S COMPLAINTS ABOUT FNA'S 30(b)(6) DESIGNEE</ins>

*FNA failed to adequately prepare its Rule 30(b)(6) deponent.* On December 12, 2013, PDIC served a 30(b)(6) Notice on FNA to take the deposition of a corporate witness. FNA thereafter, on multiple occasions, argued that FNA was not obliged to have the witness investigate information reasonably available to FNA. Rule 30(b)(6) plainly requires the deponent to provide information available to FNA. Yet, FNA argued that it had no obligation to make any investigation to determine what information was available to the company. FNA improperly limited the deponent's testimony to basically his personal knowledge. Thus, on Feb. 5, 2014, PDIC deposed FNA's corporate representative, Mr. Troy, but he was unable to even confirm whether the JPEG standard used by FNA was the same standard as defined in the Rule 30(b)(6) Notice. **This is a central factual issue of this case.** Mr. Troy took the same position, consistent with counsel's letters, that this was a technical matter, and that he never bothered to make any investigation to determine what information was available to the company, such as from its parent, FujiFilm-Japan.[3] His failure to do so is prejudicial to PDIC, and PDIC seeks relief from this Court ordering FNA to properly prepare a corporate representative to respond to the 30(b)(6) subpoena, and that the deposition be redone at FNA's cost. Alternatively, FNA should be precluded from raising any defense on topics that FNA refused to take the time educate itself from the parent corporation for the 30(b)(6) deposition.

Respectfully submitted,

/Steven J. Routh/                                                                              /Sean T. O'Kelly/
Attorney for Fujifilm North America Corporation          Attorney for PDIC

---

[3] Contrary to FNA's attack on PDIC's counsel (above), PDIC's counsel was prepared for the deposition. It was the 30(b)(6) designee for FNA that was intentionally unprepared.