# O'KELLY ERNST & BIELLI, LLC

Sean T. O'Kelly, Esquire
SOKelly@oeblegal.com
Direct (302) 778-4001

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

March 24, 2014

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

Re:   *Princeton Digital Image Corp. v. HP et al.,* **12 Civ. 779 (RJS)**

Dear Judge Sullivan:

In accordance with the Court's Order [387] on March 18, 2014, PDIC renews its request to redact portions of Defendants' pre-motion letters dated March 7, 2014 (the "Letters") that contain quoted language from a confidential "Settlement and License Agreement" (the "Settlement") between PDIC and Microsoft corporation. Defendants do not oppose redacting confidential language from the Settlement under *Lugosch*, "if the Court is inclined to agree with PDIC."[1]

Below PDIC addresses the three-part test under *Lugosch*, i.e.: (1) whether "the documents at issue are 'judicial documents'" to which the presumption of public access applies; (2) the weight of any applicable presumption of public access; and (3) any "competing considerations" that might rebut the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir.2006).

**1. The Contents of the Settlement are not part of the Judicial Record yet.**

Although the existence of the Settlement is part of the judicial record, the contents of the Settlement revealed in Defendants' letters are not part of the judicial record. See *Dorsett v. County of Nassau*, 762 F.Supp.2d 500, 516 (E.D.N.Y. 2011) ("unfiled documents do not qualify as judicial records").

Further, the contents of the Settlement may not become part of the judicial record in view of Defendants' unexplained tardiness in revealing a defense under the Settlement before discovery closed. For instance, the Settlement was disclosed to Defendants in July 2013. But Fujifilm never revealed a defense under the Settlement to PDIC until after discovery closed. Likewise, HP waited until February 7, 2014 — a day after discovery closed — to mention (in

---

[1] *See* the March 14, 2014 joint letter to the Court.

O'KELLY ERNST & BIELLI, LLC

March 24, 2014
Page 2 of 3

HP's 7th Supplemental Disclosure to PDIC's interrogatories) names of third-party technology allegedly implemented in HP products that HP alleges immunize HP's products under the Settlement. In addition, HP's counsel wrote a letter to PDIC on Feb. 10, 2014, elaborating on alleged bases for defenses under the Settlement, knowing that: (i) fact discovery had closed, and (ii) PDIC was prevented from taking discovery of third parties, or issues mentioned in the letter.

In addition, despite Defendants possessing the Settlement since July 2013, Defendants' pleadings were not amended to raise the Settlement as a defense in this case. So, the Settlement, and any alleged defenses offered under the Settlement are not part of this case, and should not be adjudicated by the Court. And until the Court decides whether Defendants may raise a license defense under the Settlement, it is premature to adjudicate the contents of the Settlement. Thus, the contents of the Settlement revealed in Defendants' letters are not part of the judicial record.

**2. Less presumption is assigned to a pre-motion letter.**

Even if, *assuming arguendo,* that the Court disagrees with PDIC, and considers Defendants' letters "judicial records," PDIC submits that the judicial presumption weighs against revealing the contents of the Settlement at this stage. Legal briefing has not yet begun. That is, adjudication over the contents of the Settlement have not yet begun, and the letters themselves are pre-motion letters. Thus, the letters disclosure of contents of the Settlement do not rise to a formal act of adjudication. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir.2004) ("the presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'"). In contrast here, the presumptive right to public observation is not assured, and the contents of the Settlement is not yet ripe for adjudication. Thus, presumption weighs *less* in favor of disclosure.

**3. Disclosure will harm PDIC.**

This Court "has supervisory power over its own records and files" and may refuse to permit its files to serve as source of *business information* that might harm a litigant's competitive standing." *See Nixon v. Warner Communications*, 435 U.S. 589, 597–8 (1978). In the context of a pre-motion letter redacting confidential language from a Settlement is tailored to serve a compelling reason.

Here, PDIC fears that revealing terms from the Settlement now (at the pre-motion stage), may harm PDIC's competitive advantage in licensing efforts with prospective licensees, and in settlement negotiations in other cases. That is, PDIC anticipates that potential licensees may demand similar or better terms from PDIC. Further, revealing of these terms may lead to protracted negotiations over terms of future settlements with prospective PDIC licensees.

Further, the Settlement expressly requires the parties to the Settlement to keep its terms confidential. And, PDIC desires to keep the contents of the Settlement confidential, even if, Microsoft (a former adversary to PDIC in litigation) takes a different position.

  Moreover, Defendants can state their arguments in a pre-motion letter, without revealing quoted language from the Settlement. Thus, the Court should, at minimum, require Defendants to redact language quoted from the Settlement contained in their letters before docketing their letters to protect PDIC's business, and preserve its competitive advantage.

  Thus, taking into consideration all of the *Lugosch* factors, PDIC's request for secrecy should outweigh releasing confidential contents of the Settlement to the public. Accordingly, PDIC respectfully asks the Court to order Defendants to redact any quoted language from the Settlement before their Letters are docketed.

         Respectfully submitted,

         */s/* Sean T. O'Kelly

         Counsel for Princeton Digital Image Corp.

Copy to: All Counsel of Record