USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCETON DIGITAL IMAGE
CORPORATION,

          Plaintiff,

-v-

HEWLETT-PACKARD, CO., *et al.*,

          Defendants

No. 12 Civ. 779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

The Court is in receipt of documents responding to a letter rogatory seeking discovery from Alteck Corporation. IT IS HEREBY ORDERED THAT Plaintiff shall retrieve the documents from chambers and make them available to Defendants for copying.

SO ORDERED.

Dated: April 22, 2014
      New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



United States Department of State

Washington, D.C. 20520

MEMORANDUM

TO: The Clerk of Court

FROM: Chad Goodson
East Asia and Pacific Division
Overseas Citizens Services

DATE: April 15, 2014

RE: Judicial Assistance in Taiwan

CASE: Princeton Digital Image Corp. v Hewlett-Packard et al.
Case No.: 1:12-CV-00779-RJS
Taking Evidence from Alteck Corporation

The enclosed envelope contains a response to a letter rogatory signed by a judge in this court where the case is being tried.

Please handle this response as is customary for requests for evidence in your court.

Please feel free to contact **R. Terry Parker at Duane Morris LLP, 100 High Street, Suite 2400, Boston, Massachusetts 02110-1724, tel. 857-488-4277, Fax: 857-214-0725, email: tparker@duanemorris.com** with any questions you may have.

Enclosure: as stated

```
Taiwan                           )
City of Taipei                   )
American Institute in Taiwan     )   ss:
Taipei Office                    )
```

I, Elizabeth S. Liu, hereby depose and say as follows:

1. I am employed by the American Institute in Taiwan and am presently stationed at the American Institute in Taiwan, Taipei Office, Consular Section, American Citizen Services Unit.

2. In the absence of diplomatic relations, unofficial commercial, cultural and other relations between the people of the United States and the people of Taiwan are conducted by the American Institute in Taiwan, an unofficial organization funded by Congress.

3. The American Institute in Taiwan ("AIT"), a nonprofit entity incorporated under the laws of the District of Columbia, is authorized to assist and "... protect the interests of United States persons by performing acts such as are authorized to be performed outside the United States for consular purposes by such laws of the United States as the President may specify." See 22 U.S.C. 3305, 3306(a)(3). The judicial assistance acts of AIT personnel parallel the acts performed by U.S. consular officers under 28 U.S.C. 1781(a)(2). See 22 C.F.R. 92.54, 92.66.

4. Pursuant to Section 10(a) of the Taiwan Relations Act, 22 U.S.C. 3309(a), Taipei Economic and Cultural Representative Office (TECRO) is the instrumentality established by the people on Taiwan having the necessary authority under the laws of Taiwan to take actions on behalf of Taiwan in accordance with the Taiwan Relations Act (22 U.S.C. 3301 et seq. (Section 1-204, Ex. Or. No. 12143 of 6/22/79, 44 Fed Reg 37191.)

5. Officers of AIT follow the guidelines for performance of consular services set forth in 22 C.F.R. Part 92 and Volume 7 of the U.S. Department of State's Foreign Affairs Manual ("FAM"). 7 FAM Chapter 900 governs the performance of services related to international judicial assistance.

6. 22 U.S.C. 3306(b) provides that acts performed by authorized employees of AIT under 22 U.S.C. 3306 are valid, and of like force and effect within the United States, as if performed by any other person authorized under the laws of the United States to perform such acts.

7. Letters rogatory issued by a tribunal in the United States requesting international judicial assistance from Taiwan are transmitted, pursuant to

28 U.S.C. 1781(a)(2) to the foreign tribunal, officer, or agency to whom it is addressed through AIT. AIT transmits the request to TECRO, which forwards it to the appropriate Taiwan authority in a position to assign the request to a tribunal for execution. The executed request is received by AIT from TECRO and returned to the requesting tribunal in the United States.

8. On October 29, 2013, AIT received two sets of letters rogatory and accompanying documents requesting judicial assistance in connection with Princeton Digital Image Corp. v. Hewlett-Packard et al., Case No.: 1:12-CV-00779-RJS for obtaining evidence from Alteck Corporation. On November 1, 2013, AIT transmitted these to TECRO for action.

9. On March 11, 2014, AIT received a communication from TECRO confirming that a response from Alteck Corporation has been forwarded on January 22, 2014 by the Taiwan Intellectual Property Court, Taiwan.

I declare under penalty of perjury that the foregoing is true and correct.

Elizabeth S. Liu
Consular Officer

Executed in Taipei, Taiwan
on March 12, 2014

The foregoing Unsworn Declaration Under Penalty of Perjury was executed in accordance with 28 U.S.C. 1746.