USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCETON DIGITAL IMAGE
CORPORATION,

                      Plaintiff,

-v-

HEWLETT-PACKARD, CO., *et al.*,

                      Defendants

No. 12 Civ. 779 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of the attached letter from Defendants Fujifilm North America Corporation ("Fujifilm") and Hewlett-Packard Company ("HP"), dated April 23, 2014, requesting leave to file their motion for summary judgment under seal. Defendants suggest that the presumption of access to judicial documents is overcome because their moving papers will discuss a confidential settlement agreement between Plaintiff Princeton Digital Image Corporation ("PDIC") and Microsoft Corporation ("Microsoft Agreement"). The request is denied.

    The standard for overcoming the presumption of access is set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). By Order dated March 26, 2014, the Court granted PDIC's request to redact excerpts of the Microsoft Agreement from the parties' pre-motion letters.[1] (Doc. No. 407.) The Court was persuaded that the presumption of access had been overcome because (1) it was unclear at the time whether the Court would permit Defendants to make a motion based on the Microsoft Agreement, (2) PDIC sought only to redact very limited sections of a pre-motion letter, and (3) PDIC stated that disclosure of the agreement would harm its ability to negotiate licenses and

---

[1] Contrary to Defendants' present contention, the previous redaction request was made by PDIC, not Defendants. (*See* Doc. Nos. 394, 411.) Indeed, Defendants took the position that they did "not see a basis for Plaintiff's position under the governing standards set forth in *Lugosch*." (Doc. No. 411.)

settlements with other parties. (*See* Doc. No. 394.) These considerations do not support Defendants' present request to file their motion papers under seal. First, the Microsoft Agreement is now the central issue in Defendants' motion. Second, Defendants seek to file their motion papers entirely under seal, as opposed to redacting only limited sections. Third, Defendants – who are not parties to the Microsoft Agreement – have identified no confidentiality interests of their own that would justify the sealing of the motion papers.

For these reasons, IT IS HEREBY ORDERED THAT Defendants' request is DENIED. The parties shall publicly file all submissions made in connection with Defendants' summary judgment motion.

SO ORDERED.

Dated: April 24, 2014
      New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE



ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C. 20005-1706

tel +1-202-339-8400
fax +1-202-339-8500
WWW.ORRICK.COM

April 23, 2014

Steven J. Routh
(202) 339-8509
srouth@orrick.com

**VIA E-MAIL**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re: *Princeton Digital Image Corporation v. Hewlett-Packard Co., et al.*, Case No. 12 Civ. 0779

Dear Judge Sullivan:

Defendants FUJIFILM North America Corporation ("FUJIFILM") and Hewlett-Packard Company ("HP") respectfully submit this letter seeking permission to file under seal on April 25, 2014 their Notices of Motion and Motion for Summary Judgment, with attached exhibits. The Motion relates to Defendants' license and release defenses under the Microsoft Agreement. The Court previously granted permission for Defendants to file under seal their pre-motion letters regarding the same defense. The Motion for Summary Judgment will include the same category of confidential materials as the pre-motion letters.

Respectfully submitted,

/s/ *Steven J. Routh*

Steven J. Routh

cc: Counsel of Record