# O'KELLY ERNST & BIELLI, LLC

Robert R. Axenfeld, Esquire
raxenfeld@oeblegal.com
Direct: (215) 600-1347

1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Fax: (215) 525-9648

April 24, 2014

**VIA ELECTRONIC MAIL AND CM/ECF**
The Honorable Richard J. Sullivan
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

**Re:** *Princeton Digital Image Corp. v. HP et al.*, **No. 12 Civ. 779 (RJS)**

Dear Judge Sullivan:

In view of the Court's Order today (Doc. No. 429) denying Defendants' request to file their summary judgment motions and accompanying documents under seal, Plaintiff Princeton Digital Image Corporation ("PDIC") respectfully requests that the Defendants' redact the contents of the confidential "Settlement and License Agreement" (the "Settlement") between PDIC and Microsoft, including:

1. Article VI (Consideration, Payment, and Fiscal Terms);
2. all Notice/address information including Section 9.5;
3. signatures;
4. Article III (Releases);
5. Article IV (Licenses);
6. Article 1 (Definitions); and
7. Article V (Covenants not to Sue).

The decision of whether to redact confidential information or allow public access to it — "is one best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, (1978). Such discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Id*. A three-part test is employed to determine: (1) whether "the documents at issue are 'judicial documents'" to which the presumption of public access applies; (2) the weight of any applicable presumption of public access; and (3) any "competing considerations" that might rebut the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir.2006).

***Judicial presumption weighs against revealing the contents of the Settlement at this stage.***

First, although the Settlement is a judicial document, PDIC submits that the judicial presumption weighs against revealing the contents of the Settlement at this stage. Legal briefing

will carry into June, and adjudication over the contents of the Settlement may not begin immediately.

For instance, there may be a need for PDIC to take discovery, because Defendants did not reveal any alleged bases for relying on the Settlement until after fact discovery closed. Thus, PDIC asks that the Court keep the contents of the Settlement redacted until after the Court considers whether discovery is reopened, and the Court rules on Defendants' Summary Judgment motions. Revealing the confidential terms of the Settlement to the public before potential discovery takes place on issues concerning terms from the Settlement is detrimental to the process, because testimony of potential deponents may be influenced. Thus, presumption weighs against disclosure of terms from the Settlement until the Court rules on the Summary Judgment motion, and potential discovery is concluded.

Second, the financial and payment information concerning the Settlement will not be adjudicated. Accordingly, the presumptive right to public observation over financial terms of the Settlement is irrelevant to adjudication in this case, and should not be revealed.

*Disclosure will harm PDIC*

This Court "has supervisory power over its own records and files" and may refuse to permit its files to serve as source of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Communications*, 435 U.S. 589, 597–8 (1978).

Here, the Settlement expressly calls for both parties to keep the terms of the Settlement confidential, and PDIC desires to keep the terms and conditions confidential. The provisions in the Settlement were specific to the settlement between PDIC and Microsoft. And PDIC fears that revealing this language now may harm PDIC's position in licensing efforts with prospective licensees, and in other settlement negotiations. That is, PDIC anticipates that potential licensees may demand similar or better licensing terms from PDIC. This may negatively impact PDIC's licensing efforts. Further, other parties may fear that the confidential terms and conditions will be revealed in litigation, despite the protected nature of a document under a Protective Order.  This Court already recognized PDIC's legitimate confidentiality concerns about the terms of the Settlement, and these concerns persist as PDIC's licensing efforts continue.  (Doc. No. 407).

Thus, the Court should, at minimum, require the Defendants to redact the terms of the Settlement to protect PDIC's business information until the Court adjudicates Defendants' Summary Judgment Motions concerning the Settlement.

Respectfully submitted,

/s/ *Robert R. Axenfeld*

Robert R. Axenfeld

Copies to: All Counsel of Record (via email)