# O'KELLY ERNST & BIELLI, LLC

Robert R. Axenfeld, Esquire
raxenfeld@oeblegal.com
Direct: (215) 600-1347

1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Fax: (215) 525-9648

May 2, 2014

*Via Email and ECF*

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

> Re:    *Princeton Digital Image Corp. v. HP et al.,* **12 Civ. 779 (RJS)**

Dear Judge Sullivan:

In accordance with the Court's Order [431] entered on April 24, 2014, Princeton Digital Image Corp. ("PDIC") respectfully requests that the following sections of the "Settlement and License Agreement" (the "Settlement") between PDIC and Microsoft Corporation remain under seal until the Court adjudicates the summary judgment motion filed by Defendants:

1. Article VI (Consideration, Payment, and Fiscal Terms);
2. all Notice/address information including Section 9.5;
3. signatures;
4. Article I (Definitions)
5. Article III (Releases);
6. Article IV (Licenses); and
7. Article V (Covenants not to Sue).

A three-part test is employed to determine: (1) whether "the documents at issue are 'judicial documents'" to which the presumption of public access applies; (2) the weight of any applicable presumption of public access; and (3) any "competing considerations" that might rebut the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

***Financial Information, Signatures, and Notice/Addresses are not at Issue in this Case.***

Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

First, PDIC asks the Court to redact all financial information of the Settlement. Information regarding money paid by Microsoft to PDIC pursuant to the Settlement is incidental

901 N. Market St., Suite 1000, Wilmington, DE 19801  |  www.oeblegal.com  |  1500 Walnut St., Suite 900, Philadelphia, PA 19102

088ffb02590e26df

O'KELLY ERNST & BIELLI, LLC

The Honorable Richard J. Sullivan
May 2, 2014
Page 2 of 3

— and not directly relevant — to the substantive, and central issue of the summary judgment motion filed by Defendants. Moreover, if this financial information is disclosed, PDIC will be harmed because potential-future licensees of PDIC will gain access to financial information that could be used by others to learn PDIC's competitive standing. This information can be used to undercut PDIC in future licensing negotiations. *See, e.g., Boucher v. First Am. Title Ins. Co.,* 2011 WL 5299497, at *5 (W.D.Wash. Nov. 4, 2011) (granting a motion to seal certain documents where the only proposed redactions related mainly to "pricing terms" in license agreements, for which there was "no compelling need for disclosure"); *Nursing Home Pension Fund v. Oracle Corp.,* 2007 WL 3232267, at *3–4 (N.D.Cal. Nov. 1, 2007) (granting a request to redact "financial terms" from a contract that were "not directly relevant to the merits of the underlying case"); *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 159 (D.Del.1999) (shielding "a nonparty competitors' sales and marketing plans, financial forecasts, margin, pricing, cost and customer information" from disclosure).

Thus, monetary payment by Microsoft to PDIC in the Settlement should remain redacted.

In addition, for the protection of both PDIC and Microsoft, PDIC asks that the signatures and address/banking information of the parties remain redacted. Address and banking information is incidental to all issues in this case, and could be copied or used for nefarious reasons if open to the public.

***Articles I, III, IV and V of the Settlement should remain under Seal until after the Court decides whether to reopen discovery, and oral arguments are heard.***

Although the Settlement is a judicial document, and will eventually be used by the Court in adjudicating the summary judgment motion filed by Defendants, PDIC requests that the text and contents (Definitions, Licenses, Releases, and Covenants Not to Sue) of the Settlement remain redacted until the Court hears oral arguments on the motion papers. That is, between now and a date for oral argument, PDIC requests that Articles I, III, IV and V of the Settlement are maintained under seal to protect PDIC's trade-secret information.

Here, PDIC will be harmed by revealing exact text and content from the Settlement now, before the Court decides whether further discovery should be taken and before oral argument takes place. Revealing text from Articles I, III, IV and V will harm PDIC's competitive advantage in licensing efforts with prospective licensees, and in settlement negotiations in other cases. PDIC anticipates that potential licensees will demand similar or better licensing and release terms from PDIC. Further, revealing these terms will likely lead to protracted negotiations over language used in future agreements with prospective PDIC licensees, thereby harming PDIC's business.

Further, the Settlement expressly calls for both parties to keep the Settlement terms confidential. And PDIC desires to keep the contents of the Settlement confidential.

O'KELLY ERNST & BIELLI, LLC

The Honorable Richard J. Sullivan
May 2, 2014
Page 3 of 3


PDIC submits that the judicial presumption weighs against revealing the contents of the Settlement at this stage. Legal briefing will carry into June, and adjudication over the contents of the Settlement may not begin immediately.

In conclusion, the Court, should maintain all financial terms of the Settlement under seal. In addition, PDIC respectfully asks the Court to keep the text and content of Articles I, III, IV and V of the Settlement under seal until the Court hears oral argument on Defendants' summary judgment motion. Maintaining Articles I, III, IV and V of the Settlement under seal, in the meantime, will protect PDIC from competitive harm until the Court is ready to hear oral argument on the motion.


Respectfully submitted,

/s/ Robert R. Axenfeld

Counsel for Princeton Digital Image Corp.


Copy to: All Counsel of Record