# O'KELLY ERNST & BIELLI, LLC

| Robert R. Axenfeld, Esquire | 1500 Walnut Street |
| raxenfeld@oeblegal.com | Suite 900 |
| Direct: (215) 600-1347 | Philadelphia, PA 19102 |
| | Fax: (215) 525-9648 |

May 9, 2014

*Via Email and ECF*

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

    Re:    *Princeton Digital Image Corp. v. HP et al.,* **12 Civ. 779 (RJS)**

Dear Judge Sullivan:

    On April 3, 2014 [Doc. No. 421], the Court ordered Defendants to "file amended answers asserting a license defense" under the Microsoft Agreement. The Order does not grant, nor contemplate, permission to file new counterclaims or additional affirmative defenses.

    Nonetheless, on April 25, 2014, without leave of Court, Fujifilm North America Corporation ("Fujifilm) filed new counterclaims (Fujifilm's Third, Fourth, Fifth and Sixth Counterclaims) [Doc. 432] against Princeton Digital Image Corporation ("PDIC"). In addition to pleading the license defense as permitted by the Court, Fujifilm also filed three new affirmative defenses (Fujifilm's Ninth, Eleventh and Twelfth Affirmative Defenses). *Id.*[1]

    PDIC asks the Court to strike these newly added counterclaims and affirmative defenses for each of the following reasons:

1. The Court did not grant permission to add new counterclaims, only to plead the affirmative defense of a license under the Microsoft Agreement.

2. The Court did not grant permission to add new affirmative defenses, but only the affirmative defense of a license under the Microsoft Agreement.

3. Federal Rule of Civil Procedure Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fujifilm never asked for PDIC's consent nor leave to file the new counterclaims or affirmative defenses. Accordingly, Fujifilm did not comply with FRCP 15(a)(2).

---

[1] PDIC takes no issue with Fujifilm's Tenth Affirmative Defense, License, as it was expressly permitted by the Court.

4. Further, because fact discovery closed on February 6, 2014 and discovery was not taken on the issues alleged in Fujifilm's counterclaims and affirmative defenses, PDIC will be prejudiced if Fujifilm is permitted to add the new counterclaims and affirmative defenses.

Federal Rule of Civil Procedure 12(f)(1) allows a Court, "on its own," to strike a portion of an amended pleading. Here, the Court should strike Fujifilm's new affirmative defenses (Fujifilm's Ninth, Eleventh and Twelfth Affirmative Defenses), and Counterclaims (Fujifilm's Third, Fourth, Fifth and Sixth Counterclaims).

Conversely, if the Court deems it necessary, PDIC respectfully asks permission to file a motion to strike these counterclaims and additional affirmative defenses, for Fujifilm's failure to comply with the Court's April 3, 2014 Order, and FRCP 15(a)(2).

> Respectfully submitted,
>
> /s/ *Robert R. Axenfeld*
>
> Counsel for Princeton Digital Image Corporation.

Copy to: All Counsel of Record