

ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C. 20005-1706

tel +1-202-339-8400
fax +1-202-339-8500
WWW.ORRICK.COM

May 14, 2014

**VIA E-MAIL**

Steven J. Routh
(202) 339-8509
srouth@orrick.com

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re:   *Princeton Digital Image Corporation v. Hewlett-Packard Co., et al.*, Case No. 12 Civ. 0779

Dear Judge Sullivan:

Defendant FUJIFILM North America Corporation ("FUJIFILM") submits this letter in response to the May 9, 2014 letter (Doc. 449) submitted to the Court by Plaintiff Princeton Digital Image Corporation ("PDIC").

PDIC's May 9 letter neglects to inform the Court that each of the three affirmative defenses and four declaratory judgment counterclaims that PDIC suggests should be stricken is based directly and entirely on the Microsoft Settlement and License Agreement (the "Microsoft Agreement"). As FUJIFILM made clear in its pre-motion letter relating to the Microsoft Agreement and at the April 3, 2014 conference, the Microsoft Agreement includes not only a license provision but also a separate release and a covenant not to sue, each of which provides a separate bar to PDIC's clams against FUJIFILM. FUJIFILM's positions on those three different provisions have now been set forth more fully in Defendants' motion for summary judgment that we filed on April 25, 2014. Doc. 444.

In its Amended Answer, Doc. 432, FUJIFILM sought to comply with the Court's direction at the April 3 conference by including each affirmative defense that FUJIFILM has argued bars PDIC's claims as a result of the Microsoft Agreement. Accordingly, in addition to pleading a Tenth Affirmative Defense (License), FUJIFILM added a Ninth Affirmative Defense (Release and Accord and Satisfaction), based on the release in the Microsoft Agreement, and an Eleventh Affirmative Defense (Breach of Covenant Not to Sue), based on the covenant in that agreement. In addition, because under governing law PDIC's license of Microsoft also exhausts its rights under the patents-in-suit, we also included in the Amended Answer a Twelfth Affirmative Defense (Exhaustion). Again, the above affirmative defenses all arise specifically out of the Microsoft Agreement. If FUJIFILM had not included those affirmative defenses in its Amended Answer, then PDIC very likely would now complain that FUJIFILM has sought summary judgment based on defenses not separately alleged in any pleading, even though we discussed these defenses with the Court before and on April 3, and the Court directed Defendants to amend their Answers to make the pleadings complete and to ensure notice of Defendants' positions. *See* Transcript of April 3 conference at 21-22



The Honorable Richard J. Sullivan
May 14, 2014
Page 2

(acknowledging defenses arising from the Microsoft Agreement beyond a license defense and noting that the amendments were a "purely technical" matter).

For each of the four affirmative defenses that FUJIFILM added in its Amended Answer, we also included a counterclaim that advances precisely the same position in the form of a request for declaratory relief.[1]  Such parallel declaratory judgment counterclaims are common place in patent litigation, simply to ensure that the Court retains jurisdiction to reach the merits of the issues in the event a plaintiff voluntarily dismisses its claims.

To the extent PDIC wishes to argue that it needs additional discovery to address the affirmative defenses and/or declaratory judgment counterclaims included in FUJIFILM's Amended Answer, we understand that PDIC will have an opportunity to advance such arguments in its opposition to Defendants' motion for summary judgment.  Accordingly, we will not address such arguments here but will await Defendants' reply brief on the motion for summary judgment.

Respectfully submitted,

*/s/ Steven J. Routh*


Steven J. Routh



cc:     Counsel of Record

---

[1] FUJIFILM asserts the following counterclaims:  Declaratory Judgment of Release and Accord and Satisfaction (Third Counterclaim), Declaratory Judgment of License (Fourth Counterclaim), Damages and Declaratory Judgment for Breach of Covenant Not to Sue (Fifth Counterclaim), and Declaratory Judgment of Exhaustion (Sixth Counterclaim).