IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PRINCETON DIGITAL IMAGE CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HEWLETT-PACKARD COMPANY, ET AL.**<br><br>**Defendants.** | Case No. 12-cv-00779-RJS |

### DECLARATION OF MICHAEL BOTTS IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Michael K. Botts, Esq. declare as follows:

1. I am an attorney admitted to practice in the District of Columbia, and am admitted *pro hac vice* in this case as counsel to Plaintiff Princeton Digital Image Corporation ("Plaintiff" or "PDIC"). I am over twenty-one years of age and am not under any legal disability, and I have either personal knowledge of the facts set forth in this declaration or have investigated the record to determine the facts, and could testify competently to these matters if called to do so.

2. I make this declaration view of the motion for summary judgment filed by Defendants Fujifilm North America Corporation ("Fuji") and Hewlett-Packard Company ("HP") (collectively, "Defendants"), both based on an agreement between PDIC and Microsoft Corporation ("Microsoft Agreement"). The two motions for summary judgment are D.I. 433 and 437, respectively, and will collectively be referred to as "Motion."

3. In support of the Motion, Defendants filed a Memorandum Of Law In Support Of Defendants' Motion For Summary Judgment Of Noninfringement Based On Settlement Agreement Between Plaintiff And Microsoft Corp. (D.I. 444) ("Brief"), as well as Declarations

of certain of Defendants' employees, Masanori Yoshida (DI 436) for Defendant Fuji; and Curt Behrend (DI 438); Paolo Fontani (DI 439); Bradley R. Larson (DI 440) and Jimmie Sato (DI 441). Additionally, Defendants rely on the "Declaration Of Christopher J. Higgins In Support Of Defendants' Motion For Summary Judgment" (D.I. 435), and "Declaration Of Sean C. Cunningham In Support Of Defendant Hewlett-Packard Company's Motion For Summary Judgment Of Noninfringement Based On Settlement Agreement Between Plaintiff And Microsoft Corp." (D.I. 442), each of which purports to identify certain exhibits relied upon by the Defendants in support of the Motion.

4. I declare that on June 26, 2013, I had a teleconference with Patrick Lujin and Jesse Camacho (together "Microsoft counsel"), both of the law firm Shook Hardy & Bacon LLP, then representing Microsoft Corporation ("Microsoft") in the matter styled as *Princeton Digital Image Corporation v. Microsoft Corporation*, Case No. 1:12-cv-1739-LPS (D. Del.) (the "Suit"). The teleconference was in furtherance of settlement of the Suit brought by PDIC against Microsoft.

5. The purpose of the call was to discuss various issues with the draft Settlement Agreement (the "Agreement") between PDIC and Microsoft. During that call, Microsoft's counsel expressed that they wanted to make sure that the Agreement was written in such a way that Microsoft was not called to indemnify any defendant for that defendant's use of a Microsoft product.

6. I explained during that call that PDIC wished to modify the Agreement so that the Agreement was limited to the use of the invention in Microsoft products, and did not include any defendant's infringement that may tangentially involve a Microsoft product.

7. Also during that call, Microsoft's counsel and I discussed two hypothetical examples for the purpose of ensuring that both parties were in accord as to the scope of the Agreement.

One example was: if hypothetical third party Acme used Microsoft products such as, by way of example, Microsoft Expressions and Photo Editor to process its JPEG images, then PDIC could not bring suit against Acme.  A second hypothetical example was: if hypothetical third party Acme wrote its own CODEC, for example, then it could be sued by PDIC, so long as Microsoft was not a necessary part of any infringement contentions.

8. Counsel to the parties agreed during the call that lawsuits against a third party are proper if the infringement contentions can be asserted without the use of a Microsoft product to satisfy a claim element.

9. During that same call, Microsoft's counsel discussed, by way of example, Section 4.3 of the Agreement, which discussed the present lawsuit.  The parties agreed that Section 4.3 required PDIC to dismiss infringement contentions requiring Microsoft products, but otherwise did not prohibit legal claims against Hewlett Packard.

10. Counsel to the parties further agreed that the draft Agreement language first offered to PDIC was problematic in that it did not prohibit at least the possibility that a defendant might argue that a mere use of a Microsoft product anywhere in the defendant's process may be covered by the patent, which could then be used by the defendant to argue either that Microsoft would be a proper party, or that the defendant is released under the Agreement.  Counsel to both parties agreed that this was not a proper reading of the Agreement and that the language of the Agreement had to be modified to prevent such an improper reading of the Agreement.

Executed this 23rd day of May, 2014, in Alexandria, Virginia.

Respectfully Submitted,

*/s/ Michael K. Botts*
Michael K. Botts