# EXHIBIT 3

-1-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD, et al.;<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No. 1:12-cv-779 (RJS) |

**DEFENDANT HEWLETT-PACKARD COMPANY'S NOTICE OF RULE 30(B)(6)**
**DEPOSITION OF PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION**

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Hewlett-Packard Company ("HP") through its undersigned attorneys, will take the oral deposition of Plaintiff Princeton Digital Image Corporation ("PDIC").  The deposition will commence at 9 a.m. on November 12, 2013 at the offices of DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, NY 10020, or at such other time and place as the parties mutually agree.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), PDIC is directed to designate and produce a competent representative to testify on its behalf regarding the information known or reasonably available to PDIC concerning the topics set forth in Exhibit A attached hereto.  HP requests that PDIC provide the names and titles of the person or persons it will designate to give testimony and the topics about which each designated person will testify.

The deposition will continue from day-to-day until completed.  The deposition will be taken before a court reporter or other person authorized by law to administer oaths and will be

-1-

-2-

recorded by stenographic and audio-visual means.  The deposition will be taken for the purposes of discovery, for use in the present suit, for use at trial or a hearing in this case, and for any other purpose permitted under the Federal Rules of Civil Procedure.

                Respectfully Submitted,

Date:  October 22, 2013         By:  */s/ Erin P. Gibson*
         Sean C. Cunningham, Esq. (*pro hac vice*)
         Erin P. Gibson, Esq. (*pro hac vice*)
         DLA Piper LLP (US)
         401 B Street, Suite 1700
         San Diego, CA 92101-4297
         Telephone:  619-699-2700
         Facsimile:  619-699-2701

         Brian Erickson, Esq. (*pro hac vice*)
         Brian.erickson@dlapiper.com
         DLA Piper LLP (US)
         401 Congress Avenue, Suite 2500
         Austin, TX 78701-3799
         Telephone: 512-457-7000
         Facsimile: 512-457-7001

         **Attorneys for Defendant**
         **Hewlett-Packard Company**

# EXHIBIT A

## Definitions

1. "PDIC" means plaintiff Princeton Digital Image Corporation and all predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing, including without limitation Princeton Digital Image Compression LLC.

2. "The '056 patent" means U.S. Patent No. 4,813,056.

3. "The '103 patent" means U.S. Patent No. 4,860,103.

4. "PDIC Patents" means either or both of the '056 patent and the '103 patent, as well as any and all patents or patent applications having any direct or indirect familial relationship with those patents.

## Topics for Deposition

1. The formation of PDIC, including all communications relating to its formation.

2. The present and past organizational structure of PDIC, including all officers, directors and employees.

3. All present and past investments in PDIC, including any capital contributions, shareholder agreements, investor agreements, royalty agreements, revenue-sharing agreements, trust agreements, and the like.

4. The business activities of PDIC.

5. PDIC's acquisition of the PDIC Patents, including all communications between PDIC on the one hand and General Electric Company and/or General Electric Technology

-3-

-4-

Development, Inc. (collectively "GE") on the other concerning the PDIC Patents or any litigation involving the PDIC Patents.

6. The ownership of and chain of title to the PDIC Patents.

7. The negotiation, execution and terms of the Patent Purchase License Agreement dated May 22, 2009 between GE on the one hand and PDIC on the other, including all current and contemplated amendments thereto and all communications related thereto.

8. The Patent Assignment between Princeton Digital Compression LLC and Princeton Digital Image Corporation regarding the Asserted Patents, and all facts, circumstances, and communications related thereto.

9. The identification, responsibility and role of any person(s) holding any interest, financial or otherwise, in PDIC, the PDIC Patents, or the outcome of any litigation involving the PDIC Patents.

10. All communications between PDIC or its counsel and the named inventors of the '056 and '103 patents.

11. All contractual or other relationships between or among PDIC or its counsel and the named inventors of the '056 and '103 patents.

12. All payments or compensation, or contemplated payments or compensation, to the named inventors of the '056 and '103 patents by or on behalf of PDIC.

13. All communications by or on behalf of PDIC with anyone responsible for prosecuting the PDIC Patents before the United States Patent & Trademark Office.

