IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>HEWLETT-PACKARD COMPANY, et al.<br><br>                    Defendants. | Case No. 12-cv-00779-RJS |

**PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S RESPONSE PURSUANT TO LOCAL RULE 56.1(b) TO DEFENDANT HEWLETT –PACKARD COMPANY'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON <u>SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND MICROSOFT CORP.</u>**

Pursuant to Rule 56(1)(b) of this Court's Local Civil Rules, Plaintiff Princeton Digital Image Corporation ("PDIC") respectfully submits the following Response to Defendant Hewlett-Packard Company's ("HP") Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment Based on Settlement Agreement Between Plaintiff and Microsoft Corp. its Motion for Summary Judgment (the "Motion").

**GENERAL OBJECTIONS AND RESERVATIONS**

The following General Objections are incorporated into each specific response below as if fully repeated in each:

1.      PDIC objects to the extent that HP asserts as material uncontested facts matters that have not been the subject of discovery and therefore cannot be relied upon in moving for summary judgment under Fed. R. Civ. Pro. Rule 56.

2. PDIC objects to the extent that HP relied upon New York law as stated in Defendant's Motion.

3. PDIC reserves the right to challenge each statement as to admissibility at trial.

4. Any evidence cited in disputing a statement herein should not be construed as the only evidence of the dispute, and PDIC specifically reserves the right to provide additional evidence as necessary and appropriate.

5. As used herein, the term "Admitted" shall mean that:

    a. With regard to quoted language, PDIC admits that the quote appears in the cited material(s); and

    b. With regard to description of what is in cited material(s), PDIC admits that the descriptions accurately describe some (but not necessarily all) of the information contained in the cited materials.

The term "Admitted" is not to be construed as a concession by PDIC that the statement: (a) is material, (b) is complete, (c) supports the proposition for which it is cited in the Defendants' Brief in Support of the Motion, or (d) would be admissible at trial.

## RESPONSES

**STATEMENT NO. 1:** *On June 28, 2013, Plaintiff Princeton Digital Image Corporation ("PDIC") and Microsoft Corporation ("Microsoft") executed a Settlement and License Agreement (the "Agreement"). HP Exhibit 1.*

**RESPONSE:** Subject to the above General Objections, this statement is Admitted.

**STATEMENT NO. 2:** *Sean O'Kelly, PDIC's lead counsel in this case, negotiated the Agreement for PDIC. HP Exhibit 2, Meagher Depo. at 307:9-22..*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes v. Putnman/N. Westchester Bd. Of Co-op. Educ. Services*, 09-CV-

3063 CS, 2011 WL 1990872, at *2 n.9 (S.D.N.Y. May 19, 2011) *aff'd sub nom. Antunes v. Putnam N. Westchester Bd. Of Co-op Educ. Services*, 482 Fed. Appx. 661 (2nd Cir. 2012) ("I need not consider statements in a Local Rule 56.1 submission that are "legal conclusions in the guise of an undisputed statement of fact.").  Declaration of Michael Botts, ¶¶ 4-10.

**STATEMENT NO. 3:** *Pursuant to Section VI of the Agreement, PDIC received an $800,000 payment from Microsoft in consideration of the releases, licenses and covenants that PDIC granted to Microsoft and the "Microsoft Third Parties" in Sections III, IV and V of the Agreement. HP Exhibit 1; HP Exhibit 2, Meagher Depo. at 319:25-320:8.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 4:** *The Agreement was intended to "completely resolve any PDIC Claim for Relief according to the Terms and Conditions below." HP Exhibit 1, p. 1.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 5:** *Section 1.8 of the Agreement defines "Microsoft Products" as follows:*

> *1.8   "Microsoft Products" means (1) any past, present, or future technology, software, product, equipment, method, or service ("Offering") of Microsoft or any Microsoft Released Party, including without limitation any past, present or future Offering that is made by or for, designed by or*

3

> *for, provided to, provided by or for, obtained from, obtained by or for, purchased from, purchased by or for, sold or offered for sale to, sold or offered for sale by or for, imported or exported to, imported or exported by or for, used by or for, distributed to, distributed by or for, leased to, leased by or for, hosted to, hosted by or for, licensed from, or licensed by or for Microsoft or any Microsoft Released Party and (2) any past, present or future combination, hybrid or aggregation that incorporates or uses any Offering described in 1.8(1) above, including without limitation any use with or combination, hybrid or aggregation with any past, present or future third-party Offering.*

*HP Exhibit 1, p. 2.*

**RESPONSE:**  Subject to the above General Objections, this statement is Admitted.

**STATEMENT NO. 6:**  *Section 1.10 of the Agreement defines "Microsoft Third Parties" as follows:*

> *1.10 "Microsoft Third Parties" means any Entity other than Microsoft, including, for example, Microsoft's customers, suppliers, original device manufacturers, original equipment manufacturers, licensees, hosters, distributors, independent software vendors, and end users.*

