**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

PRINCETON DIGITAL IMAGE CORPORATION,

Plaintiff,

v.

HEWLETT-PACKARD COMPANY, et al.

Defendants.

Case No. 12-cv-00779-RJS

**PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S RESPONSE PURSUANT TO LOCAL RULE 56.1(b) TO DEFENDANT FUJIFILM NORTH AMERICA CORPORATION'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND MICROSOFT CORP.**

Pursuant to Rule 56(1)(b) of this Court's Local Civil Rules, Plaintiff Princeton Digital Image Corporation ("PDIC") respectfully submits the following Response to Defendant Fujifilm North America Corporation's ("Fuji" or "FNA") Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment Based on Settlement Agreement Between Plaintiff and Microsoft Corp. its Motion for Summary Judgment (the "Motion").

## GENERAL OBJECTIONS AND RESERVATIONS

The following General Objections are incorporated into each specific response below as if fully repeated in each:

1. PDIC objects to the extent that Fuji asserts as material uncontested facts matters that have not been the subject of discovery and therefore cannot be relied upon in moving for summary judgment under Fed. R. Civ. Pro. Rule 56.

2. PDIC objects to the extent that Fuji relied upon New York law as stated in Defendant's Motion.

3. PDIC reserves the right to challenge each statement as to admissibility at trial.

4. Any evidence cited in disputing a statement herein should not be construed as the only evidence of the dispute, and PDIC specifically reserves the right to provide additional evidence as necessary and appropriate.

5. As used herein, the term "Admitted" shall mean that:

a. With regard to quoted language, PDIC admits that the quote appears in the cited material(s); and

b. With regard to description of what is in cited material(s), PDIC admits that the descriptions accurately describe some (but not necessarily all) of the information contained in the cited materials.

The term "Admitted" is not to be construed as a concession by PDIC that the statement: (a) is material, (b) is complete, (c) supports the proposition for which it is cited in the Defendants' Brief in Support of the Motion, or (d) would be admissible at trial.

**RESPONSES**

**STATEMENT NO. 1:** *Princeton Digital Image Corporation ("PDIC") entered into an agreement with Microsoft Corporation on June 28, 2013 ("Microsoft Agreement"). PDIC0023158-23172.*

**RESPONSE:** Subject to the above General Objections, this statement is Admitted.

**STATEMENT NO. 2:** *The Microsoft Agreement grants a license to and releases any "Microsoft Third Party" (as defined in Section 1.10 of the Microsoft Agreement) from any and all claims for relief as to any and all "Microsoft Products".* Id.

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or

disregard. *See, e.g., Antunes v. Putnman/N. Westchester Bd. Of Co-op. Educ. Services*, 09-CV-3063 CS, 2011 WL 1990872, at *2 n.9 (S.D.N.Y. May 19, 2011) *aff'd sub nom. Antunes v. Putnam N. Westchester Bd. Of Co-op Educ. Services*, 482 Fed. Appx. 661 (2nd Cir. 2012) ("I need not consider statements in a Local Rule 56.1 submission that are "legal conclusions in the guise of an undisputed statement of fact."). In addition, this statement is disputed to the extent that it purports to interpret the Microsoft Agreement. The Microsoft Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Microsoft Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 3:** *"Microsoft Products" is defined in Section 1.8 of the Microsoft Agreement to include any product that incorporates or uses any Offering (as defined in Section 1.8(1)) of Microsoft. Id.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Microsoft Agreement. The Microsoft Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Microsoft Agreement is governed by Washington law according to its own terms.

**STATEMENT NO. 4:** *The accused FNA digital camera products display the "Designed For Microsoft Windows XP" logo.* See, e.g., *FUJIFILM-PDIC-0001229-1507; 36631-37318; 94248-97054; 250744-250847; 277017-277126; 554340-554519; 2046461-2046624; 2051567-2051697; 2051698-2051829; 2114402-2114469.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed.

**STATEMENT NO. 5:** *The accused FNA digital camera products were certified through Microsoft Windows Hardware Quality Lab ("WHQL") testing. Declaration of Masanori*

*Yoshida, ¶ 8, citing FUJIFILM-PDIC-2273353; 0063771; 0063803; 0063808; 0063809; 0464889; 1377079; 1377089; 1377091; 1377092; 2183195; 2183203.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed.

**STATEMENT NO. 6:** *The accused FNA digital camera products include at least one catalog (.cat) file from Microsoft. Declaration of Masanori Yoshida ¶ 12.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Declaration of George Pazuniak, ¶7.

This statement is disputed because this statement is misleading and/or incorrect. Catalog files from Microsoft are not included on the FNA digital camera products but are instead executed on a Microsoft Windows Operating system. *See* Declaration of Spiros Mancordis, ¶¶9, 14.

**STATEMENT NO. 7:** *The accused FNA digital camera products include one or more executable files from Microsoft that are related to USB drivers.* Id. *at ¶ 13*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

This statement is disputed because this statement is misleading and/or incorrect. Executable files from Microsoft are not included on the FNA digital camera products but are instead executed on a Microsoft Windows Operating system. *See* Mancordis Declaration, ¶¶9 - 11.

**STATEMENT NO. 8:** *The accused FNA digital camera products incorporate the Microsoft FAT32 file system.* Id. *at ¶¶ 5-7.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9.* This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed because it is misleading, as FAT32 file system was disseminated by Microsoft in 2000 and none of Defendants' practices of the inventions use, incorporate or otherwise involve FAT32. *See* Declaration of Omid Kia, ¶¶ 24-26.

**STATEMENT NO. 9:** *The accused FNA digital camera products include Microsoft's Windows Media Player.* Id. *at ¶ 14.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 10:** *The accused FNA scanner products were designed to and incorporated drivers to operate with the Microsoft Windows XP operating system.* See, e.g., *FUJIFILM-PDIC-2457123-2457145; 2332648-2332756.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**STATEMENT NO. 11:** *The accused FNA products incorporate or use one or more "Offerings" of Microsoft, as that term is described in Section 1.8(1) of the Microsoft Agreement. Declaration of Masanori Yoshida; Paragraphs 3-11 above.*

**RESPONSE:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

Dated: Wilmington, Delaware
May 23, 2014

Respectfully submitted,

O'KELLY ERNST & BIELLI, LLC

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly, Esquire
O'Kelly Ernst & Bielli, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Counsel for Princeton Digital Image Corporation*