IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>     Plaintiff,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY, et al.<br><br>     Defendants. | Case No. 12-cv-00779-RJS |

**PLAINTIFF PRINCETON DIGITAL IMAGE CORPORATION'S RESPONSE PURSUANT TO LOCAL RULE 56.1(b) TO DEFENDANT HEWLETT –PACKARD COMPANY'S STATEMENT OF MATERIAL FACTS  NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON <u>SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND MICROSOFT CORP.</u>**

Pursuant to Rule 56(1)(b) of this Court's Local Civil Rules, Plaintiff Princeton Digital Image Corporation ("PDIC") respectfully submits the following Response to Defendant Hewlett-Packard Company's ("HP") Statement of Material Facts Not in Dispute in Support of Defendants' Motion for Summary Judgment Based on Settlement Agreement Between Plaintiff and Microsoft Corp. its Motion for Summary Judgment (the "Motion").

**GENERAL OBJECTIONS AND RESERVATIONS**

The following General Objections are incorporated into each specific response below as if fully repeated in each:

1.  PDIC objects to the extent that HP asserts as material uncontested facts matters that have not been the subject of discovery and therefore cannot be relied upon in moving for summary judgment under Fed. R. Civ. Pro. Rule 56.

2. PDIC objects to the extent that HP relied upon New York law as stated in Defendant's Motion.

3. PDIC reserves the right to challenge each statement as to admissibility at trial.

4. Any evidence cited in disputing a statement herein should not be construed as the only evidence of the dispute, and PDIC specifically reserves the right to provide additional evidence as necessary and appropriate.

5. As used herein, the term "Admitted" shall mean that:

   a. With regard to quoted language, PDIC admits that the quote appears in the cited material(s); and

   b. With regard to description of what is in cited material(s), PDIC admits that the descriptions accurately describe some (but not necessarily all) of the information contained in the cited materials.

The term "Admitted" is not to be construed as a concession by PDIC that the statement: (a) is material, (b) is complete, (c) supports the proposition for which it is cited in the Defendants' Brief in Support of the Motion, or (d) would be admissible at trial.

## RESPONSES

**RESPONSE TO STATEMENT NO. 1:** Subject to the above General Objections, this statement is Admitted.

**RESPONSE TO STATEMENT NO. 2:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes v. Putnman/N. Westchester Bd. Of Co-op. Educ. Services*, 09-CV-3063 CS, 2011 WL 1990872, at *2 n.9 (S.D.N.Y. May 19, 2011) *aff'd sub nom. Antunes v. Putnam N. Westchester Bd. Of Co-op Educ. Services*, 482 Fed. Appx.

661 (2nd Cir. 2012) ("I need not consider statements in a Local Rule 56.1 submission that are "legal conclusions in the guise of an undisputed statement of fact."). Declaration of Michael Botts, ¶¶ 4-10.

**RESPONSE TO STATEMENT NO. 3:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 4:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 5:** Subject to the above General Objections, this statement is Admitted.

**RESPONSE TO STATEMENT NO. 6:** Subject to the above General Objections, this statement is Admitted.

**RESPONSE TO STATEMENT NO. 7:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court

should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed as it is vague with respect to the term "customer". This statement is disputed because Messrs. Fontani, Larson and Behrend Yoshida were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1) as knowledgeable on the subject matter of their declarations. *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 8:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 9:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement. The Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 10:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 11:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 12:**  Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  In addition, this statement is disputed to the extent that it purports to interpret the Agreement.  The Agreement says what it says.  Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 13:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion,

which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Microsoft Agreement. The Microsoft Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 14:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. In addition, this statement is disputed to the extent that it purports to interpret the Microsoft Agreement. The Microsoft Agreement says what it says. Moreover, PDIC disputes this statement to the extent this statement relied upon New York law, because the Agreement is governed by Washington law according to its own terms.

**RESPONSE TO STATEMENT NO. 15:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. PDIC was involved in negotiations with Microsoft over the Agreement including its terms and provisions. *See* Botts Declaration, ¶¶ 4-10.

**RESPONSE TO STATEMENT NO. 16:** Subject to the above General Objections, this statement is disputed.

**RESPONSE TO STATEMENT NO. 17:** Subject to the above General Objections, this statement is disputed. This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.

**RESPONSE TO STATEMENT NO. 18:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**RESPONSE TO STATEMENT NO. 19:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**RESPONSE TO STATEMENT NO. 20:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**RESPONSE TO STATEMENT NO. 21:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**RESPONSE TO STATEMENT NO. 22:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is

disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed because it is misleading, as FAT32 file system was disseminated by Microsoft in 2000 and none of Defendants' practices of the inventions use, incorporate or otherwise involve FAT32. *See* Ki Declaration, *¶¶* 24-26.

**RESPONSE TO STATEMENT NO. 23:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

In addition, this statement is disputed because it is misleading, as FAT32 file system was disseminated by Microsoft in 2000 and none of Defendants' practices of the inventions use, incorporate or otherwise involve FAT32. *See* Kia Declaration, *¶¶* 24-26.

**RESPONSE TO STATEMENT NO. 24:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**RESPONSE TO STATEMENT NO. 25:** Subject to the above General Objections, this statement is disputed. This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶7.

**RESPONSE TO STATEMENT NO. 26:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶¶7, 35-37.

**RESPONSE TO STATEMENT NO. 27:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*. This statement is disputed because Paolo Fonatani, Bradley Larson, and Jimmie Sato were not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶¶7, 35-37.

**RESPONSE TO STATEMENT NO. 28:**  Subject to the above General Objections, this statement is disputed.  This statement is vague and consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Declaration of George Pazuniak, ¶7.

This statement is disputed because this statement is misleading.  Catalog files from Microsoft are not included on the FNA digital camera products but are instead executed on a Microsoft Windows Operating system.  *See* Declaration of Spiros Mancordis, ¶¶9, 14.

**RESPONSE TO STATEMENT NO. 29:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at \*2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶¶7, 35-37.

9

**RESPONSE TO STATEMENT NO. 30:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*.  This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1). *See* Pazuniak Declaration, ¶¶7, 35-37.

**RESPONSE TO STATEMENT NO. 31:**  Subject to the above General Objections, this statement is disputed.  This statement consists of an improper legal conclusion, which the Court should strike or disregard. *See, e.g., Antunes, 2011 WL 1990872 at *2 n.9*. This statement is disputed because Masanori Yoshida was not disclosed to PDIC under Fed.R.Civ.P. Rule 26(a)(1).  *See* Pazuniak Declaration, ¶¶7, 35-37.

Dated:  Wilmington, Delaware
　　　　May 27, 2014

Respectfully submitted,

O'KELLY ERNST & BIELLI, LLC

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly, Esquire
O'Kelly Ernst & Bielli, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 (facsimile)
sokelly@oeblegal.com

*Counsel for Princeton Digital Image Corporation*