

ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, N.W.
WASHINGTON, D.C.  20005-1706

tel  +1-202-339-8400
fax +1-202-339-8500

WWW.ORRICK.COM

May 30, 2014

**VIA E-MAIL**

Steven J. Routh
(202) 339-8509
srouth@orrick.com

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, New York 10007

Re:   *Princeton Digital Image Corporation v. Hewlett-Packard Co., et al.*, Case No. 12 Civ. 0779

Dear Judge Sullivan:

We write to address three issues relating to Defendants' pending motions for summary judgment.

First, Defendants FUJIFILM North America Corporation ("FNA") and Hewlett-Packard Company ("HP") jointly request an enlargement of the page limit from 10 to 15 pages for Defendants' Reply, which is due to be filed on June 3, 2014.  The additional pages are required respond to the inaccurate statements in the Opposition Memorandum and supporting papers filed by Princeton Digital Image Corporation ("PDIC"), which total 58 pages exclusive of exhibits.  In addition, because Defendants filed a consolidated Summary Judgment Motion, FNA and HP must address all issues in half the number of pages that would have been allotted if they had filed separate motions, even though FNA and HP must present different facts and arguments separately on a number of points.  We contacted PDIC's counsel yesterday morning regarding this request, and they informed us this afternoon that PDIC objects to the request.

Second, Defendants intend to submit as an exhibit to their Reply one or more license agreements entered into between PDIC and third parties other than Microsoft.  Defendants hereby seek leave to file any such agreements under seal, given PDIC's designation of the documents as "CONFIDENTIAL-ATTORNEY EYES ONLY" ("C-AEO").  Under Section 9 of the Protective Order, documents designated C-AEO by one of the parties "may be filed as sealed documents with this Court."  In addition, because Defendants' request is narrowly tailored, and will NOT require the Reply itself to be filed under seal, this request is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  *Lugosch*'s presumption of public access is rebutted here because the agreement(s) in question relate to patents that expired seven years ago.  *Id.* at 123.  The public, which can no longer be sued on the expired patents has little or no interest the contents of the license agreement.  *Id.*  In addition, confidentiality designations, such as the ones placed on the agreements in question, are factors that may support sealing under *Lugosch*.  *Id.* at 126.  For these reasons, Defendants request permission to file an exhibit containing one or more PDIC license agreements under seal.



The Honorable Richard J. Sullivan
May 30, 2014
Page 2

Third, FNA respectfully requests relief from Paragraph 2.H of the Court's Individual Rules of Practice ("[e]ach exhibit" offered in support of any motion "is limited to fifteen pages"), and for guidance on how best to assist the Court in light of the following circumstances:  In support of its Motion for Summary Judgment, FNA relied on User Manuals and various other documents that FNA had previously produced to PDIC in discovery.  In doing so, FNA's moving papers specifically identified the "bates numbers" for the documents, so that PDIC could identify and review the entire document as well as specific pages relied on in FNA's motion papers.  Because many of those documents are longer than 15 pages, however, FNA included only limited excerpts as exhibits to the motion papers.  Similarly, Defendants' motion papers reference certain source code for accused FNA products, all of which was produced to PDIC and inspected by its counsel in June 2013.  Because the source code documents are voluminous, however, we did not file complete copies with Defendants' motion papers, as doing so would have violated Paragraph 2.H.  Instead, we included as exhibits excerpts of the source code documents to confirm the precise documents under discussion.

In opposing Summary Judgment, PDIC argued that FNA failed to filed with the Court complete supporting documents and source code files as exhibits to the motion papers.  *See* PDIC Answering Brief in Opposition at 4, 22 (asserting that FNA failed to provide the Court with "source code and other technical documentation" and withheld "the most critical documents"); Declaration of George Pazuniak (Doc. 455) at ¶ 14.   As indicated above, however, PDIC received in discovery the technical documentation relied on by FNA during discovery, and PDIC inspected and obtained copies of all portions of FNA's source code requested by PDIC.  If it would be useful to the Court, and with the Court's permission, FNA will file under seal or otherwise submit to the Court for its inspection fuller excerpts of the source code and other technical documentation referenced in FNA's motion papers.  Although PDIC has not identified any disputed issues relating to the content of the above-referenced documents, we would welcome the opportunity to put before the Court a more complete record of the documents relied on by FNA in support of its Motion for Summary Judgment.

We appreciate your attention to the foregoing matters.

Respectfully submitted,

*/s/ Steven J. Routh*

Steven J. Routh

cc:     Counsel of Record