# O'KELLY ERNST & BIELLI, LLC

Robert R. Axenfeld, Esquire
raxenfeld@oeblegal.com
Direct: (215) 600-1347

1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Fax: (215) 525-9648

June 2, 2014

*Via Email and ECF*

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

> Re:   *Princeton Digital Image Corp. v. HP et al.,* **12 Civ. 779 (RJS)**

Dear Judge Sullivan:

Plaintiff Princeton Digital Image Corporation ("PDIC") responds to Defendants' May 30, 2014 letter [Doc. 462] as follows:

**1. Page-Limit Extension**. Defendants asked for an extension of five pages to their Reply Brief in support of Defendants' Motion for Summary Judgment. Local Rule 2.B provides that all "reply memoranda are limited to *10 pages*" in length, excluding appendices and references. Defendants' extension request is for an additional 50% more pages than is allotted for an entire reply. This is an exorbitant amount of pages, and is prejudicial to PDIC.

PDIC complied with Your Honor's Individual Practice Section 2.B when PDIC squeezed its only voice in opposition to both Defendants' summary judgment motion into 25 pages, despite many half-truths and inaccuracies in Defendants' Opening Brief and Declarations. This is Defendants' motion — they raised the issues they wished to be heard on in their opening brief. For Defendants to complain now that they need more pages (50% more) to respond to PDIC's opposition brief to their own motion is a ham-handed attempt to paint themselves as victims of this Court's rules. These rules ought to be applied equally to Defendants and PDIC, notwithstanding Defendants' complaints to the contrary.

Moreover, Defendants' reasons provided in support of extending the page limit are vague at best. Indeed, it appears that Defendants' alleged page-limit issues are of their own making, by raising many factual and legal issues in their initial brief that were never disclosed to PDIC, until after fact discovery closed. Some were raised by Defendants for the first time in their Summary Judgment motion.

Thus, PDIC was restricted to 25 pages, and complied with Your Honor's Individual Practice Section 2.B when PDIC filed its Opposition. It would be unfair and prejudicial to allow Defendants almost twice the number of pages allotted in a reply.

The Honorable Richard J. Sullivan
June 2, 2014
Page 2 of 3

**2. License Agreements with Third Parties**. First, PDIC agrees with Defendants that these settlements and licenses with third parties should be filed under seal. These agreements are not subject of the present motion or litigation, and contain confidential financial and business information of PDIC, and third parties. Accordingly, these Agreements are not "judicial documents" to which the presumption of public access applies. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir.2006).

Further, this Court "has supervisory power over its own records and files" and may refuse to permit its files to serve as source of business information that might harm a litigant's competitive standing." *See Nixon v. Warner Communications*, 435 U.S. 589, 597–8 (1978). All settlement and licensing agreements that PDIC enters contain confidentiality provisions expressly requiring the parties to keep its terms confidential. PDIC fears that revealing financial terms and other details from other settlements may harm PDIC's position in licensing efforts with prospective licensees, and in other settlement negotiations. This may negatively impact PDIC's ongoing licensing efforts. Moreoever, other third parties may fear that the confidential terms and conditions will simply be revealed in litigation, despite the protected nature of a document under a Protective Order. The chilling effect of that alone is incalculable.

PDIC, therefore, requests that these third-party agreements be filed under seal, and if any terms or provisions from these agreements are revealed in Defendants' reply that these terms and/or provisions be redacted.

**3. Alleged Source Code**. Fujifilm asks to supply exhibits exceeding 15 pages in its reply relating to alleged "source code and other technical documentation" associated with computer files (e.g., .exe, .cat. .dll, etc.) referenced in Fujifilm's Declarations of Higgins, and Yoshida. PDIC objects to allowing Fujifilm to file "a more complete record" for the Court.

First, Fujifilm was obligated in its initial moving papers — not its reply — to provide evidence supporting its motion for summary judgment. *See Aurora Loan Services, Inc. v. Posner, Posner & Assoc. P.C.* 513 F. Supp.2d 18 (S.D.N.Y. 2007) (new documents added to moving party's reply on motion for summary judgment would be stricken where documents had been available at time original motion was filed); *Bravia Captial Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013). Fujifilm made no effort to link alleged files listed in the Yoshida Declaration with alleged documents having Bates numbers in Fujifilm's initial-moving papers. Fujifilm should not be granted permission to cure the deficiencies now.

Furthermore, PDIC will have no opportunity to reply to Fujifilm's new exhibits (i.e., "a more complete record"), which should have been disclosed in Fujifilm's initial-moving papers — not a final reply. *See Aurora Loan Services, Inc.* and *Bravia Captial Partners, Inc.* This is highly prejudicial to PDIC.

Second, PDIC reserves all objections under FRCP 26 and 37 pertaining to the testimony of Fujifilm's Yoshida, and the right to take further discovery under FRCP 56(d). *See* PDIC's

O'KELLY ERNST & BIELLI, LLC

The Honorable Richard J. Sullivan
June 2, 2014
Page 3 of 3

Opposition brief, and the Declaration of George Pazuniak. For instance, Yoshida was never disclosed, in anyway whatsoever, during fact discovery.

Respectfully submitted,

/s/ Robert R. Axenfeld

Counsel for Princeton Digital Image Corp.

Copy to: All Counsel of Record