IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD, et al.;<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No. 1:12-cv-779 (RJS)<br><br>**ORAL ARGUMENT REQUESTED** |

**SUPPLEMENTAL DECLARATION OF SEAN C. CUNNINGHAM IN SUPPORT OF DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT BASED ON SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND MICROSOFT CORP.**

I, Sean C. Cunningham, hereby declare as follows:

1.  I am a partner at the law firm of DLA Piper LLP (US) and am lead counsel for Defendant Hewlett-Packard Company ("HP") in this litigation. I have personal knowledge of the facts set forth in this declaration and could testify competently to these matters if called to do so. I am providing this Supplemental Declaration to correct several misstatements made by PDIC in opposing Defendants' motion for summary judgment.

2.  PDIC states: "HP failed to disclose anything relating to its apparent reliance on FAT32 files in discovery whatsoever." Opp. at 14. This is not correct. HP produced more than 230 documents to PDIC in this litigation that refer HP's use of the Microsoft FAT32 File System, including the document attached as HP Exhibit 12 to my initial declaration.

3.  PDIC states: "Bradley R. Larson (DI 440) was disclosed only on the last day of discovery, February 6, 2014...." Opp. at 22. This is not correct. HP disclosed Brad Larson in

its first Initial Disclosure Statement served on May 10, 2011 as being knowledgeable about the "design, structure, function and operation of accused HP laser multi-function printers," which is the subject of his declaration. At the same time, HP disclosed Curt Behrend as knowledgeable about the "design, structure, function and operation of accused HP inkjet all-in-one printers," which is the subject of his declaration.

4. PDIC states: "Paolo Fontani (DI 439) was disclosed for the first time on December 31, 2013, five weeks before discovery cut-off, but NOT as a person with knowledge of the subject matter of his declaration." In fact, HP disclosed Mr. Fontani as a person with knowledge of the subject of his declaration; namely the "design, structure, function and operation of accused OEM cameras."

5. PDIC states that Jimmie Sato was not disclosed. However, in its first Initial Disclosure Statement in May 2011, HP disclosed three Snapfish witnesses, Manas Chaliha, Pieter van Zee and Ralph Morales. Mr. Sato now holds the job Mr. Chaliha held at that time. PDIC did not seek to conduct any depositions of HP Snapfish personnel.

6. The following exhibits cited by PDIC were not produced in discovery: Exhibit 1 attached to PDIC's Opposition; Exhibits A and B attached to the Declaration of Spiros Mancoridis; and Exhibit 4 attached to the Declaration of George Pazuniak.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 3, 2014 in San Diego, California.

_____
Sean C. Cunningham