IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>HEWLETT-PACKARD, et al.;<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No. 1:12-cv-779 (RJS)<br><br>**ORAL ARGUMENT REQUESTED** |

**DECLARATION OF SEAN C. CUNNINGHAM IN SUPPORT OF DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT BASED ON SETTLEMENT AGREEMENT BETWEEN <u>PLAINTIFF AND MICROSOFT CORP.</u>**

I, Sean C. Cunningham, hereby declare as follows:

  1.  I am a partner at the law firm of DLA Piper LLP (US) and am lead counsel for Defendant Hewlett-Packard Company ("HP") in this litigation. I have personal knowledge of the facts set forth in this declaration and could testify competently to these matters if called to do so.

  2.  Attached as HP Exhibit 1 is a true and correct copy of the June 28, 2013 Settlement and License Agreement entered into between Plaintiff Princeton Digital Image Corporation ("PDIC") and Microsoft Corporation (the "PDIC-Microsoft Agreement"). Pursuant to the Court's Order dated April 24, 2014, this document is filed **UNDER SEAL**, and a redacted version is attached to the public version of this declaration.

  3.  Attached as HP Exhibit 2 is a true and correct copy of excerpts from the November 20, 2013 deposition of PDIC's corporate representative, Thomas Meagher. Pursuant

WEST\247948746.1
327492-000155

to the Court's Order dated April 24, 2014, this transcript is filed **UNDER SEAL**, and a redacted version is attached to the public version of this declaration.

4. Attached as HP Exhibit 3 is a true and correct copy of excerpts from PDIC's February 6, 2014 Objections and Responses to HP's First Set of Interrogatories, in particular PDIC's objections to HP's Interrogatory No. 2.

5. Attached as HP Exhibit 4 is a true and correct copy of excerpts from PDIC's February 24, 2014 First Supplemental Responses to HP's First Set of Interrogatories, in particular PDIC's supplemental response to HP's Interrogatory No. 2.

6. Attached as HP Exhibit 5 is a true and correct copy of a January 16, 2014 letter from my partner, Erin Gibson, to PDIC's counsel, and PDIC's January 22, 2014 response. In his response, PDIC's counsel states: "And PDIC is still accusing HP's Photosmart digital still camera products, scanning products, and Snapfish services and/or products of patent infringement."

7. Attached as HP Exhibit 6 is a true and correct copy of document from HP's files entitled "Snapfish XP Print." This document was produced to PDIC's counsel July 1, 2011 bearing Bates numbers HP0158925-932.

8. Attached as HP Exhibit 7 is a true and correct copy of PDIC's July 19, 2013 letter to the Court discussing the application of the PDIC-Microsoft Agreement.

9. Attached as HP Exhibit 8 is a true and correct copy of an excerpt from HP's December 31, 2013 Supplemental Disclosure Statement.

10. Attached as HP Exhibit 9 is a true and correct copy of HP's January 6, 2014 Sixth Supplemental Responses to PDIC's First Set of Interrogatories, in particular HP's supplemental response to Interrogatory No. 13 relating to HP's defenses, including its contentions related to its

license defense based on the PDIC-Microsoft Agreement. Pursuant to the Court's Order dated April 24, 2014, this document is filed **UNDER SEAL**, and a redacted version is attached to the public version of this declaration.

11. Attached as HP Exhibit 10 is a true and correct copy of excerpts from the January 30, 2014 deposition of HP corporate representative Bradley R. Larson.

12. Attached as HP Exhibit 11 is a true and correct copy of excerpts from the February 4, 2014 deposition of HP corporate representative Paolo Fontani.

13. Attached as HP Exhibit 12 is a true and correct copy of a document from HP's files entitled "VC 2007 series Digital Cameras – Design Document – HP Photosmart M437 and M537." This document was produced to PDIC's counsel on or about July 1, 2011 bearing Bates numbers HP0330188-HP0330322. HP produced more than 230 documents to PDIC in this litigation that refer HP's use of the Microsoft FAT32 File System.

14. On or about September 26, 2011, HP offered its accused products for inspection by PDIC. Each of those products incorporates Microsoft .cat software files and the Microsoft FAT32 File System, among other things.

15. On or about October 24, 2013, my partner Brian Erickson at DLA Piper LLP (US) had a telephone conversation with PDIC's counsel at the time, Diana Sangalli of Duane Morris LLP. Mr. Erickson asked whether HP's counsel could share a copy of the PDIC-Microsoft Agreement with in-house counsel for HP. Mr. Erickson specifically informed PDIC's counsel that the purpose of sharing the PDIC-Microsoft Agreement was HP's license defense based on that Agreement.

16. In January 2014, my partner Erin Gibson called counsel for PDIC to discuss deposition scheduling. Ms. Gibson informed counsel for PDIC that depositions they had noticed

for "retail publishing solutions" had nothing to do with Snapfish. She told counsel for PDIC that Snapfish was different, and those witnesses were located in San Francisco. However, PDIC never noticed a deposition of any Snapfish personnel, under either 30(b)(1) or 30(b)(6).

17.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 25, 2014 in San Diego, California.

_____
Sean C. Cunningham