14. All communications between PDIC and British Telecommunications PLC regarding the PDIC Patents.

15. The conception, reduction to practice and diligence of reduction to practice of the alleged inventions claimed in the PDIC Patents.

16. All efforts to commercialize, license, or enforce the PDIC Patents, including any settlement or license negotiations and legal disputes involving the PDIC Patents.

17. All communications with any accused infringers or potential licensees of the PDIC Patents, including any notice provided to third parties of alleged infringement of the PDIC Patents.

18. All compensation received by PDIC, financial or otherwise, related to the PDIC Patents.

19. All formal or informal licensing policies or practices of PDIC related to the PDIC Patents.

20. All valuations of the PDIC Patents or any of the alleged inventions disclosed in the PDIC Patents, including any effort to value or evaluate the PDIC Patents on reasonable and nondiscriminatory ("RAND") terms.

21. All communications by or behalf of PDIC or any predecessor-in-interest to the PDIC Patents with any standard-setting organization about the PDIC Patents.

22. Any allegation or assertion by PDIC or any other party that the PDIC Patents are essential to any industry standard, including all instances in which the PDIC Patents have been compared to an industry standard for the purpose of demonstrating alleged infringement of the PDIC Patents.

23. All patent marking of any products that purportedly practice the PDIC Patents, including any requirement by third parties to mark their products with any of the PDIC Patents.

24. All analyses or investigations related to the alleged infringement, invalidity and/or enforceability of the PDIC Patents.

25. All prior art searches conducted by or on behalf of PDIC related to the PDIC Patents.

26. All noninfringement, claim construction, or invalidity positions relied on or cited by any third party during any discussion or negotiation with PDIC, or any predecessor-in-interest to the PDIC Patents, related to the PDIC Patents.

27. All prior art or potential prior art of which PDIC is aware with respect to the PDIC Patents, including the facts and circumstances related to such knowledge or awareness.

28. The factual basis for each allegation in PDIC's complaint against HP in this lawsuit.

29. The factual basis for each allegation in PDIC's infringement contentions against HP served in this lawsuit.

30. The identification of all HP products that PDIC contends infringe one or more of the claims of the '056 or '103 patents.

31. All efforts by PDIC to meet its obligation to investigate its claim of infringement against HP prior to filing this lawsuit.

32. All money damages PDIC claims to have incurred as a result of HP's alleged infringement and the factual bases for PDIC's claim for damages.

33. All efforts by PDIC to identify, locate and collect documents in this or any other litigation involving the PDIC Patents, including the location and identification of any such documents and all third parties who provided any such documents to PDIC.

34. PDIC's responses to interrogatories served on PDIC in this lawsuit.

35. Any research, testing or analyses performed by or on behalf of PDIC on any HP product.

36. The factual basis for PDIC's contention that the PDIC Patents are not invalid.

-7-

37.	All facts and circumstances related to the reasons for the delay in filing suit against HP following PDIC's (or its predecessors-in-interest) first awareness of HP's alleged infringement of the PDIC Patents.

38.	PDIC's communications with Broadcom regarding the PDIC Patents or any litigation involving the PDIC Patents.

39.	The advantages or benefits of the technology disclosed in the PDIC Patents over the prior art.

40.	Any alleged commercial success, fulfillment of a long felt need in the art, industry failure to solve the problems allegedly solved by the subject matter of the claims, unanticipated results achieved, synergy or copying by others, tributes or accolades, or any other alleged indicator of nonobviousness with respect to the subject matter claimed in the PDIC Patents, including the commercial success of the products and services that PDIC asserts practice the PDIC Patents.

## CERTIFICATE OF SERVICE

I, Erin Gibson, hereby certify that a true and correct copy of **DEFENDANT HEWLETT-PACKARD COMPANY'S NOTICE OF RULE 30(B)(6) DEPOSITION OF PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION** has been sent to PDIC's counsel of record via electronic mail on this 22nd day of October, 2013.

> By: */s/ Erin Gibson*
> Erin P. Gibson, Esq. (*pro hac vice*)
> DLA Piper LLP (US)
> 401 B Street, Suite 1700
> San Diego, CA 92101-4297
> Telephone:  619-699-2700
> Facsimile:  619-699-2701