*HP Exhibit 1, p. 2.*

**RESPONSE:**  Subject to the above General Objections, this statement is Admitted.

**STATEMENT NO. 7:**  *At all relevant times, HP has been a customer of Microsoft. See HP Declaration of Paolo Fontani ("Fontani Decl."); HP Declaration of Bradley R. Larson ("Larson Decl."); HP Declaration of Curt Behrend ("Behrend Decl.").*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed as it is vague with respect to the term "customer".  This statement is disputed because Messrs. Fontani, Larson and Behrend Yoshida were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1) as knowledgeable on the subject matter of their declarations.  *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the

extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 8:** *Under Section 3.2 of the Agreement, PDIC voluntarily and irrevocably released the Microsoft Third Parties from all Claims for Relief as to the Microsoft Products:*

> *3.2   In consideration for the payment described in Section 6, PDIC and its Affiliates, on behalf of themselves and their predecessors, successors, assigns, heirs, executors, administrators, attorneys, insurers, agents, subcontractors, officers, directors, shareholders, members, and employees, voluntarily and irrevocably release each of the Microsoft Third Parties of and from any and all Claims for Relief, including without limitation for any infringement of the Licensed IP, but only as to Microsoft Products, that the PDIC Releasing Entities have, may have had, might have asserted, may now have or assert, or may hereafter have or assert against the Microsoft Third Parties, or any of them.*

*HP Exhibit 1, p. 3.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 9:** *Under Section 4.2 of the Agreement, PDIC granted the Microsoft Third Parties a worldwide, irrevocable, fully paid-up license for the Microsoft Products. HP Exhibit 1, p. 4.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover,

PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 10:**  *Under Section 5.2 of the Agreement, PDIC covenanted not to sue the Microsoft Third Parties based on the Microsoft Products. HP Exhibit 1, p. 5.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 11:**  *Under Section 4.3 of the Agreement, PDIC agreed to withdraw its infringement contentions relating to the Microsoft Products, including those asserted against HP:*

> *Within ten (10) business days of execution of this Agreement, the PDIC Releasing Entities will withdraw any and all infringement contentions related to the Licensed IP that relate in whole or in part to a Microsoft Product, including without limitation any Microsoft Product-related infringement contentions asserted against Hewlett-Packard ("HP") in Princeton Digital Image Corp. v. Hewlett-Packard, et al., which is currently pending in in [sic] the U.S. District Court for the Southern District of New York and designated 1:12-cv- 779-RJS ("the HP Action").*

*HP Exhibit 1, p. 5; see also HP Exhibit 7 (Agreement required PDIC to withdraw claims against HP products that included Microsoft "software tools").*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9.*  In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 12:** *Under Section 5.3 of the Agreement, HP is a third-party beneficiary of the Agreement "and is entitled to enforce the Licenses, releases, or covenants without joinder of Microsoft." HP Exhibit 1, p. 5.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9.* In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 13:** *Under Section 9.1, PDIC agreed that the Agreement may be pleaded as a complete defense to any action in violation of the terms of the Agreement. HP Exhibit 1, p. 8.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9.* In addition, this statement is disputed to the extent that it purports to interpret the Microsoft Agreement. The Microsoft Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 14:** *Under Section 9.11 of the Agreement, PDIC agreed that any ambiguity would be resolved in favor of finding no liability as to the Microsoft Third Parties in connection with the Licensed IP. HP Exhibit 1, p. 10.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9.* In addition, this statement is disputed to the extent that it purports to interpret the Microsoft Agreement. The Microsoft Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon

7

New York law, because the Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 15:** *PDIC has no evidence outside the PDIC-Microsoft Agreement that would inform the interpretation of any part of the Agreement. HP Exhibit 2, Meagher Depo. at 309:7-13.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  PDIC was involved in negotiations with Microsoft over the Agreement including its terms and provisions.  *See* Botts Declaration, ¶¶ 4-10.

**STATEMENT NO. 16:** *PDIC has no position about whether HP digital cameras, printers and other devices combined with Microsoft software would qualify as "Microsoft Products" under Section 1.8 of the Agreement. HP Exhibit 2, Meagher Depo. at 317:3-10; 312:18-314:15; 318:1-4; 318:13-20; HP Exhibit 3, pp. 5-6; HP Exhibit 4, pp. 6-8; Dkt. No. 423, Hearing Tr. at 7:16-23.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.

**STATEMENT NO. 17:** *PDIC accuses of infringement the following HP products sold between 2004 and 2007: (1) certain models of HP digital cameras; (2) certain HP scanner products (HP laser printers and inkjet printers with scanning capabilities, and a single HP scanner model); and (3) HP's Snapfish photo service. HP Exhibit 5.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.

**STATEMENT NO. 18:** *Each accused HP product qualifies as a "Microsoft Product" under Section 1.8, because each is a combination, hybrid, or aggregation that "incorporates or uses" a Microsoft "Offering." HP Exhibit 1, p. 2; Fontani Decl. ¶¶ 4-10; Larson Decl. ¶¶ 4-11; Behrend Decl. ¶¶ 4-10; HP Declaration of Jimmie Sato ("Sato Decl.") ¶¶ 3-7; HP Exhibits 6, 12.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.

*See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 19:** *Each accused HP product is designed for use with a Microsoft operating system and/or the Microsoft Internet Explorer Web browser. Fontani Decl. ¶ 5; Larson Decl. ¶ 5; Behrend Decl. ¶ 6; Sato Decl. ¶ 3.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 20:** *Each accused HP camera, printer and scanner passed Microsoft's Windows Hardware Quality Lab ("WHQL") testing, which is required for certification by Microsoft and was "an absolute requirement" for HP. Fontani Decl. ¶ 5; Larson Decl. ¶ 5; Behrend Decl. ¶ 6; HP Exhibit 11, Fontani Depo. at 61:8-13.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 21:** *Each accused HP camera, printer and scanner incorporates and uses one or more Microsoft Catalog (".cat") files, which are digitally-signed software files provided by Microsoft that allow the HP accused products to be seamlessly plugged into and operated with a Microsoft operating system. Fontani Decl. ¶¶ 6-10; Larson Decl. ¶¶ 7-11; Behrend Decl. ¶¶ 8-10.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo

Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 22:** *Each accused HP camera, printer and scanner incorporates and uses the Microsoft FAT32 File System, which HP uses as the main internal file system for storage of information on the accused products and which runs in the firmware on the HP accused products. Fontani Decl. ¶ 11; Larson Decl. ¶ 12; Behrend Decl. ¶ 11.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed because it is misleading, as FAT32 file system was disseminated by Microsoft in 2000 and none of Defendants' practices of the inventions use, incorporate or otherwise involve FAT32. *See* Ki Declaration, ¶¶ 24-26.

**STATEMENT NO. 23:** *The Microsoft FAT32 File System helps HP to develop new products by allowing developers to easily exchange files on the device, and it allows camera users to view and download photos from the camera onto a Microsoft Windows PC. Larson Decl. ¶ 12; Fontani Decl. ¶ 11.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed because it is misleading, as FAT32 file system was disseminated by Microsoft in 2000 and none of Defendants' practices of the inventions use, incorporate or otherwise involve FAT32. *See* Ki Declaration, ¶¶ 24-26.

**STATEMENT NO. 24:**  *Since before 2004, HP has used the Microsoft Windows Software Development Kit ("SDK"), which allows HP to develop printer software that works with Microsoft operating systems. Larson Decl. ¶ 6; Behrend Decl. ¶ 7.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 25:**  *Since before 2004, HP has used the Microsoft Windows installer ("MSI installer"), a Microsoft software component used for the installation, maintenance and removal of HP software on Windows PCs. Larson Decl. ¶ 6; Behrend Decl. ¶ 7.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 26:**  *The HP Snapfish service was designed to be used with the Microsoft Internet Explorer Web browser. Sato Decl. ¶ 3.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶¶7, 35-37.

**STATEMENT NO. 27:**  *In the 2004 through 2007 timeframe, the vast majority of users accessed Snapfish through the Microsoft Internet Explorer Web browser, so it was critical that Snapfish beable to operate seamlessly with Internet Explorer.  Sato Decl. ¶ 3.*

11

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1).  *See* Pazuniak Declaration, ¶¶7, 35-37.

**STATEMENT NO. 28:**  *In the 2004 through 2007 timeframe, much of Snapfish's supporting infrastructure ran on Microsoft Windows servers.  Sato Decl. ¶ 4.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1).  *See* Declaration of George Pazuniak, ¶7.

This statement is disputed because this statement is misleading.  Catalog files from Microsoft are not included on the FNA digital camera products but are instead executed on a Microsoft Windows Operating system.  *See* Declaration of Spiros Mancordis, ¶¶9, 14.

**STATEMENT NO. 29:**  *Since at least 2004, Snapfish has used Microsoft's ActiveX technology as the primary software application to upload images and photos.  Sato Decl. ¶ 5.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1).  *See* Pazuniak Declaration, ¶¶7, 35-37.

**STATEMENT NO. 30:**  *Starting in July 2005, Snapfish was designated to be used with Microsoft Windows XP Print Wizard.  Sato Decl. ¶ 6.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1).  *See* Pazuniak Declaration, ¶¶7, 35-37.

**STATEMENT NO. 31:**  *Starting in 2006, Snapfish engineers developed and released a new client software application called HP Picture Mover, which was designed to be downloaded and run on Microsoft Windows PCs.  Sato Decl. ¶ 7.*

**RESPONSE:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard.  *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1).  *See* Pazuniak Declaration, ¶¶7, 35-37.

Dated:  Wilmington, Delaware
        May 23, 2014

Respectfully submitted,

O'KELLY ERNST & BIELLI, LLC

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly, Esquire
O'Kelly Ernst & Bielli, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Counsel for Princeton Digital Image Corporation*